JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
NICOLA T. HANNA
United States Attorney
DEBRA D. FOWLER VSB #30574
Debra.Fowler@usdoj.gov
Senior Aviation Counsel
Alan D. Mattioni PA #64259
Senior Aviation Counsel
Alan.Mattioni@usdoj.gov
Torts Branch, Civil Division
U.S. Department of Justice
Post Office Box 14271
Washington, DC 20044-4271
Phone: (202) 616-4025
Fax: (202) 616-4002

Attorneys for United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BRYANT, Individually, and as Successor in Interest to KOBE BRYANT, Deceased; VANESSA BRYANT, as Successor in Interest to GB, a minor, deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; BB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; and CB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT;<br><br>            Plaintiffs,<br><br>vs. | Case No.:<br><br>**NOTICE OF REMOVAL** |

1

United States' Notice of Removal

| | |
|---|---|
| ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation; and DOE 1, as Personal representative of and/or Successor in Interest to ARA GEORGE ZOBAYAN, a California resident, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; and ISLAND EXPRESS HOLDING CORP., a California Corporation, | )<br>)<br>)<br>)<br>) |
| Cross-Complainants, | ) |
| vs. | )<br>) |
| KYLE LARSEN, Individually; MATTHEW CONLEY, individually; and ROES 1 through 50, | )<br>)<br>)<br>) |
| Cross-Defendants. | )<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1442, 1446 and 2679(d)(2), the United States of America hereby removes this action to this Honorable Court and substitutes itself as the Third-Party Defendant in place of two individually-named Cross-Defendants who were federal employees acting within the scope of their employment at the time of their alleged negligence. Grounds for removal are as follows:

This action was originally filed in the Superior Court of the State of California, County of Los Angeles, and assigned case number 20STCV07492 (LEAD Case Related to Cases: 20STCV14963, 20SCTV14973, and 20STCV17897). Defendants Island Express Helicopters Inc. and Island Express Holding Corp. (collectively referred to as IEX) subsequently initiated Cross-Complaints against two federal employees in their individual capacities. Copies of the process and pleadings served upon Matthew Conley are attached as: Exhibit Ex. A, Summons, Ex. B, IEX Cross-Complaint, Ex. C, Plaintiffs' First Amended Complaint, Ex. D, IEX Answer to First Amended Complaint and Ex. E, ADR package. Copies of the process and pleadings served upon Kyle Larsen are attached as: Ex. F, Summons, Ex. G, IEX Cross-Complaint, Ex. H, Plaintiffs' First Amended Complaint, Ex. I, IEX Answer to First Amended Complaint and Ex. J, ADR package. Service was made upon Cross-Defendant Conley on September 1, 2020 and upon Cross-Defendant Larsen on September 2, 2020. *See* Ex. K, Conley Proof of Service and Ex. L, Larsen Proof of Service.

These cases arise out of the crash of a Sikorsky S76 helicopter, registration number N72EX, near Calabasas, California on January 26, 2020 which killed all nine persons on board. The Cross-Complaints allege that Cross-Defendants, employees of the Federal Aviation Administration, who provided air traffic control services to the pilot of the accident helicopter, were negligent in the performance

of their duties and responsibilities, and that they are liable to Cross-Complainants for indemnity and declaratory relief.  Cross-Complainants admit and, in fact, allege the Cross-Defendants "were acting in the course and scope of their employment as Air Traffic Controllers for the Southern California TRACON ("SOCAL"), a Federal Aviation Administration Terminal Radar Approach Control Facility, at all times relevant to this Cross-Complaint."  Cross-Complaints, Exs. B and G, ¶ 13.

Title 28 U.S.C. § 1442(a)(1) provides:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Additionally, Congress has provided federal employees with statutory immunity from these state law claims in 28 U.S.C. § 2679(b).  Under that provision, the exclusive remedy for the negligent or wrongful act or omission of an employee of the United States acting in the scope of his office or employment shall be an action against the United States under the Federal Tort Claims Act,

28 U.S.C. §§ 1346(b); 2671-2680 (2012) ("FTCA").  The District Courts have exclusive jurisdiction of such civil actions.  28 U.S.C. § 1346(b)(1).

Congress also provided in 28 U.S.C. § 2679(d)(2) that upon certification by the Attorney General that an employee acted within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon that claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.  The civil action or proceeding shall then be deemed to be an action or proceeding against the United States under the FTCA, and the United States shall be substituted as the party defendant, in this instance, the third-party defendant.[1]  The statute further provides that "[t]his certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."  *Id.*

The Attorney General has delegated authority to certify scope of office or employment under § 2679 to the United States Attorneys and to the Directors of the Torts Branch of the Department of Justice Civil Division.  *See* 28 C.F.R.

