# EXHIBIT H

Electronically FILED by Superior Court of California, County of Los Angeles on 04/15/2020 05:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Marquez,Deputy Clerk

1   BRAD D. BRIAN (State Bar No. 79001)
    brad.brian@mto.com
2   LUIS LI (State Bar No. 156081)
    luis.li@mto.com
3   MUNGER, TOLLES & OLSON LLP
    350 South Grand Avenue, Fiftieth Floor
4   Los Angeles, California 90071-3426
    Telephone:    (213) 683-9100
5   Facsimile:    (213) 687-3702

6   GARY C. ROBB*
    gcr@robbrobb.com
7   ANITA PORTE ROBB*
    apr@robbrobb.com
8   ANDREW C. ROBB*
    acr@robbrobb.com
9   BRITTANY SANDERS ROBB*
    bsr@robbrobb.com
10  ROBB & ROBB LLC
    One Kansas City Place
11  Suite 3900, 1200 Main Street
    Kansas City, Missouri 64105
12  Telephone:    (816) 474-8080
    Facsimile:    (816) 474-8081
13  *Forthcoming Pro Hac Vice

14  Attorneys for Plaintiffs

15              SUPERIOR COURT OF THE STATE OF CALIFORNIA

16                      COUNTY OF LOS ANGELES

17  VANESSA BRYANT, individually and as          Case No.
    Successor in Interest to KOBE BRYANT,
18  Deceased; VANESSA BRYANT as Successor        **FIRST AMENDED COMPLAINT**
    in Interest to GB, a minor, deceased;        **FOR DAMAGES**
19  NB, a minor, by her Natural Mother and       **(WRONGFUL DEATH/SURVIVAL**
    Guardian Ad Litem, VANESSA BRYANT;           **ACTION/NEGLIGENCE/HELICOPTER**
20  BB, a minor, by her Natural Mother and       **CRASH)**
    Guardian Ad Litem, VANESSA BRYANT;
21  and CB, a minor, by her Natural Mother and
    Guardian Ad Litem, VANESSA BRYANT,           **DEMAND FOR JURY TRIAL**

22                      Plaintiffs,

23              vs.

24  ISLAND EXPRESS HELICOPTERS, INC., a
    California Corporation; ISLAND EXPRESS
25  HOLDING CORP., a California Corporation;
    and BERGE ZOBAYAN as Personal
26  Representative of and/or Successor in Interest
    to ARA GEORGE ZOBAYAN, a California
27  Resident,

28                      Defendants.

## INTRODUCTION PERTAINING TO ALL COUNTS

### INDEX

| | PAGE |
|---|---|
| PRELIMINARY STATEMENT | 6 |
| PLAINTIFFS | 6 |
| PLAINTIFFS' DECEASED | 7 |
| DEFENDANT ISLAND EXPRESS HELICOPTERS, INC. | 7 |
| DEFENDANT ISLAND EXPRESS HOLDING CORP. | 8 |
| DEFENDANT BERGE ZOBAYAN AS PERSONAL REPRESENTATIVE OF AND/OR SUCCESSOR IN INTEREST TO ARA GEORGE ZOBAYAN | 9 |
| IDENTIFICATION OF AIRCRAFT | 9 |
| JURISDICTION | 9 |
| VENUE | 9 |
| DATES AND ACTS OF CONDUCT COMPLAINED OF | 9 |

### INDEX TO COUNTS

| | | PAGE |
|---|---|---|
| COUNT I | NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' VICARIOUS LIABILITY FOR ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT - - (KOBE BRYANT) | 12 |
| COUNT II | NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - (KOBE BRYANT) | 15 |

COUNT III      NEGLIGENCE      [WRONGFUL    DEATH    AND
               SURVIVAL    ACTION]   - -   DEFENDANT   ISLAND
               EXPRESS       HELICOPTERS'      CAUSING      OR
               AUTHORIZING THE OPERATION OF AIRCRAFT IN
               A NEGLIGENT, CARELESS OR RECKLESS MANNER
               - - (KOBE BRYANT) .........................................................   17

COUNT IV       NEGLIGENCE      [WRONGFUL    DEATH    AND
               SURVIVAL ACTION] - - FAILURE OF DEFENDANT
               ISLAND EXPRESS HELICOPTERS TO SUPERVISE
               AND TRAIN ITS EMPLOYEES AND/OR AGENTS
               INCLUDING ITS PILOTS - - (KOBE BRYANT) ..............   20

COUNT V        NEGLIGENCE      [WRONGFUL    DEATH    AND
               SURVIVAL   ACTION]   - -   DEFENDANT   ISLAND
               EXPRESS       HELICOPTERS'      FAILURE      TO
               IMPLEMENT PROPER AND REASONABLE FLIGHT
               SAFETY RULES AND POLICIES - - (KOBE BRYANT)
               ...........................................................................................   22

COUNT VI       COMMON    CARRIER    LIABILITY    [WRONGFUL
               DEATH AND SURVIVAL ACTION] - - FAILURE OF
               DEFENDANT ISLAND EXPRESS HELICOPTERS TO
               PROVIDE    HIGHEST    DEGREE    OF   CARE    IN
               SUPPLYING SAFE AND AIRWORTHY HELICOPTER
               - - (KOBE BRYANT) .........................................................   24

COUNT VII      NEGLIGENCE      [WRONGFUL    DEATH    AND
               SURVIVAL   ACTION]   ] - -   DEFENDANT   ISLAND
               EXPRESS   HELICOPTERS'   FAILURE   TO   EQUIP
               HELICOPTER   WITH   SAFETY   EQUIPMENT   - -
               (KOBE BRYANT) ...............................................................   27

COUNT VIII     NEGLIGENCE      [WRONGFUL    DEATH    AND
               SURVIVAL   ACTION]   - -   DEFENDANT   ISLAND
               EXPRESS HOLDINGS' FAILURE TO USE ORDINARY
               CARE    IN    PROVIDING    PROPER    AND    SAFE
               AIRCRAFT SERVICES - - (KOBE BRYANT) .................   29

COUNT IX       NEGLIGENCE      [WRONGFUL    DEATH    AND
               SURVIVAL   ACTION]   - -   DEFENDANT   ISLAND
               EXPRESS HOLDING'S CAUSING OR AUTHORIZING
               THE OPERATION OF AIRCRAFT IN A NEGLIGENT,
               CARELESS   OR   RECKLESS   MANNER   - -   (KOBE
               BRYANT) ...........................................................................   31

-3-

**COUNT X**      NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDING TO SUPERVISE AND TRAIN ITS EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - (KOBE BRYANT) .............. 34

**COUNT XI**     NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDING'S FAILURE TO IMPLEMENT PROPER AND REASONABLE FLIGHT SAFETY RULES AND POLICIES - - (KOBE BRYANT) ................ 35

**COUNT XII**    COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDING TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - (KOBE BRYANT) ................................. 38

**COUNT XIII**   NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDINGS' FAILURE TO EQUIP HELICOPTER WITH SAFETY EQUIPMENT - - (KOBE BRYANT) ................................. 40

**COUNT XIV**    NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ESTATE OF ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT - - (KOBE BRYANT) ......................... 42

**COUNT XV**     NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' VICARIOUS LIABILITY FOR ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT - - (GB, MINOR) ................................. 45

**COUNT XVI**    NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - (GB, MINOR).............. 48

-4-

COUNT XVII    NEGLIGENCE    [WRONGFUL    DEATH    AND
              SURVIVAL  ACTION]  - -  DEFENDANT  ISLAND
              EXPRESS    HELICOPTERS'    CAUSING    OR
              AUTHORIZING THE OPERATION OF AIRCRAFT IN
              A NEGLIGENT, CARELESS OR RECKLESS MANNER
              - - (GB, MINOR) ................................................    50

COUNT XVIII   NEGLIGENCE    [WRONGFUL    DEATH    AND
              SURVIVAL ACTION] - - FAILURE OF DEFENDANT
              ISLAND EXPRESS HELICOPTERS TO SUPERVISE
              AND  TRAIN  ITS  EMPLOYEES  AND/OR  AGENTS
              INCLUDING ITS PILOTS - - (GB, MINOR) ....................    52

COUNT XIX     NEGLIGENCE    [WRONGFUL    DEATH    AND
              SURVIVAL  ACTION]  - -  DEFENDANT  ISLAND
              EXPRESS    HELICOPTERS'    FAILURE    TO
              IMPLEMENT PROPER AND REASONABLE FLIGHT
              SAFETY RULES AND POLICIES - - (GB, MINOR) .......    54

COUNT XX      COMMON   CARRIER   LIABILITY   [WRONGFUL
              DEATH AND SURVIVAL ACTION] - - FAILURE OF
              DEFENDANT ISLAND EXPRESS HELICOPTERS TO
              PROVIDE   HIGHEST   DEGREE   OF   CARE   IN
              SUPPLYING SAFE AND AIRWORTHY HELICOPTER
              - - (GB, MINOR) ................................................    57

COUNT XXI     NEGLIGENCE    [WRONGFUL    DEATH    AND
              SURVIVAL  ACTION]  - -  DEFENDANT  ISLAND
              EXPRESS  HELICOPTERS'  FAILURE  TO  EQUIP
              HELICOPTER WITH SAFETY EQUIPMENT - - (GB,
              MINOR) ................................................................    59

COUNT XXII    NEGLIGENCE    [WRONGFUL    DEATH    AND
              SURVIVAL  ACTION]  - -  DEFENDANT  ISLAND
              EXPRESS HOLDINGS' FAILURE TO USE ORDINARY
              CARE  IN  PROVIDING  PROPER  AND  SAFE
              AIRCRAFT SERVICES- - (GB, MINOR) ............................    61

COUNT XXIII   NEGLIGENCE    [WRONGFUL    DEATH    AND
              SURVIVAL  ACTION]  - -  DEFENDANT  ISLAND
              EXPRESS HOLDINGS' CAUSING OR AUTHORIZING
              THE OPERATION OF AIRCRAFT IN A NEGLIGENT,
              CARELESS OR RECKLESS MANNER - - (GB, MINOR)
              ................................................................................    63

-5-

COUNT XXIV        NEGLIGENCE     [WRONGFUL     DEATH     AND
                  SURVIVAL ACTION] - - FAILURE OF DEFENDANT
                  ISLAND EXPRESS HOLDINGS TO SUPERVISE AND
                  TRAIN    ITS    EMPLOYEES    AND/OR    AGENTS
                  INCLUDING ITS PILOTS - - (GB, MINOR) ..................... **65**

COUNT XXV         NEGLIGENCE     [WRONGFUL     DEATH     AND
                  SURVIVAL ACTION] - - DEFENDANT ISLAND
                  EXPRESS HOLDINGS' FAILURE TO IMPLEMENT
                  PROPER AND REASONABLE FLIGHT SAFETY
                  RULES AND POLICIES - - (GB, MINOR) ........................ **67**

COUNT XXVI        COMMON    CARRIER    LIABILITY    [WRONGFUL
                  DEATH AND SURVIVAL ACTION] - - FAILURE OF
                  DEFENDANT ISLAND EXPRESS HOLDINGS TO
                  PROVIDE HIGHEST DEGREE OF CARE IN
                  SUPPLYING SAFE AND AIRWORTHY HELICOPTER
                  - - (GB, MINOR) ................................................ **69**

COUNT XXVII       NEGLIGENCE     [WRONGFUL     DEATH     AND
                  SURVIVAL ACTION] - - DEFENDANT ISLAND
                  EXPRESS HOLDINGS' FAILURE TO EQUIP
                  HELICOPTER WITH SAFETY EQUIPMENT - - (GB,
                  MINOR) ................................................................ **71**

COUNT XXVIII      NEGLIGENCE     [WRONGFUL     DEATH     AND
                  SURVIVAL ACTION] - - DEFENDANT ZOBAYAN'S
                  FAILURE TO USE ORDINARY CARE IN PILOTING
                  THE SUBJECT AIRCRAFT - - (GB, MINOR) .................. **73**

## PRELIMINARY STATEMENT

1.      This is a negligence action seeking compensatory and punitive damages stemming from a helicopter crash in Calabasas, California on or about January 26, 2020, which resulted in the deaths of Kobe Bryant and GB, minor.