---

[1] Although the California Code of Civil Procedure employs the terminology "cross-claim" for the pleading a defendant may file against a person not already a party to the action, as was filed here, it defines the person who filed the cross-complaint as a "Third-party plaintiff" and the person alleged to be liable as a "Third-party defendant."  Cal. Civ. Proc. Code §§ 428.10, 428.70.  Under the Federal Rules of Civil Procedure, the United States, after substitution, also is the "third-party defendant."  *See* Fed. R. Civ. P. 14(a).

5

United States' Notice of Removal

§ 15.4(a).  Following a review of the Cross-Complaints and information currently available with respect to their allegations, and pursuant to 28 U.S.C. § 2679(d)(2), the Attorney General of the United States has certified that the Cross-Defendants were federal employees acting within the scope of their office or employment at the time of the incident out of which Cross-Complainants' claims arose.  *See* Ex. M, Certification of Scope of Employment for Matthew Conley and Ex. N, Certification of Scope of Employment for Kyle Larsen.  Thus, the Cross-Complaints must be deemed to be an action against the United States for the purposes of the Cross-Complainants' claims.  *See Osborn v. Haley*, 549 U.S. 225 (2007).  Accordingly, the United States is, along with this Notice of Removal, filing a Notice of Substitution substituting itself for Cross-Defendants Conley and Larsen in this action for any claim for which the FTCA provides the exclusive remedy.  28 U.S.C. § 2679(b)(1), (d)(2).

      Pursuant to 28 U.S.C. § 1446(d), written notice of the Notice of Removal is being provided to Cross-Complainants, and a copy is being filed with the Superior Court of the State of California, County of Los Angeles.

      All defenses and affirmative defenses are reserved until such time as a responsive pleading is due from the United States in this action.

      WHEREFORE, pursuant to 28 U.S.C. §§ 1442, 1446 and 2679(d)(2), this action is removed from the Superior Court of the States of California, County of

Los Angeles, to the United States District Court for the Central District of California.

Dated: September 30, 2020

        Respectfully submitted,

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General
        Civil Division

        NICOLA T. HANNA
        United States Attorney

        */s/ Debra D. Fowler*
        DEBRA D. FOWLER
        Senior Aviation Counsel
        Debra.Fowler@usdoj.gov
        ALAN D. MATTIONI
        Senior Aviation Counsel
        Alan.Mattioni@usdoj.gov
        Torts Branch, Civil Division
        U.S. Department of Justice
        Post Office Box 14271
        Washington, DC 20044-4271
        Tel: (202) 616-4025
        Fax: (202) 616-4002

        Attorneys for United States

United States' Notice of Removal

# CERTIFICATE OF SERVICE

I, Debra D. Fowler, hereby certify that a copy of the foregoing Notice of Removal was served upon each of the following by electronic mail in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure on September 30, 2020:

Brad D. Brian, Esquire
Luis Li, Esquire
MUNGER TOLLES & OLSEN LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100
brad.brian@mto.com
luis.li@mto.com

Gary C. Robb, Esquire
Anita Porte Robb, Esquire
ROBB & ROBB LLC
One Kansas City Place, Suite 3900
1200 Main Street
Kansas City, MO 64105
(816) 474-8080
gcr@robbrobb.com
apr@robbrobb.com
*Attorneys for Plaintiffs, Vanessa Bryant, et al.*

and

Ross Cunningham, Esquire
Don Swaim, Esquire
D. Todd Parrish, Esquire
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226
(214) 646-1495
rcunningham@cunninghamswaim.com

United States' Notice of Removal

dswaim@cunninghamswaim.com
tparrish@cunninghamswaim.com

Michael J. Terhar, Esquire
CUNNINGHAM SWAIM, LLP
2 North Lake Avenue, Suite 550
Pasadena, California 91101
(626) 765-3000
mterhar@cunninghamswaim.com

Todd Worthe, Esquire
WORTH HANSON & WORTHE
1851 E. First Street, 9th Floor
Santa Ana, CA 92705
(714) 285-9600
tworthe@whwlawcorp.com
*Attorneys for Defendants/Third-Party Plaintiffs
Island Express Helicopters, Inc. and Island Express Holding Corp.*

and

Arthur I. Willner, Esquire
LEADER BERKON COLAO & SILVERSTEIN LLP
660 South Figueroa Street, Suite 1150
Los Angeles, CA 90017
(213) 234-1750
awillner@leaderberkon.com

Raymond L. Mariani, Esquire
LEADER BERKON COLAO & SILVERSTEIN LLP
630 Third Avenue, Floor 17
New York, NY 10017
(212) 486-2400
rmariani@leaderberkon.com
*Attorneys for Defendant Berge Zobayan
as Successor in Interest for Ara George Zobayan*

/s/ *Debra D. Fowler*
Attorney for United States of America

United States' Notice of Removal