## PLAINTIFFS

2.      Plaintiff Vanessa Bryant brings this action individually and in her capacity as Widow of and Successor in Interest to Kobe Bryant and as Natural Mother of, Next of Kin of, and Successor in Interest to GB, a minor.

3.      Plaintiff NB, a minor, brings this action by her Natural Mother and Guardian Ad Litem, Vanessa Bryant.  Application to appoint Vanessa Bryant as Guardian Ad Litem for NB, minor, is forthcoming.

4.     Plaintiff BB, a minor, brings this action by her Natural Mother and Guardian Ad Litem, Vanessa Bryant.  Application to appoint Vanessa Bryant as Guardian Ad Litem for BB, minor, is forthcoming.

5.     Plaintiff CB, a minor, brings this action by her Natural Mother and Guardian Ad Litem, Vanessa Bryant.  Application to appoint Vanessa Bryant as Guardian Ad Litem for CB, minor, is forthcoming.

6.     Plaintiff Vanessa Bryant became Co-Trustee of the Estate of Kobe Bryant upon his death.

### PLAINTIFFS' DECEASED

7.     Plaintiffs' deceased, Kobe Bryant, age 41, died from injuries he sustained in the referenced helicopter crash of January 26, 2020.

8.     Plaintiffs' deceased, Kobe Bryant, was the husband of Plaintiff Vanessa Bryant and the father of Plaintiffs NB, BB and CB, minors.

9.     Plaintiffs' deceased, GB, age 13, died from injuries she sustained in the referenced helicopter crash of January 26, 2020.

10.     Plaintiffs' deceased, GB, was the minor child of deceased Kobe Bryant and Plaintiff Vanessa Bryant.

### DEFENDANT ISLAND EXPRESS HELICOPTERS, INC.

11.     Defendant Island Express Helicopters, Inc. (hereinafter referred to as "Defendant Island Express Helicopters") is a California corporation located at 1175 Queens Highway, Long Beach, California.  Defendant Island Express Helicopters may be served through its Registered Agent, Phillip G. DiFiore, 1175 Queens Highway, Long Beach, California  90802.

12.     At all times material hereto, Defendant Island Express Helicopters conducted regular business activities in Long Beach, Los Angeles County, California.

13.     At all times pertinent hereto, Defendant Island Express Helicopters was and currently is engaged in the business of providing helicopter transportation to paying customers.

-7-

FIRST AMENDED COMPLAINT FOR DAMAGES

14.    At all times material hereto, Defendant Island Express Helicopters operated and maintained the subject Sikorsky S-76B helicopter by and through its various employees and agents.

15.    At all times material hereto, Defendant Island Express Helicopters was acting by and through its agents, servants and/or employees, each of whom was acting within the course and scope of his, her, or its employment or agency with Defendant Island Express Helicopters, including the pilot-in-command of the helicopter, Ara George Zobayan.

## DEFENDANT ISLAND EXPRESS HOLDING CORP.

16.    Defendant Island Express Holding Corp. (hereinafter referred to as "Defendant Island Express Holding") is a California corporation located at 67 D Street, Fillmore, California. Defendant Island Express Holding may be served through its Registered Agent, Phillip G. DiFiore at 67 D Street, Fillmore, California  93105.

17.    At all times pertinent hereto, Defendant Island Express Holding conducted regular business activities in Long Beach, Los Angeles County, California.

18.    At all times pertinent hereto, Defendant Island Express Holding was and currently is the Registered Owner of the subject Sirkosky S-76B helicopter.

19.    On information and belief, at all times pertinent hereto, Defendant Island Express Holding was and currently is engaged in the business of providing helicopter transportation to paying customers.

20.    On information and belief, at all times material hereto, Defendant Island Express Holding owned, operated and maintained the subject Sikorsky S-76B helicopter by and through its various employees and agents.

21.    At all times material hereto, Defendant Island Express Holding was acting by and through its agents, servants and/or employees, each of whom was acting within the course and scope of his, her, or its employment or agency with Defendant Island Express Holding, including Defendant Island Express Helicopters.

**DEFENDANT BERGE ZOBAYAN AS PERSONAL REPRESENTATIVE OF AND/OR SUCCESSOR IN INTEREST TO ARA GEORGE ZOBAYAN**

22.     Ara George Zobayan (hereinafter referred to as "Defendant Zobayan") was the pilot-in-command of the Sikorsky S-76B helicopter, registration no. N72EX, and was at all times the pilot-in command of that aircraft prior to and during the crash flight.

23.     Defendant Zobayan was killed in the helicopter crash that is the subject of this action.  Prior to his death, Defendant Zobayan resided at 16972 Pacific Coast Highway, Unit 104 in Huntington Beach, California.

24.     At the time of the crash, Defendant Zobayan was employed by Defendant Island Express Helicopters and was acting within the course and scope of his employment with Defendant Island Express Helicopters as the pilot-in-command of the subject aircraft.

25.     Berge Zobayan is the Personal Representative of and/or Successor in Interest to Ara George Zobayan.

**IDENTIFICATION OF AIRCRAFT**

26.     The aircrash that is the basis of this action involves a 1991 Sikorsky S-76B helicopter, serial number 760379, registration (tail) number N72EX.

27.     At all times pertinent hereto, the subject helicopter was owned by Defendant Island Express Holding, operated by Defendant Island Express Helicopters, and piloted by Defendant Zobayan.

**JURISDICTION**

28.     Both Plaintiffs and Defendants are residents of California

29.     The subject helicopter crashed on January 26, 2020, in Calabasas, California.

**VENUE**

30.     Venue in the Superior Court of Los Angeles County is proper in that the cause of action giving rise to this lawsuit occurred in Los Angeles County, California.

**DATES AND ACTS OF CONDUCT COMPLAINED OF**

31.     On or about January 26, 2020, Kobe Bryant, age 41, and his daughter GB, age 13, were passengers aboard the 1991 Sikorski S-76B helicopter, registration (tail) number N72EX

-9-

1  which was being flown from the John Wayne-Orange County Airport in Santa Ana, California to

2  the Camarillo Airport in Camarillo, California.

3       32.    The subject helicopter departed John Wayne-Orange County Airport at

4  approximately 9:06 a.m.

5       33.    On the morning of January 26, 2020, heavy fog and low clouds were reported in the

6  Los Angeles area and, on information and belief, law enforcement agencies and tour companies

7  had grounded their helicopters.

8       34.    According to the National Transportation Safety Board (NTSB), the flight sequence

9  of events after departure were as follows:

10      ATC communications and radar data indicate the flight departed KSNA about 0906

11      PST.  N72EX proceeded to the north-northwest at an altitude of about 700 to 800

12      feet mean sea level (msl) under visual flight rules (VFR). At 0920, as the aircraft

13      neared the Burbank class C airspace, the pilot requested to transition the area along

14      Highway 101. The current Burbank weather observation reported instrument flight

15      rules (IFR) conditions. In response to the pilot's request, the air traffic controller

16      advised that cloud tops were reported at 2,400 feet msl and queried the pilot's

17      intentions; the pilot then requested a special VFR clearance (an ATC authorization

18      to proceed in controlled airspace at less than VFR weather minima). The air traffic

19      controller advised that the pilot would need to hold for a short time due to IFR

20      traffic, which the pilot acknowledged. At 0932, ATC cleared the pilot of N72EX to

21      transition the class C surface area following the I-5 freeway, maintaining special

22      VFR conditions at or below 2,500 feet. The pilot acknowledged with a correct

23      readback and climbed to approximately 1,400 feet msl (600 feet agl). In response to

24      query, the pilot replied to the Burbank ATC that he would follow Highway 118 and

25      "loop around VNY [Van Nuys Airport]" to follow Highway 101. ATC

26      acknowledged and coordinated.

27

28

At 0939, as N72EX was passing west of Van Nuys at 1,500 feet msl, the VNY controller asked the pilot if he was in VFR conditions. The pilot replied "VFR conditions, one thousand five hundred," and the VNY controller advised him to contact Southern California Terminal Radar Approach Control (SCT) for radar advisory services.

The pilot reported to SCT that the flight was going to Camarillo at 1,500 feet. The SCT controller advised that he would not be able to maintain radar contact at that altitude and terminated services. The SCT controller was subsequently relieved by a different controller. At 0945, the pilot of N72EX again contacted SCT and advised he was climbing above cloud layers and requested advisory services. The second controller was not aware of the aircraft, as services had previously been terminated, so asked the pilot to identify the flight. The SCT controller then asked the pilot his intentions, to which he replied he was climbing to 4,000 feet. There were no further transmissions.

Radar/ADS-B data indicate the aircraft was climbing along a course aligned with Highway 101 just east of the Las Virgenes exit. Between Las Virgenes and Lost Hills Road, the aircraft reached 2,300 feet msl (approximately 1,500 feet above the highway, which lies below the surrounding terrain) and began a left turn. Eight seconds later, the aircraft began descending and the left turn continued. The descent rate increased to over 4,000 feet per minute (fpm), ground speed reached 160 knots. The last ADS-B target was received at 1,200 feet msl approximately 400 feet southwest of the accident site.

35.    On information and belief, Island Express Helicopters' Federal Aviation Administration (FAA) operating certificate limited its pilots to flying only under visual flight rules (VFR). The subject helicopter was not licensed or certified to be flown into instrument conditions.

36.     On information and belief, the pilot-in command, Ara George Zobayan was required to fly only in conditions that he could navigate visually.

37.     Ara George Zobayan attempted to maneuver the helicopter up and forward to clear the clouds, then entered a turn sending the helicopter into the steep terrain at approximately 180 mph.

38.     Witnesses on the ground reported seeing the helicopter flying through a layer of clouds and fog before the helicopter crashed.

39.     Plaintiffs' deceased, Kobe Bryant and GB, a minor, were killed in the crash.

40.     On information and belief, prior to this crash, in May 2015, the pilot-in command Ara George Zobayan admitted to and was cited by the Federal Aviation Administration (FAA) for violating the visual flight rules (VFR) minimums by flying into an airspace of reduced visibility from weather conditions.

## **COUNT I**

### **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' VICARIOUS LIABILITY FOR ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT - - KOBE BRYANT)**

41.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 40 inclusive of this Complaint.

42.     Defendant Island Express Helicopters, by and through its agents and employees, including Ara George Zobayan, had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

43.     Pilot Ara George Zobayan had a duty to use that degree of care that an ordinarily careful and prudent pilot would use under the same or similar circumstances.

44.     Defendant Island Express Helicopters is vicariously liable for any and all actions of Ara George Zobayan, including his negligent and careless piloting and operation of the subject helicopter, by reason of its principal and agent relationship with Ara George Zobayan.

45.     On information and belief, Ara George Zobayan was negligent in the following respects:

1        a.     Defendant Zobayan failed to properly monitor and assess the weather prior

2 to takeoff;

3        b.     Defendant Zobayan failed to obtain proper weather data prior to the subject

4 flight;

5        c.     Defendant Zobayan failed to abort the flight when he knew of the cloudy

6 conditions;

7        d.     Defendant Zobayan improperly flew the helicopter into instrument flight

8 rules (IFR) conditions;

9        e.     Defendant Zobayan failed to maintain proper control of the helicopter in-

10 flight;

11        f.     Defendant Zobayan failed to properly avoid natural obstacles in the flight

12 path;

13        g.     Defendant Zobayan failed to keep a safe distance between the helicopter

14 and natural obstacles; and

15        h.     Defendant Zobayan failed to properly and safely operate the helicopter

16 resulting in a crash.

17     46.    Defendant Island Express Helicopters knew or should have known that its

18 employee, Ara George Zobayan, had previously been cited by the Federal Aviation Administration

19 (FAA) for violating the visual flight rules (VFR) minimums by flying into an airspace of reduced

20 visibility from weather conditions.

21     47.    Defendant Island Express Helicopters' breach of its duty and negligence caused the

22 injuries and damages complained of herein and Plaintiffs' deceased, Kobe Bryant, was killed as a

23 direct result of the negligent conduct of Zobayan for which Defendant Island Express Helicopters

24 is vicariously liable in all respects.

25     48.    By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such

26 damages as are fair and just for the death and loss thus occasioned, including but not limited to the

27 pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

28 reasonable value of the services, consortium, companionship, comfort, society, instruction,

-13-

1  guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

2  death, further including, loss of probable support, past and future lost income, household services,

3  and other value of benefits which would have been provided by the deceased.

4        49.    Plaintiffs further claim such damages as the decedent may have suffered between

5  the time of injury and the time of death and for the recovery of which the decedent might have

6  maintained an action had death not ensued including, but not limited to, mental anguish, physical

7  disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

8  the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

9  include but are not limited to the wanton, willful callous, reckless and depraved conduct of

10  defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

11  wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

12  indifference to and a conscious disregard for the safety of others that the decedent would have

13  been entitled to punitive damages had he lived.

14        50.    Plaintiffs further claim punitive damages in that this defendant engaged in actions

15  and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

16  others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island

17  Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness

18  of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On

19  information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with

20  conscious disregard of the rights or safety of others and authorized or ratified his wrongful

21  conduct, and itself engaged in conduct with malice, oppression, or fraud.

22        WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

23  Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa

24  Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a

25  minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against

26  Defendant Island Express Helicopters as follows:

27        (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

28  service, comfort, support, right to support, companionship, solace or moral support, expectations

of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Decedent Kobe Bryant;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT II

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - KOBE BRYANT)

51.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 50 inclusive of this Complaint

52.     Defendant Island Express Helicopters had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

53.     On information and belief, Defendant Island Express Helicopters was negligent in its duties as follows:

a.     Defendant Island Express Helicopters knew or should have known that they were prohibited from operating the subject helicopter under Instrument Flight Rules (IFR);

b.     Defendant Island Express Helicopters failed to have in place an adequate safety policy for cancellation of flights into known unsafe weather conditions;

c.     Defendant Island Express Helicopters promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

FIRST AMENDED COMPLAINT FOR DAMAGES

d.      Defendant Island Express Helicopters authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

54.      Defendant Island Express Helicopters' breach of duty and negligence caused the injuries and damages complained of herein.

55.      By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

56.      Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had he lived.

57.      Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with

1   conscious disregard of the rights or safety of others and authorized or ratified his wrongful

2   conduct, and itself engaged in conduct with malice, oppression, or fraud.

3        WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

4   Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa

5   Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a

6   minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against

7   Defendant Island Express Helicopters as follows:

8        (A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society,

9   service, comfort, support, right to support, companionship, solace or moral support, expectations

10  of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according

11  to proof;

12       (B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss

13  of financial support from Decedent Kobe Bryant;

14       (C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses

15  according to proof;

16       (D)     For prejudgment interest and post-judgment interest and costs;

17       (E)     For punitive damages in such sums as will serve to punish and deter Defendant

18  from future wrongdoing; and

19       (F)     For such other and further relief as the court deems just and proper.

20                          **COUNT III**

21  **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT**
22  **ISLAND EXPRESS HELICOPTERS' CAUSING OR AUTHORIZING THE OPERATION**
    **OF AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER**
23  **- - KOBE BRYANT)**

24       58.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

25  paragraphs 1 through 57 inclusive of this Complaint

26       59.    Defendant Island Express Helicopters, by and through its agents and employees,

27  including Ara George Zobayan had a duty to use that degree of care that an ordinarily careful and

28  prudent company would use under the same or similar circumstances.

60.     The subject helicopter was at all times operated with Defendant Island Express Helicopters' express or implied knowledge and consent.

61.     On information and belief, Defendant Island Express Helicopters operated the aircraft in a negligent, careless or reckless manner, to wit, in that:

a.     Defendant Island Express Helicopters knew or should have known that they were prohibited from operating the subject helicopter under Instrument Flight Rules (IFR);

b.     Defendant Island Express Helicopters failed to have in place an adequate safety policy for cancellation of flights into unsafe weather conditions;

c.     Defendant Island Express Helicopters promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

d.     Defendant Island Express Helicopters authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

62.     By operation of California law, Defendant Island Express Helicopters is responsible for damages caused by the negligence, carelessness, or recklessness of the aircraft pilot in that on the occasion in question the subject helicopter was being operated and used with its knowledge and consent.

63.     Plaintiffs' decedent, Kobe Bryant was killed as a direct and proximate result of Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

64.     By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

65.     Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had he lived.

66.     Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant Island Express Helicopters as follows:

(A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according to proof;

1     (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

2 of financial support from Decedent Kobe Bryant;

3     (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

4 according to proof;

5     (D)    For prejudgment interest and post-judgment interest and costs;

6     (E)    For punitive damages in such sums as will serve to punish and deter Defendant

7 from future wrongdoing; and

8     (F)    For such other and further relief as the court deems just and proper.

## **COUNT IV**

**(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HELICOPTERS TO SUPERVISE AND TRAIN ITS EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - KOBE BRYANT)**

67.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 66 inclusive of this Complaint

68.    At all times material to this action, the pilot of the subject helicopter served as an employee and/or agent of Defendant Island Express Helicopters.

69.    Defendant Island Express Helicopters owed Plaintiffs a duty to exercise reasonable care in the supervision and training of its employees and/or agents, including its pilots.

70.    On information and belief, Defendant Island Express Helicopters breached its aforementioned duty to Plaintiffs by failing to exercise reasonable care in the supervision and training of its employees and/or agents, including the subject pilot, specifically, but not limited to, failing to adequately and properly train and supervise pilots on flights in unsafe weather conditions.

71.    Defendant Island Express Helicopters knew or should have known that its employee, Ara George Zobayan, had previously been cited by the Federal Aviation Administration (FAA) for violating the visual flight rules (VFR) minimums by flying into an airspace of reduced visibility from weather conditions and this defendant failed to provide adequate training and/or supervision to ensure the negligent action did not re-occur.

72.     By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

73.     Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had he lived.

74.     Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a

FIRST AMENDED COMPLAINT FOR DAMAGES

1  minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against

2  Defendant Island Express Helicopters as follows:

3      (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

4  service, comfort, support, right to support, companionship, solace or moral support, expectations

5  of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according

6  to proof;

7      (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

8  of financial support from Decedent Kobe Bryant;

9      (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

10  according to proof;

11      (D)    For prejudgment interest and post-judgment interest and costs;

12      (E)    For punitive damages in such sums as will serve to punish and deter Defendant

13  from future wrongdoing; and

14      (F)    For such other and further relief as the court deems just and proper.

15                          **COUNT V**

16  **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT**
17  **ISLAND EXPRESS HELICOPTERS' FAILURE TO IMPLEMENT PROPER AND**
    **REASONABLE FLIGHT SAFETY RULES AND POLICIES - - KOBE BRYANT)**

18

19      75.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

20  paragraphs 1 through 74 inclusive of this Complaint

21      76.    Defendant Island Express Helicopters held itself out as an entity which could

22  carefully and competently provide and maintain safe helicopter transport services which were

23  utilized in the course of its operations.

24      77.    That Defendant Island Express Helicopters had a duty to use that degree of care

25  that ordinarily careful and prudent operators of a helicopter transport business would use under the

26  same or similar circumstances.

27      78.    On information and belief Defendant Island Express Helicopters failed adequately

28  to implement proper and reasonable flight safety rules and policies in that it directed and allowed

FIRST AMENDED COMPLAINT FOR DAMAGES

1    its pilots to fly in unsafe weather conditions and in areas where the pilot would encounter

2    instrument meteorological conditions.

3        79.    Defendant Island Express Helicopters' failure adequately to implement proper and

4    reasonable procedures caused the helicopter to enter instrument conditions, therefore causing the

5    helicopter to crash and burn, resulting in the death of Kobe Bryant.

6        80.    That as a direct result of the aforesaid negligence and carelessness on the part of

7    Defendant Island Express Helicopters, Kobe Bryant was killed.

8        81.    By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such

9    damages as are fair and just for the death and loss thus occasioned, including but not limited to the

10   pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

11   reasonable value of the services, consortium, companionship, comfort, society, instruction,

12   guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

13   death, further including, loss of probable support, past and future lost income, household services,

14   and other value of benefits which would have been provided by the deceased.

15       82.    Plaintiffs further claim such damages as the decedent may have suffered between

16   the time of injury and the time of death and for the recovery of which the decedent might have

17   maintained an action had death not ensued including, but not limited to, mental anguish, physical

18   disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

19   the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

20   include but are not limited to the wanton, willful callous, reckless and depraved conduct of

21   defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

22   wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

23   indifference to and a conscious disregard for the safety of others that the decedent would have

24   been entitled to punitive damages had he lived.

25       83.    Plaintiffs further claim punitive damages in that this defendant engaged in actions

26   and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

27   others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island

28   Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness

of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant Island Express Helicopters as follows:

(A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Decedent Kobe Bryant;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT VI

### (COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HELICOPTERS TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - KOBE BRYANT)

84.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 83 inclusive of this Complaint.

FIRST AMENDED COMPLAINT FOR DAMAGES

85.     Plaintiffs deceased, Kobe Bryant, was a passenger for hire of a helicopter transportation service controlled, operated, dispatched, and supervised by Defendant Island Express Helicopters.

86.     Defendant Island Express Helicopters held itself out as an entity which could safely and competently transport persons purchasing helicopter transportation services.

87.     At all times material hereto, Defendant Island Express Helicopters was and is an on-demand passenger transportation service carrying passengers who have purchased helicopter transportation services and doing so for hire and for profit as a common carrier.

88.     Defendant Island Express Helicopters had a duty to Plaintiffs' deceased to exercise the highest degree of care and diligence in the operation, management, and service of its helicopter transportation services to be provided to persons within the general public such as Kobe Bryant and, specifically, the highest degree of care and diligence to provide a safe and airworthy aircraft.

89.     On information and belief, Defendant Island Express Helicopters failed to provide a reasonably safe aircraft for the use and transport of Plaintiffs' deceased thereby breaching its duty to exercise the highest degree of care.

90.     Plaintiffs' deceased was killed as a direct result and proximate result of Defendant Island Express Helicopters' failure to exercise the highest degree of care in providing a safe helicopter for their use and transport.

91.     Plaintiffs' decedent, Kobe Bryant was killed as a direct and proximate result of Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

92.     By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

FIRST AMENDED COMPLAINT FOR DAMAGES

93.     Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had he lived.

94.     Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant Island Express Helicopters as follows:

(A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Decedent Kobe Bryant;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT VII

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO EQUIP HELICOPTER WITH SAFETY EQUIPMENT - - KOBE BRYANT)

95.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 94 inclusive of this Complaint.

96.     Defendant Island Express Helicopters held itself out as an entity which could carefully and competently provide safety equipment on its helicopters which were utilized in the course of its operations.

97.     Defendant Island Express Helicopters had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

98.     Defendant Island Express Helicopters had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

99.     On information and belief, Defendant Island Express Helicopters was negligent in its duties as it failed to purchase and equip its helicopters with a Terrain Avoidance and Warning System (TAWS) which provides a detailed image of surrounding terrain and triggers an auditory and visual warning.

100.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Island Express Helicopters Kobe Bryant was killed.

101.   By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

102.   Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had he lived.

103.   Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a

FIRST AMENDED COMPLAINT FOR DAMAGES

minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant Island Express Helicopters as follows:

(A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Decedent Kobe Bryant;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT VIII

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDING'S FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - KOBE BRYANT)

104.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 103 inclusive of this Complaint

105.    Defendant Island Express Holding had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

106.    On information and belief, Defendant Island Express Holdings was negligent in its duties as follows:

a.      Defendant Island Express Holding knew or should have known that the helicopter was prohibited from being operated under Instrument Flight Rules (IFR);

b.      Defendant Island Express Holding failed to ensure that there was in place an adequate safety policy for cancellation of flights into unsafe weather conditions;

-29-

1         c.      Defendant Island Express Holding promoted and engaged in unnecessary

2 and needlessly risky means of transport under the circumstances then and there presenting; and

3         d.      Defendant Island Express Holding authorized, directed and/or permitted a

4 flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

5       107.     Defendant Island Express Holding's breach of duty and negligence caused the

6 injuries and damages complained of herein.

7       108.     By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such

8 damages as are fair and just for the death and loss thus occasioned, including but not limited to the

9 pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

10 reasonable value of the services, consortium, companionship, comfort, society, instruction,

11 guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

12 death, further including, loss of probable support, past and future lost income, household services,

13 and other value of benefits which would have been provided by the deceased.

14       109.     Plaintiffs further claim such damages as the decedent may have suffered between

15 the time of injury and the time of death and for the recovery of which the decedent might have

16 maintained an action had death not ensued including, but not limited to, mental anguish, physical

17 disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

18 the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

19 include but are not limited to the wanton, willful callous, reckless and depraved conduct of

20 defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

21 wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

22 indifference to and a conscious disregard for the safety of others that the decedent would have

23 been entitled to punitive damages had he lived.

24       110.     Plaintiffs further claim punitive damages in that this defendant engaged in actions

25 and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

26 others, including Plaintiffs' deceased.

27       WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

28 Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa

FIRST AMENDED COMPLAINT FOR DAMAGES

1  Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a

2  minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against

3  Defendant Island Express Holding as follows:

4        (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

5  service, comfort, support, right to support, companionship, solace or moral support, expectations

6  of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according

7  to proof;

8        (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

9  of financial support from Decedent Kobe Bryant;

10        (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

11  according to proof;

12        (D)    For prejudgment interest and post-judgment interest and costs;

13        (E)    For punitive damages in such sums as will serve to punish and deter Defendant

14  from future wrongdoing; and

15        (F)    For such other and further relief as the court deems just and proper.

16  <u>**COUNT IX**</u>

17  <u>**(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT**</u>
18  <u>**ISLAND EXPRESS HOLDING'S CAUSING OR AUTHORIZING THE OPERATION OF**</u>
    <u>**AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER**</u>
19  <u>**- - KOBE BRYANT)**</u>

20        111.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

21  paragraphs 1 through 110 inclusive of this Complaint

22        112.    Defendant Island Express Holding, by and through its agents and employees had a

23  duty to use that degree of care that an ordinarily careful and prudent company would use under the

24  same or similar circumstances.

25        113.    The subject helicopter was at all times operated with Defendant Island Express

26  Holding's express or implied knowledge and consent.

27        114.    On information and belief, Defendant Island Express Holding allowed the aircraft

28  to be operated in a negligent, careless or reckless manner, to wit, in that:

FIRST AMENDED COMPLAINT FOR DAMAGES

1        a.     Defendant Island Express Holding knew or should have known that the

2 helicopter was prohibited from being operated under Instrument Flight Rules (IFR);

3        b.     Defendant Island Express Holding failed to ensure that there was in place

4 an adequate safety policy for cancellation of flights into unsafe weather conditions;

5        c.     Defendant Island Express Holding promoted and engaged in unnecessary

6 and needlessly risky means of transport under the circumstances then and there presenting; and

7        d.     Defendant Island Express Holding authorized, directed and/or permitted a

8 flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

9     115.    By operation of California law, Defendant Island Express Holding is responsible

10 for damages caused by the negligence, carelessness, or recklessness of the aircraft pilot in that on

11 the occasion in question the subject helicopter was being operated and used with its knowledge

12 and consent.

13     116.    Plaintiffs' decedent, Kobe Bryant was killed as a direct and proximate result of

14 Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a

15 negligent, careless or reckless manner as further set out above.

16     117.    By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such

17 damages as are fair and just for the death and loss thus occasioned, including but not limited to the

18 pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

19 reasonable value of the services, consortium, companionship, comfort, society, instruction,

20 guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

21 death, further including, loss of probable support, past and future lost income, household services,

22 and other value of benefits which would have been provided by the deceased.

23     118.    Plaintiffs further claim such damages as the decedent may have suffered between

24 the time of injury and the time of death and for the recovery of which the decedent might have

25 maintained an action had death not ensued including, but not limited to, mental anguish, physical

26 disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

27 the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

28 include but are not limited to the wanton, willful callous, reckless and depraved conduct of

1 | defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

2 | wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

3 | indifference to and a conscious disregard for the safety of others that the decedent would have

4 | been entitled to punitive damages had he lived.

5 |      119.    Plaintiffs further claim punitive damages in that this defendant engaged in actions

6 | and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

7 | others, including Plaintiffs' deceased.

8 |      WHEREFORE, Plaintiffs Vanessa Bryant, individually and Successor in Interest to Kobe

9 | Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant;

10 | BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor,

11 | by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant

12 | Island Express Holding as follows:

13 |      (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

14 | service, comfort, support, right to support, companionship, solace or moral support, expectations

15 | of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according

16 | to proof;

17 |      (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

18 | of financial support from Decedent Kobe Bryant;

19 |      (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

20 | according to proof;

21 |      (D)    For prejudgment interest and post-judgment interest and costs;

22 |      (E)    For punitive damages in such sums as will serve to punish and deter Defendant

23 | from future wrongdoing; and

24 |      (F)    For such other and further relief as the court deems just and proper.

25

26

27

28

## COUNT X

## (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDING TO SUPERVISE AND TRAIN ITS EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - KOBE BRYANT)

120.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 119 inclusive of this Complaint

121.    Defendant Island Express Holding owed Plaintiffs a duty to exercise reasonable care in the supervision and training of its pilots and its employees and/or agents.

122.    On information and belief, Defendant Island Express Holding breached its aforementioned duty to Plaintiffs by failing to exercise reasonable care in the supervision and training of its pilots and employees and/or agents, including the subject pilot, specifically, but not limited to, failing to ensure that pilots were properly trained and supervised on flights in unsafe weather conditions.

123.    By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

124.    Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

1  indifference to and a conscious disregard for the safety of others that the decedent would have

2  been entitled to punitive damages had he lived.

3    125.   Plaintiffs further claim punitive damages in that this defendant engaged in actions

4  and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

5  others, including Plaintiffs' deceased.

6    WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

7  Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa

8  Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a

9  minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against

10  Defendant Island Express Holding as follows:

11    (A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society,

12  service, comfort, support, right to support, companionship, solace or moral support, expectations

13  of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according

14  to proof;

15    (B)   For economic damages suffered by Plaintiffs related to the loss of earnings and loss

16  of financial support from Decedent Kobe Bryant;

17    (C)   For economic damages suffered by Plaintiffs related to burial and funeral expenses

18  according to proof;

19    (D)   For prejudgment interest and post-judgment interest and costs;

20    (E)   For punitive damages in such sums as will serve to punish and deter Defendant

21  from future wrongdoing; and

22    (F)   For such other and further relief as the court deems just and proper.

23

24  ### COUNT XI

25  **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT
ISLAND EXPRESS HOLDING'S FAILURE TO IMPLEMENT PROPER AND
26  REASONABLE FLIGHT SAFETY RULES AND POLICIES - - KOBE BRYANT)**

27    126.   Plaintiffs hereby incorporate by reference, as though fully set out herein,

28  paragraphs 1 through 125 inclusive of this Complaint

127.   Defendant Island Express Holding held itself out as an entity which could carefully and competently provide and maintain safe helicopter transport services which were utilized in the course of its operations.

128.   Defendant Island Express Holding had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

129.   On information and belief, Defendant Island Express Holding failed adequately to ensure that proper and reasonable flight safety rules and policies were implemented in that it directed and allowed its pilots to fly in unsafe weather conditions and in areas where the pilot would encounter instrument meteorological conditions.

130.   Defendant Island Express Holding's failure adequately to implement proper and reasonable procedures caused the helicopter to enter instrument conditions, therefore causing the helicopter to crash and burn, resulting in the death of Kobe Bryant.

131.   That as a direct result of the aforesaid negligence and carelessness on the part of Defendant Island Express Holding, Kobe Bryant was killed.

132.   By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

133.   Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of

1   defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

2   wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

3   indifference to and a conscious disregard for the safety of others that the decedent would have

4   been entitled to punitive damages had he lived.

5        134.    Plaintiffs further claim punitive damages in that this defendant engaged in actions

6   and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

7   others, including Plaintiffs' deceased.

8        WHEREFORE, Plaintiffs Vanessa Bryant, individually and Successor in Interest to Kobe

9   Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant;

10  BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor,

11  by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant

12  Island Express Holding as follows:

13       (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

14  service, comfort, support, right to support, companionship, solace or moral support, expectations

15  of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according

16  to proof;

17       (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

18  of financial support from Decedent Kobe Bryant;

19       (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

20  according to proof;

21       (D)    For prejudgment interest and post-judgment interest and costs;

22       (E)    For punitive damages in such sums as will serve to punish and deter Defendant

23  from future wrongdoing; and

24       (F)    For such other and further relief as the court deems just and proper.

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

## COUNT XII

### (COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDING TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - KOBE BRYANT)

135.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 134 inclusive of this Complaint.

136.    Plaintiffs deceased, Kobe Bryant, was a passenger for hire of a helicopter transportation service controlled, operated, dispatched, and supervised by Defendant Island Express Holdings.

137.    Defendant Island Express Holdings held itself out as an entity which could safely and competently transport persons purchasing helicopter transportation services.

138.    At all times material hereto, Defendant Island Express Holdings was and is an on-demand passenger transportation service carrying passengers who have purchased helicopter transportation services and doing so for hire and for profit as a common carrier.

139.    Defendant Island Express Holdings had a duty to Plaintiffs' deceased to exercise the highest degree of care and diligence in the operation, management, and service of its helicopter transportation services to be provided to persons within the general public such as Kobe Bryant and, specifically, the highest degree of care and diligence to provide a safe and airworthy aircraft.

140.    On information and belief. Defendant Island Express Holdings failed to provide a reasonably safe aircraft for the use and transport of Plaintiffs' deceased thereby breaching its duty to exercise the highest degree of care.

141.    Plaintiffs' deceased was killed as a direct result and proximate result of Defendant Island Express Holdings' failure to exercise the highest degree of care in providing a safe helicopter for their use and transport.

142.    Plaintiffs' decedent, Kobe Bryant was killed as a direct and proximate result of Defendant Island Express Holdings causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

FIRST AMENDED COMPLAINT FOR DAMAGES

143. By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

144. Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury. Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had he lived.

145. Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant Island Express Holdings as follows:

(A) For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations

1  of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according

2  to proof;

3       (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

4  of financial support from Decedent Kobe Bryant;

5       (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

6  according to proof;

7       (D)    For prejudgment interest and post-judgment interest and costs;

8       (E)    For punitive damages in such sums as will serve to punish and deter Defendant

9  from future wrongdoing; and

10       (F)    For such other and further relief as the court deems just and proper.

11  <strong>COUNT XIII</strong>

12  <strong>(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT</strong>

13  <strong>ISLAND EXPRESS HOLDINGS' FAILURE TO EQUIP HELICOPTER WITH SAFETY<br>EQUIPMENT - - KOBE BRYANT)</strong>

14      146.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

15  paragraphs 1 through 145 inclusive of this Complaint.

16      147.    Defendant Island Express Holdings held itself out as an entity which could

17  carefully and competently provide safety equipment on its helicopters which were utilized in the

18  course of its operations.

19      148.    That Defendant Island Express Holdings had a duty to use that degree of care that

20  ordinarily careful and prudent operators of a helicopter transport business would use under the

21  same or similar circumstances.

22      149.    Defendant Island Express Holdings had a duty to use that degree of care that an

23  ordinarily careful and prudent company would use under the same or similar circumstances.

24      150.    On information and belief, Defendant Island Express Holdings was negligent in its

25  duties as it failed to purchase and equip its helicopter with a traffic avoidance and warning system

26  (TAWS).

27      151.    That as a direct and proximate result of the aforesaid negligence and carelessness

28  on the part of Defendant Island Express Holdings Kobe Bryant was killed.

152.   By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

153.   Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had he lived.

154.   Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant Island Express Holdings as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations

FIRST AMENDED COMPLAINT FOR DAMAGES

1  of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according

2  to proof;

3    (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

4  of financial support from Decedent Kobe Bryant;

5    (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

6  according to proof;

7    (D)    For prejudgment interest and post-judgment interest and costs;

8    (E)    For punitive damages in such sums as will serve to punish and deter Defendant

9  from future wrongdoing; and

10    (F)    For such other and further relief as the court deems just and proper.

11    **COUNT XIV**

12  **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT
    ESTATE OF ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN
13  PILOTING THE SUBJECT AIRCRAFT - - KOBE BRYANT)**

14    155.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

15  paragraphs 1 through 154 inclusive of this Complaint.

16    156.    On January 26, 2020, Ara George Zobayan was a licensed pilot employed by

17  Defendant Island Express Helicopters.

18    157.    Ara George Zobayan held himself out as a person who could carefully and

19  competently pilot or otherwise provide safe helicopter transportation services.

20    158.    Ara George Zobayan had a duty to use that degree of care that an ordinarily careful

21  and prudent helicopter pilot would use under the same or similar circumstances.

22    159.    On information and belief, Ara George Zobayan breached that duty and was

23  negligent by:

24    a.    Defendant Zobayan failed to properly monitor and assess the weather prior

25  to takeoff;

26    b.    Defendant Zobayan failed to obtain proper weather data prior to the subject

27  flight;

28

-42-

1            c.      Defendant Zobayan failed to abort the flight when he knew of the cloudy

2 conditions;

3            d.      Defendant Zobayan improperly flew the helicopter into instrument flight

4 rules (IFR) conditions;

5            e.      Defendant Zobayan failed to maintain proper control of the helicopter in-

6 flight;

7            f.      Defendant Zobayan failed to properly avoid natural obstacles in the flight

8 path;

9            g.      Defendant Zobayan failed to keep a safe distance between the helicopter

10 and natural obstacles; and

11            h.      Defendant Zobayan failed to properly and safely operate the helicopter

12 resulting in a crash.

13      160.     As a direct and proximate result of the aforesaid negligence and carelessness on the

14 part of Defendant Zobayan, Kobe Bryant was killed.

15      161.     By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such

16 damages as are fair and just for the death and loss thus occasioned, including but not limited to the

17 pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

18 reasonable value of the services, consortium, companionship, comfort, society, instruction,

19 guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

20 death, further including, loss of probable support, past and future lost income, household services,

21 and other value of benefits which would have been provided by the deceased.

22      162.     Plaintiffs further claim such damages as the decedent may have suffered between

23 the time of injury and the time of death and for the recovery of which the decedent might have

24 maintained an action had death not ensued including, but not limited to, mental anguish, physical

25 disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

26 the aggravating circumstances attendant upon the fatal injury. Such aggravating circumstances

27 include but are not limited to the wanton, willful callous, reckless and depraved conduct of

28 defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

FIRST AMENDED COMPLAINT FOR DAMAGES

wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had he lived.

163.    Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant, pray judgment against Defendant Berge Zobayan as Personal Representative of and/or Successor in Interest to Ara George Zobayan, as follows:

(A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent Kobe Bryant according to proof;

(B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Decedent Kobe Bryant;

(C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)    For prejudgment interest and post-judgment interest and costs;

(E)    For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)    For such other and further relief as the court deems just and proper.

### COUNT XV

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' VICARIOUS LIABILITY FOR ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT - - GB, MINOR)

164.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 163 inclusive of this Complaint.

165.    Defendant Island Express Helicopters, by and through its agents and employees, including Ara George Zobayan, had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

166.    Pilot Ara George Zobayan had a duty to use that degree of care that an ordinarily careful and prudent pilot would use under the same or similar circumstances.

167.    Defendant Island Express Helicopters is vicariously liable for any and all actions of Ara George Zobayan, including his negligent and careless piloting and operation of the subject helicopter, by reason of its principal and agent relationship with Ara George Zobayan.

168.    On information and belief, Ara George Zobayan was negligent in the following respects:

a.    Defendant Zobayan failed to properly monitor and assess the weather prior to takeoff;

b.    Defendant Zobayan failed to obtain proper weather data prior to the subject flight;

c.    Defendant Zobayan failed to abort the flight when he knew of the cloudy conditions;

d.    Defendant Zobayan improperly flew the helicopter into instrument flight rules (IFR)  conditions;

e.    Defendant Zobayan failed to maintain proper control of the helicopter in-flight;

f.    Defendant Zobayan failed to properly avoid natural obstacles in the flight path;

1          g.      Defendant Zobayan failed to keep a safe distance between the helicopter

2    and natural obstacles; and

3          h.      Defendant Zobayan failed to properly and safely operate the helicopter

4    resulting in a crash.

5      169.   Defendant Island Express Helicopters' knew or should have known that its

6    employee, Ara George Zobayan had previously been cited by the Federal Aviation Administration

7    (FAA) for violating the visual flight rules (VFR) minimums by flying into an airspace of reduced

8    visibility from weather conditions.

9      170.   Defendant Island Express Helicopters' breach of its duty and negligence caused the

10   injuries and damages complained of herein and Plaintiffs' deceased, GB, a minor, was killed as a

11   direct result of the negligent conduct of Zobayan for which Defendant Island Express Helicopters

12   is vicariously liable in all respects.

13     171.   By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages

14   as are fair and just for the death and loss thus occasioned, including but not limited to the

15   pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

16   reasonable value of the services, consortium, companionship, comfort, society, instruction,

17   guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

18   death, further including, loss of probable support, past and future lost income, household services,

19   and other value of benefits which would have been provided by the deceased.

20     172.   Plaintiffs further claim such damages as the decedent may have suffered between

21   the time of injury and the time of death and for the recovery of which the decedent might have

22   maintained an action had death not ensued including, but not limited to, mental anguish, physical

23   disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

24   the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

25   include but are not limited to the wanton, willful callous, reckless and depraved conduct of

26   defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

27   wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1  indifference to and a conscious disregard for the safety of others that the decedent would have

2  been entitled to punitive damages had she lived.

3      173.    Plaintiffs further claim punitive damages in that this defendant engaged in actions

4  and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

5  others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island

6  Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness

7  of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On

8  information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with

9  conscious disregard of the rights or safety of others and authorized or ratified his wrongful

10  conduct, and itself engaged in conduct with malice, oppression, or fraud.

11      WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

12  Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased,

13  pray judgment against Defendant Island Express Helicopters as follows:

14      (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

15  service, comfort, support, right to support, companionship, solace or moral support, expectations

16  of future support and counseling, other benefits and assistance of Decedent GB according to proof;

17      (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

18  of financial support from Decedent GB;

19      (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

20  according to proof;

21      (D)    For prejudgment interest and post-judgment interest and costs;

22      (E)    For punitive damages in such sums as will serve to punish and deter Defendant

23  from future wrongdoing; and

24      (F)    For such other and further relief as the court deems just and proper.

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

## COUNT XVI

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - GB, MINOR)

174.   Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 173 inclusive of this Complaint

175.   Defendant Island Express Helicopters had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

176.   On information and belief, Defendant Island Express Helicopters was negligent in its duties as follows:

    a.   Defendant Island Express Helicopters knew or should have known that they were prohibited from operating the subject helicopter under Instrument Flight Rules (IFR);

    b.   Defendant Island Express Helicopters failed to have in place an adequate safety policy for cancellation of flights into known unsafe weather conditions;

    c.   Defendant Island Express Helicopters promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

    d.   Defendant Island Express Helicopters authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

177.   Defendant Island Express Helicopters' breach of duty and negligence caused the injuries and damages complained of herein.

178.   By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

179.   Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had she lived.

180.   Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and Successor in Interest to Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased; pray judgment against Defendant Island Express Helicopters as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent GB according to proof;

(B)   For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Decedent GB;

(C)   For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

1    (D)    For prejudgment interest and post-judgment interest and costs;

2    (E)    For punitive damages in such sums as will serve to punish and deter Defendant

3 from future wrongdoing; and

4    (F)    For such other and further relief as the court deems just and proper.

5                           **COUNT XVII**

6    **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT**
   **ISLAND EXPRESS HELICOPTERS' CAUSING OR AUTHORIZING THE OPERATION**
7   **OF AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER - - GB,**
                              **MINOR)**
8

9    181.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

10 paragraphs 1 through 180 inclusive of this Complaint

11   182.    Defendant Island Express Helicopters, by and through its agents and employees,

12 including Ara George Zobayan had a duty to use that degree of care that an ordinarily careful and

13 prudent company would use under the same or similar circumstances.

14   183.    The subject helicopter was at all times operated with Defendant Island Express

15 Helicopters' express or implied knowledge and consent.

16   184.    On information and belief, Defendant Island Express Helicopters operated the

17 aircraft in a negligent, careless or reckless manner, to wit, in that:

18        a.    Defendant Island Express Helicopters knew or should have known that they

19 were prohibited from operating the subject helicopter under Instrument Flight Rules (IFR);

20        b.    Defendant Island Express Helicopters failed to have in place an adequate

21 safety policy for cancellation of flights into known unsafe weather conditions;

22        c.    Defendant Island Express Helicopters promoted and engaged in

23 unnecessary and needlessly risky means of transport under the circumstances then and there

24 presenting; and

25        d.    Defendant Island Express Helicopters authorized, directed and/or permitted

26 a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

27   185.    By operation of California law, Defendant Island Express Helicopters is

28 responsible for damages caused by the negligence, carelessness, or recklessness of the aircraft

-50-

FIRST AMENDED COMPLAINT FOR DAMAGES

1 | pilot in that on the occasion in question the subject helicopter was being operated and used with its

2 | knowledge and consent.

3 |      186.    Plaintiffs' decedent, GB, a minor, was killed as a direct and proximate result of

4 | Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a

5 | negligent, careless or reckless manner as further set out above.

6 |      187.    By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages

7 | as are fair and just for the death and loss thus occasioned, including but not limited to the

8 | pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

9 | reasonable value of the services, consortium, companionship, comfort, society, instruction,

10 | guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

11 | death, further including, loss of probable support, past and future lost income, household services,

12 | and other value of benefits which would have been provided by the deceased.

13 |      188.    Plaintiffs further claim such damages as the decedent may have suffered between

14 | the time of injury and the time of death and for the recovery of which the decedent might have

15 | maintained an action had death not ensued including, but not limited to, mental anguish, physical

16 | disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

17 | the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

18 | include but are not limited to the wanton, willful callous, reckless and depraved conduct of

19 | defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

20 | wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

21 | indifference to and a conscious disregard for the safety of others that the decedent would have

22 | been entitled to punitive damages had she lived.

23 |      189.    Plaintiffs further claim punitive damages in that this defendant engaged in actions

24 | and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

25 | others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island

26 | Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness

27 | of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On

28 | information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with

1  conscious disregard of the rights or safety of others and authorized or ratified his wrongful

2  conduct, and itself engaged in conduct with malice, oppression, or fraud.

3        WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

4  Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased;

5  pray judgment against Defendant Island Express Helicopters as follows:

6        (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

7  service, comfort, support, right to support, companionship, solace or moral support, expectations

8  of future support and counseling, other benefits and assistance of Decedent GB according to proof;

9        (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

10  of financial support from Decedent GB;

11        (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

12  according to proof;

13        (D)    For prejudgment interest and post-judgment interest and costs;

14        (E)    For punitive damages in such sums as will serve to punish and deter Defendant

15  from future wrongdoing; and

16        (F)    For such other and further relief as the court deems just and proper.

17                              **COUNT XVIII**

18  **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF
   DEFENDANT ISLAND EXPRESS HELICOPTERS TO SUPERVISE AND TRAIN ITS
19  EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - GB, MINOR)**

20        190.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

21  paragraphs 1 through 189 inclusive of this Complaint

22        191.    At all times material to this action, the pilot of the subject helicopter served as an

23  employee and/or agent of Defendant Island Express Helicopters.

24        192.    Defendant Island Express Helicopters owed Plaintiffs a duty to exercise reasonable

25  care in the supervision and training of its employees and/or agents, including its pilots.

26        193.    On information and belief, Defendant Island Express Helicopters breached its

27  aforementioned duty to Plaintiffs by failing to exercise reasonable care in the supervision and

28

1 training of its employees and/or agents, including the subject pilot, specifically, but not limited to,

2 failing adequately to properly train and supervise pilots on flights in unsafe weather conditions.

3     194.     Defendant Island Express Helicopters knew or should have known that its

4 employee, Ara George Zobayan had previously been cited by the Federal Aviation Administration

5 (FAA) for violating the visual flight rules (VFR) minimums by flying into an airspace of reduced

6 visibility from weather conditions and this defendant failed to provide adequate training and/or

7 supervision to ensure the negligent action did not re-occur.

8     195.     By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages

9 as are fair and just for the death and loss thus occasioned, including but not limited to the

10 pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

11 reasonable value of the services, consortium, companionship, comfort, society, instruction,

12 guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

13 death, further including, loss of probable support, past and future lost income, household services,

14 and other value of benefits which would have been provided by the deceased.

15     196.     Plaintiffs further claim such damages as the decedent may have suffered between

16 the time of injury and the time of death and for the recovery of which the decedent might have

17 maintained an action had death not ensued including, but not limited to, mental anguish, physical

18 disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

19 the aggravating circumstances attendant upon the fatal injury. Such aggravating circumstances

20 include but are not limited to the wanton, willful callous, reckless and depraved conduct of

21 defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

22 wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

23 indifference to and a conscious disregard for the safety of others that the decedent would have

24 been entitled to punitive damages had she lived.

25     197.     Plaintiffs further claim punitive damages in that this defendant engaged in actions

26 and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

27 others, including Plaintiffs' deceased. Such damages are appropriate in light of Defendant Island

28 Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness

1  of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On

2  information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with

3  conscious disregard of the rights or safety of others and authorized or ratified his wrongful

4  conduct, and itself engaged in conduct with malice, oppression, or fraud.

5       WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

6  Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased;

7  pray judgment against Defendant Island Express Helicopters as follows:

8       (A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society,

9  service, comfort, support, right to support, companionship, solace or moral support, expectations

10  of future support and counseling, other benefits and assistance of Decedent GB according to proof;

11       (B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss

12  of financial support from Decedent GB;

13       (C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses

14  according to proof;

15       (D)     For prejudgment interest and post-judgment interest and costs;

16       (E)     For punitive damages in such sums as will serve to punish and deter Defendant

17  from future wrongdoing; and

18       (F)     For such other and further relief as the court deems just and proper.

## COUNT XIX

**(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO IMPLEMENT PROPER AND REASONABLE FLIGHT SAFETY RULES AND POLICIES - - GB, MINOR)**

22       198.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

23  paragraphs 1 through 197 inclusive of this Complaint

24       199.    Defendant Island Express Helicopters held itself out as an entity which could

25  carefully and competently provide and maintain safe helicopter transport services which were

26  utilized in the course of its operations.

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

200.     That Defendant Island Express Helicopters had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

201.     On information and belief, Defendant Island Express Helicopters failed adequately to implement proper and reasonable flight safety rules and policies in that it directed and allowed its pilots to fly in unsafe weather conditions and in areas where the pilot would encounter instrument meteorological conditions.

202.     Defendant Island Express Helicopters' failure adequately to implement proper and reasonable procedures caused the helicopter to enter instrument conditions, therefore causing the helicopter to crash and burn, resulting in the death of GB, a minor.

203.     That as a direct result of the aforesaid negligence and carelessness on the part of Defendant Island Express Helicopters, GB, a minor, was killed.

204.     By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

205.     Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

1  indifference to and a conscious disregard for the safety of others that the decedent would have

2  been entitled to punitive damages had she lived.

3      206.    Plaintiffs further claim punitive damages in that this defendant engaged in actions

4  and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

5  others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island

6  Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness

7  of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On

8  information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with

9  conscious disregard of the rights or safety of others and authorized or ratified his wrongful

10 conduct, and itself engaged in conduct with malice, oppression, or fraud.

11     WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

12 Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased;

13 pray judgment against Defendant Island Express Helicopters as follows:

14     (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

15 service, comfort, support, right to support, companionship, solace or moral support, expectations

16 of future support and counseling, other benefits and assistance of Decedent GB according to proof;

17     (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

18 of financial support from Decedent GB;

19     (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

20 according to proof;

21     (D)    For prejudgment interest and post-judgment interest and costs;

22     (E)    For punitive damages in such sums as will serve to punish and deter Defendant

23 from future wrongdoing; and

24     (F)    For such other and further relief as the court deems just and proper.

25

26

27

28

## COUNT XX

### (COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HELICOPTERS TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - GB, MINOR)

207.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 206 inclusive of this Complaint.

208.    Plaintiffs deceased, GB, a minor, was a passenger for hire of a helicopter transportation service controlled, operated, dispatched, and supervised by Defendant Island Express Helicopters.

209.    Defendant Island Express Helicopters held itself out as an entity which could safely and competently transport persons purchasing helicopter transportation services.

210.    At all times material hereto, Defendant Island Express Helicopters was and is an on-demand passenger transportation service carrying passengers who have purchased helicopter transportation services and doing so for hire and for profit as a common carrier.

211.    Defendant Island Express Helicopters had a duty to Plaintiffs' deceased to exercise the highest degree of care and diligence in the operation, management, and service of its helicopter transportation services to be provided to persons within the general public such as GB, a minor, and, specifically, the highest degree of care and diligence to provide a safe and airworthy aircraft.

212.    On information and belief, Defendant Island Express Helicopters failed to provide a reasonably safe aircraft for the use and transport of Plaintiffs' deceased thereby breaching its duty to exercise the highest degree of care.

213.    Plaintiffs' deceased was killed as a direct result and proximate result of Defendant Island Express Helicopters' failure to exercise the highest degree of care in providing a safe helicopter for their use and transport.

214.    Plaintiffs' decedent, GB, a minor, was killed as a direct and proximate result of Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

215.    By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

216.    Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had she lived.

217.    Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased; pray judgment against Defendant Island Express Helicopters as follows:

FIRST AMENDED COMPLAINT FOR DAMAGES

(A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent GB according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Decedent GB;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT XXI
### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO EQUIP HELICOPTER WITH SAFETY EQUIPMENT - - GB, MINOR)

218.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 217 inclusive of this Complaint.

219.    Defendant Island Express Helicopters held itself out as an entity which could carefully and competently provide safety equipment on its helicopters which were utilized in the course of its operations.

220.    Defendant Island Express Helicopters had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

221.    Defendant Island Express Helicopters had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

222.    On information and belief, Defendant Island Express Helicopters was negligent in its duties as it failed to purchase and equip its helicopters with a Terrain Avoidance and Warning System (TAWS) which provides a detailed image of surrounding terrain and triggers an auditory and visual warning.

223.    That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Island Express Helicopters GB, a minor, was killed.

224.    By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

225.    Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had she lived.

226.    Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

1  WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to
2  Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased;
3  pray judgment against Defendant Island Express Helicopters as follows:

4  (A)  For general damages suffered by Plaintiffs for loss of love, affection, care, society,
5  service, comfort, support, right to support, companionship, solace or moral support, expectations
6  of future support and counseling, other benefits and assistance of Decedent GB according to proof;

7  (B)  For economic damages suffered by Plaintiffs related to the loss of earnings and loss
8  of financial support from Decedent GB;

9  (C)  For economic damages suffered by Plaintiffs related to burial and funeral expenses
10  according to proof;

11  (D)  For prejudgment interest and post-judgment interest and costs;

12  (E)  For punitive damages in such sums as will serve to punish and deter Defendant
13  from future wrongdoing; and

14  (F)  For such other and further relief as the court deems just and proper.

15  **COUNT XXII**

16  **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT**
**ISLAND EXPRESS HOLDINGS' FAILURE TO USE ORDINARY CARE IN PROVIDING**
17  **PROPER AND SAFE AIRCRAFT SERVICES - - GB, MINOR)**

18  227.  Plaintiffs hereby incorporate by reference, as though fully set out herein,
19  paragraphs 1 through 226 inclusive of this Complaint

20  228.  Defendant Island Express Holdings had a duty to use that degree of care that an
21  ordinarily careful and prudent company would use under the same or similar circumstances.

22  229.  On information and belief, Defendant Island Express Holdings was negligent in its
23  duties as follows:

24  a.  Defendant Island Express Holdings knew or should have known that they
25  were prohibited from operating the subject helicopter under Instrument Flight Rules (IFR);

26  b.  Defendant Island Express Holdings failed to have in place an adequate
27  safety policy for cancellation of flights into known unsafe weather conditions;

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1     c. Defendant Island Express Holdings promoted and engaged in unnecessary

2 and needlessly risky means of transport under the circumstances then and there presenting; and

3     d. Defendant Island Express Holdings authorized, directed and/or permitted a

4 flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

5   230. Defendant Island Express Holdings' breach of duty and negligence caused the

6 injuries and damages complained of herein.

7   231. By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages

8 as are fair and just for the death and loss thus occasioned, including but not limited to the

9 pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

10 reasonable value of the services, consortium, companionship, comfort, society, instruction,

11 guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

12 death, further including, loss of probable support, past and future lost income, household services,

13 and other value of benefits which would have been provided by the deceased.

14   232. Plaintiffs further claim such damages as the decedent may have suffered between

15 the time of injury and the time of death and for the recovery of which the decedent might have

16 maintained an action had death not ensued including, but not limited to, mental anguish, physical

17 disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

18 the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

19 include but are not limited to the wanton, willful callous, reckless and depraved conduct of

20 defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

21 wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

22 indifference to and a conscious disregard for the safety of others that the decedent would have

23 been entitled to punitive damages had she lived.

24   233. Plaintiffs further claim punitive damages in that this defendant engaged in actions

25 and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

26 others, including Plaintiffs' deceased.

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1    WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to
2    Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased;
3    pray judgment against Defendant Island Express Holdings as follows:

4    (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,
5    service, comfort, support, right to support, companionship, solace or moral support, expectations
6    of future support and counseling, other benefits and assistance of Decedent GB according to proof;

7    (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss
8    of financial support from Decedent GB;

9    (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses
10   according to proof;

11   (D)    For prejudgment interest and post-judgment interest and costs;

12   (E)    For punitive damages in such sums as will serve to punish and deter Defendant
13   from future wrongdoing; and

14   (F)    For such other and further relief as the court deems just and proper.

15                                         **COUNT XXIII**
16   **(NEGLIGENCE  [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT**
     **ISLAND EXPRESS HOLDINGS' CAUSING OR AUTHORIZING THE OPERATION OF**
17   **AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER - - GB, MINOR)**

18   234.   Plaintiffs hereby incorporate by reference, as though fully set out herein,
19   paragraphs 1 through 233 inclusive of this Complaint

20   235.   Defendant Island Express Holdings, by and through its agents and employees had a
21   duty to use that degree of care that an ordinarily careful and prudent company would use under the
22   same or similar circumstances.

23   236.   The subject helicopter was at all times operated with Defendant Island Express
24   Holdings' express or implied knowledge and consent.

25   237.   On information and belief, Defendant Island Express Holdings operated the aircraft
26   in a negligent, careless or reckless manner, to wit, in that:

27   a.    Defendant Island Express Holdings knew or should have known that they
28   were prohibited from operating the subject helicopter under Instrument Flight Rules (IFR);

-63-
FIRST AMENDED COMPLAINT FOR DAMAGES

1    b.  Defendant Island Express Holdings failed to have in place an adequate

2 safety policy for cancellation of flights into known unsafe weather conditions;

3    c.  Defendant Island Express Holdings promoted and engaged in unnecessary

4 and needlessly risky means of transport under the circumstances then and there presenting; and

5    d.  Defendant Island Express Holdings authorized, directed and/or permitted a

6 flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

7   238. By operation of California law, Defendant Island Express Holdings is responsible

8 for damages caused by the negligence, carelessness, or recklessness of the aircraft pilot in that on

9 the occasion in question the subject helicopter was being operated and used with its knowledge

10 and consent.

11   239. Plaintiffs' decedent, GB, a minor, was killed as a direct and proximate result of

12 Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a

13 negligent, careless or reckless manner as further set out above.

14   240. By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages

15 as are fair and just for the death and loss thus occasioned, including but not limited to the

16 pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

17 reasonable value of the services, consortium, companionship, comfort, society, instruction,

18 guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

19 death, further including, loss of probable support, past and future lost income, household services,

20 and other value of benefits which would have been provided by the deceased.

21   241. Plaintiffs further claim such damages as the decedent may have suffered between

22 the time of injury and the time of death and for the recovery of which the decedent might have

23 maintained an action had death not ensued including, but not limited to, mental anguish, physical

24 disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

25 the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

26 include but are not limited to the wanton, willful callous, reckless and depraved conduct of

27 defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

28 wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

1  indifference to and a conscious disregard for the safety of others that the decedent would have

2  been entitled to punitive damages had she lived.

3      242.    Plaintiffs further claim punitive damages in that this defendant engaged in actions

4  and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

5  others, including Plaintiffs' deceased.

6      WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

7  Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased;

8  pray judgment against Defendant Island Express Holdings as follows:

9      (A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society,

10  service, comfort, support, right to support, companionship, solace or moral support, expectations

11  of future support and counseling, other benefits and assistance of Decedent GB according to proof;

12      (B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss

13  of financial support from Decedent GB;

14      (C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses

15  according to proof;

16      (D)    For prejudgment interest and post-judgment interest and costs;

17      (E)    For punitive damages in such sums as will serve to punish and deter Defendant

18  from future wrongdoing; and

19      (F)    For such other and further relief as the court deems just and proper.

20                      **COUNT XXIV**

21  **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF
    DEFENDANT ISLAND EXPRESS HOLDINGS TO SUPERVISE AND TRAIN ITS**

22  **EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - GB, MINOR)**

23      243.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

24  paragraphs 1 through 242 inclusive of this Complaint

25      244.    Defendant Island Express Holdings owed Plaintiffs a duty to exercise reasonable

26  care in the supervision and training of its pilots and its employees and/or agents.

27      245.    On information and belief, Defendant Island Express Holdings breached its

28  aforementioned duty to Plaintiffs by failing to exercise reasonable care in the supervision and

FIRST AMENDED COMPLAINT FOR DAMAGES

training of its pilots and its employees and/or agents, including the subject pilot, specifically, but not limited to, failing adequately to ensure that pilots were properly trained and supervised on flights in unsafe weather conditions.

246.    By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

247.    Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had she lived.

248.    Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased; pray judgment against Defendant Island Express Holdings as follows:

1      (A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society,

2   service, comfort, support, right to support, companionship, solace or moral support, expectations

3   of future support and counseling, other benefits and assistance of Decedent GB according to proof;

4      (B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss

5   of financial support from Decedent GB;

6      (C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses

7   according to proof;

8      (D)     For prejudgment interest and post-judgment interest and costs;

9      (E)     For punitive damages in such sums as will serve to punish and deter Defendant

10   from future wrongdoing; and

11      (F)     For such other and further relief as the court deems just and proper.

12   **COUNT XXV**

13   **(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT
14   ISLAND EXPRESS HOLDINGS' FAILURE TO IMPLEMENT PROPER AND
     REASONABLE FLIGHT SAFETY RULES AND POLICIES - - GB, MINOR)**

15      249.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

16   paragraphs 1 through 248 inclusive of this Complaint

17      250.    Defendant Island Express Holdings held itself out as an entity which could

18   carefully and competently provide and maintain safe helicopter transport services which were

19   utilized in the course of its operations.

20      251.    That Defendant Island Express Holdings had a duty to use that degree of care that

21   ordinarily careful and prudent operators of a helicopter transport business would use under the

22   same or similar circumstances.

23      252.    On information and belief, Defendant Island Express Holdings failed adequately to

24   implement proper and reasonable flight safety rules and policies in that it directed and allowed its

25   pilots to fly in unsafe weather conditions and in areas where the pilot would encounter instrument

26   meteorological conditions.

27

28

253. Defendant Island Express Holdings' failure adequately to implement proper and reasonable procedures caused the helicopter to enter instrument conditions, therefore causing the helicopter to crash and burn, resulting in the death of GB, a minor.

254. That as a direct result of the aforesaid negligence and carelessness on the part of Defendant Island Express Holdings, GB, a minor, was killed.

255. By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

256. Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury. Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had she lived.

257. Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and Successor in Interest to Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased; pray judgment against Defendant Island Express Holdings as follows:

1     (A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society,

2  service, comfort, support, right to support, companionship, solace or moral support, expectations

3  of future support and counseling, other benefits and assistance of Decedent GB according to proof;

4     (B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss

5  of financial support from Decedent GB;

6     (C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses

7  according to proof;

8     (D)     For prejudgment interest and post-judgment interest and costs;

9     (E)     For punitive damages in such sums as will serve to punish and deter Defendant

10  from future wrongdoing; and

11     (F)     For such other and further relief as the court deems just and proper.

## COUNT XXVI

### (COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDINGS TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - GB, MINOR)

258.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 257 inclusive of this Complaint.

259.    Plaintiffs deceased, GB, a minor, was a passenger for hire of a helicopter transportation service controlled, operated, dispatched, and supervised by Defendant Island Express Holdings.

260.    Defendant Island Express Holdings held itself out as an entity which could safely and competently transport persons purchasing helicopter transportation services.

261.    At all times material hereto, Defendant Island Express Holdings was and is an on-demand passenger transportation service carrying passengers who have purchased helicopter transportation services and doing so for hire and for profit as a common carrier.

262.    Defendant Island Express Holdings had a duty to Plaintiffs' deceased to exercise the highest degree of care and diligence in the operation, management, and service of its helicopter

1   transportation services to be provided to persons within the general public such as GB, a minor,

2   and, specifically, the highest degree of care and diligence to provide a safe and airworthy aircraft.

3       263.    On information and belief, Defendant Island Express Holdings failed to provide a

4   reasonably safe aircraft for the use and transport of Plaintiffs' deceased thereby breaching its duty

5   to exercise the highest degree of care.

6       264.    Plaintiffs' deceased was killed as a direct result and proximate result of Defendant

7   Island Express Holdings' failure to exercise the highest degree of care in providing a safe

8   helicopter for their use and transport.

9       265.    Plaintiffs' decedent, GB, a minor, was killed as a direct and proximate result of

10  Defendant Island Express Holdings causing or authorizing the operation of the helicopter in a

11  negligent, careless or reckless manner as further set out above.

12      266.    By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages

13  as are fair and just for the death and loss thus occasioned, including but not limited to the

14  pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

15  reasonable value of the services, consortium, companionship, comfort, society, instruction,

16  guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

17  death, further including, loss of probable support, past and future lost income, household services,

18  and other value of benefits which would have been provided by the deceased.

19      267.    Plaintiffs further claim such damages as the decedent may have suffered between

20  the time of injury and the time of death and for the recovery of which the decedent might have

21  maintained an action had death not ensued including, but not limited to, mental anguish, physical

22  disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

23  the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

24  include but are not limited to the wanton, willful callous, reckless and depraved conduct of

25  defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

26  wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

27  indifference to and a conscious disregard for the safety of others that the decedent would have

28  been entitled to punitive damages had she lived.

FIRST AMENDED COMPLAINT FOR DAMAGES

268.     Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased; pray judgment against Defendant Island Express Holdings as follows:

(A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Decedent GB according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Decedent GB;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT XXVII

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDINGS' FAILURE TO EQUIP HELICOPTER WITH SAFETY EQUIPMENT - - GB, MINOR)

269.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 268 inclusive of this Complaint.

270.     Defendant Island Express Holdings held itself out as an entity which could carefully and competently provide safety equipment on its helicopters which were utilized in the course of its operations.

271.     That Defendant Island Express Holdings had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

-71-

272.     Defendant Island Express Holdings had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

273.     On information and belief, Defendant Island Express Holdings was negligent in its duties as it failed to purchase and equip its helicopter with a traffic avoidance and warning system (TAWS).

274.     That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Island Express Holdings GB, a minor, was killed.

275.     By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

276.     Plaintiffs further claim such damages as the decedent may have suffered between the time of injury and the time of death and for the recovery of which the decedent might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the decedent would have been entitled to punitive damages had she lived.

277.     Plaintiffs further claim punitive damages in that this defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

1       WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

2  Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased;

3  pray judgment against Defendant Island Express Holdings as follows:

4       (A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society,

5  service, comfort, support, right to support, companionship, solace or moral support, expectations

6  of future support and counseling, other benefits and assistance of Decedent GB according to proof;

7       (B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss

8  of financial support from Decedent GB;

9       (C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses

10  according to proof;

11       (D)     For prejudgment interest and post-judgment interest and costs;

12       (E)     For punitive damages in such sums as will serve to punish and deter Defendant

13  from future wrongdoing; and

14       (F)     For such other and further relief as the court deems just and proper.

15  <u>**COUNT XXVIII**</u>

16  <u>**(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT**</u>
<u>**ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT**</u>
17  <u>**AIRCRAFT - - GB, MINOR)**</u>

18       278.    Plaintiffs hereby incorporate by reference, as though fully set out herein,

19  paragraphs 1 through 277 inclusive of this Complaint.

20       279.    On January 26, 2020, Ara George Zobayan was a licensed pilot employed by

21  Defendant Island Express Helicopters.

22       280.    Ara George Zobayan held himself out as a person who could carefully and

23  competently pilot or otherwise provide safe helicopter transportation services.

24       281.    Ara George Zobayan had a duty to use that degree of care that an ordinarily careful

25  and prudent helicopter pilot would use under the same or similar circumstances.

26       282.    On information and belief, Ara George Zobayan breached that duty and was

27  negligent by:

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1          a.     Defendant Zobayan failed to properly monitor and assess the weather prior

2 to takeoff;

3          b.     Defendant Zobayan failed to obtain proper weather data prior to the subject

4 flight;

5          c.     Defendant Zobayan failed to abort the flight when he knew of the cloudy

6 conditions;

7          d.     Defendant Zobayan improperly flew the helicopter into instrument flight

8 rules (IFR) conditions;

9          e.     Defendant Zobayan failed to maintain proper control of the helicopter in-

10 flight;

11          f.     Defendant Zobayan failed to properly avoid natural obstacles in the flight

12 path;

13          g.     Defendant Zobayan failed to keep a safe distance between the helicopter

14 and natural obstacles; and

15          h.     Defendant Zobayan failed to properly and safely operate the helicopter

16 resulting in a crash.

17     283.    As a direct and proximate result of the aforesaid negligence and carelessness on the

18 part of Defendant Zobayan, GB, a minor, was killed.

19     284.    By virtue of GB's untimely death, Plaintiffs are lawfully entitled to such damages

20 as are fair and just for the death and loss thus occasioned, including but not limited to the

21 pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the

22 reasonable value of the services, consortium, companionship, comfort, society, instruction,

23 guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such

24 death, further including, loss of probable support, past and future lost income, household services,

25 and other value of benefits which would have been provided by the deceased.

26     285.    Plaintiffs further claim such damages as the decedent may have suffered between

27 the time of injury and the time of death and for the recovery of which the decedent might have

28 maintained an action had death not ensued including, but not limited to, mental anguish, physical

1  disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering

2  the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances

3  include but are not limited to the wanton, willful callous, reckless and depraved conduct of

4  defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future

5  wrongdoing in that the acts and omissions of defendant has manifested such reckless and complete

6  indifference to and a conscious disregard for the safety of others that the decedent would have

7  been entitled to punitive damages had she lived.

8     286. Plaintiffs further claim punitive damages in that this defendant engaged in actions

9  and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of

10 others, including Plaintiffs' deceased.

11    WHEREFORE, Plaintiffs Vanessa Bryant, individually and as Successor in Interest to

12 Kobe Bryant, Deceased; and Vanessa Bryant as Successor in Interest to GB, a minor, deceased;

13 pray judgment against Defendant Berge Zobayan as Personal Representative of and/or Successor

14 in Interest to Ara George Zobayan, as follows:

15    (A) For general damages suffered by Plaintiffs for loss of love, affection, care, society,

16 service, comfort, support, right to support, companionship, solace or moral support, expectations

17 of future support and counseling, other benefits and assistance of Decedent GB according to proof;

18    (B) For economic damages suffered by Plaintiffs related to the loss of earnings and loss

19 of financial support from Decedent GB;

20    (C) For economic damages suffered by Plaintiffs related to burial and funeral expenses

21 according to proof;

22    (D) For prejudgment interest and post-judgment interest and costs;

23    (E) For punitive damages in such sums as will serve to punish and deter Defendant

24 from future wrongdoing; and

25    (F) For such other and further relief as the court deems just and proper.

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1   DATED:  April 2, 2020            MUNGER, TOLLES & OLSON LLP

2

3

4                                  By: _____ */s/ Brad D. Brian*
                                               BRAD D. BRIAN

5                             ROBB & ROBB LLC

6                                Gary C. Robb

7                                Anita Porte Robb
                               Andrew C. Robb

8                                Brittany Sanders Robb

9                             Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2        Plaintiffs hereby demand a jury trial on all matters triable to a jury.

3
DATED:  April 2, 2020                    MUNGER, TOLLES & OLSON LLP
4

5

6                                         By:  _____
                                                       /s/ Brad D. Brian
7                                                     BRAD D. BRIAN

8        ROBB & ROBB LLC

9            Gary C. Robb
             Anita Porte Robb
10           Andrew C. Robb
             Brittany SandersRobb
11
         Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28