JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
NICOLA T. HANNA
United States Attorney
DEBRA D. FOWLER VSB #30574
Debra.Fowler@usdoj.gov
Senior Aviation Counsel
Alan D. Mattioni PA #64259
Senior Aviation Counsel
Alan.Mattioni@usdoj.gov
Torts Branch, Civil Division
U.S. Department of Justice
Post Office Box 14271
Washington, DC 20044-4271
Phone: (202) 616-4025
Fax: (202) 616-4002

Attorneys for United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BRYANT, Individually, and as Successor in Interest to KOBE BRYANT, Deceased; VANESSA BRYANT, as Successor in Interest to GB, a minor, deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; BB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; and CB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT;<br><br>    Plaintiffs,<br><br>vs. | Case No. 2:20-cv-08953 ODW (PVCx)<br><br>UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS<br><br>[Fed. R. Civ. Pro. 12(b)(1), 12(h)(3)]<br><br>Hearing Date: Nov. 23, 2020<br>Hearing Time: 1:30 p.m.<br>Location:      Courtroom 5D<br>                       United States Courthouse<br>                       350 West First Street<br>                       Los Angeles, CA 90012<br><br>Honorable Otis D. Wright II |

1

| | |
|---|---|
| ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation; and DOE 1, as Personal representative of and/or Successor in Interest to ARA GEORGE ZOBAYAN, a California resident, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; and ISLAND EXPRESS HOLDING CORP., a California Corporation, | )<br>)<br>)<br>)<br>) |
| Cross-Complainants, | ) |
| vs. | ) |
| KYLE LARSEN, Individually; MATTHEW CONLEY, individually; and ROES 1 through 50, | )<br>)<br>)<br>) |
| Cross-Defendants. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES

The United States submits this Memorandum of Points and Authorities in support of its Motion to Dismiss the Third-Party complaint of Island Express Helicopters, Inc. and Island Express Holding Corp., Inc.

2

United States' Memo in Suppt. Of Motion to Dismiss                    2:20-cv-8953 ODW (PVCx)

## I.  **INTRODUCTION**

This matter arises out of the January 26, 2020 crash of a Sikorsky S-76 helicopter near Calabasas, California.  The crash resulted in the deaths of the pilot and his eight passengers.  As a result of the accident, Plaintiffs filed a wrongful death suit in Los Angeles County Superior Court naming the owners/operators of the helicopter, Island Express Helicopters, Inc. and Island Express Holding Corp. (hereafter collectively "IEX"), and the Estate of the pilot, Ara Zobayan, as defendants.  Plaintiffs filed a First Amended Complaint on April 2, 2020.  ECF No. 1-3, Ex. C.  On August 14, 2020, IEX filed a Cross-Complaint[1] for indemnity and declaratory relief naming FAA Air Traffic Controllers Kyle Larsen and Matthew Conley as cross-defendants.  ECF No. 1-2, Ex. B.  IEX specifically alleges in the Third-Party complaint that the Third-Party defendants "were acting in the course and scope of their employment as Air Traffic Controllers for the Southern California TRACON ("SOCAL"), a Federal Aviation Administration Terminal Radar Approach Control Facility, at all times relevant to this Cross-Complaint."  ECF No. 1-2, Ex. B ¶ 13.  On October 1, 2020, the United States

---

[1] California Code of Civil Procedure employs the terminology "cross-claim" for the pleading a defendant may file against a person not already a party to the action, as was filed here, and it defines the person who filed the cross-complaint as a "Third-Party Plaintiff" and the person alleged to be liable as a "Third-Party defendant."  Cal. Civ. Pro. Code §§ 428.10, 428.70.  Hereafter, the terms Third-Party plaintiff, Third-Party defendant and Third-Party complaint will be used in keeping with the terminology used in the Federal Rules of Civil Procedure.

3

United States' Memo in Suppt. Of Motion to Dismiss     2:20-cv-8953 ODW (PVCx)

timely removed this action pursuant to 28 U.S.C. §§ 1442, 1446 and 2679(d)(2). ECF No. 1.

The exclusive remedy for the negligent conduct of an employee of the United States acting within the scope of his employment is an action against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(1). As such, the Superior Court had no jurisdiction to adjudicate the claims raised in the Third-Party complaint, and because the Superior Court had no jurisdiction over the Third-Party complaint, this Court acquired none on removal. Accordingly, the United States respectfully moves this Court for an order dismissing the Third-Party complaint for lack of subject matter jurisdiction.

## II. LEGAL ARGUMENT

### A. Standard of Review

Rule 12(b)(1) motions can present "facial" or "factual" challenges to the court's subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Here, the challenge is facial.

4

United States' Memo in Suppt. Of Motion to Dismiss          2:20-cv-8953 ODW (PVCx)

**B.     The State Court Lacked Jurisdiction Over IEX's Claims Against the Federal Employees, Therefore, the Federal Court Acquired No Jurisdiction Upon Removal.**

Pursuant to 28 U.S.C. §2679(b), federal employees are immune from state law tort claims for injuries allegedly caused by the negligent performance of their federal duties. Indeed, the exclusive remedy for the negligent or wrongful act or omission an employee of the United States acting in the scope of his office or employment is an action against the United States under the Federal Tort Claims Act, 28 U.S.C. 28 §§ 1346(b); 2671-2680 (2012) ("FTCA"). The District Courts have exclusive jurisdiction of such civil actions. 28 U.S.C. § 1346(b)(1) provides:

> Subject to the provisions of chapter 171 of this title, the district courts … shall have *exclusive jurisdiction* of civil actions on claims against the United States, for money damages … for … personal injury or death caused by the negligent or *wrongful act or omission* of any employee of the Government *while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. (Emphasis added).

IEX's Third-Party complaint alleges:

> The accident was caused by a series of *erroneous acts and/or omission*s committed by Cross-Defendants Larsen and Conley, *both of whom were acting in the course and scope of their employment* as Air Traffic Controllers for the Southern California TRACON ("SOCAL"), a Federal Aviation Administration Terminal Radar Approach Control Facility, at all times relevant to this Cross Complaint.

ECF No. 1-2, Ex. B, ¶ 13 (emphasis added).

5

United States' Memo in Suppt. Of Motion to Dismiss          2:20-cv-8953 ODW (PVCx)

The allegations in IEX's Third-Party complaint track, nearly verbatim, the language of the FTCA and leave no question about the federal employment status of Larsen and Conley. Nor is there any doubt that the alleged negligent conduct was within the course and scope of their federal employment. As such, the claims seeking relief for their alleged negligence can only properly be raised under the FTCA in District Court. *See Colonial Mut. Ins. Co. v. United States*, No. SA-15-CV-917-XR, 2015 WL 7454698, at *2 (W.D. Tex., Nov. 23, 2015) ("Because Colonial alleges that their insured was injured by a federal government employee acting within the scope of her employment on behalf of USPS, Colonial must proceed with this action under the FTCA.") (quoting *In re Supreme Beef Processors, Inc.*, 468 F.3d 248 (5th Cir. 2006)). Consequently, the Los Angeles County Superior Court had no jurisdiction over the matters alleged in the Third-Party complaint. *See Richards v. United States*, 369 U.S. 1, 13 n.28 (1962); *Colonial Mut. Ins.Co*, 2015 WL 7454698, at *2.

Further, the United States District Court did not acquire subject matter jurisdiction over this case upon removal. While 28 U.S.C. § 1442 allows removal to district court, it does not determine whether the court has jurisdiction to hear the matter. *State Engineer, of the State of Nevada v. South Fork Band of the Te-Moak Tribe*, 339 F.3d 804, 809 (9th Cir. 2003). Under the derivative jurisdiction doctrine, when a case is removed from state to federal court, the jurisdiction of the

6

United States' Memo in Suppt. Of Motion to Dismiss      2:20-cv-8953 ODW (PVCx)

federal court is derived from the state court's jurisdiction. "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1182 (C.D. Cal. 2008) (quoting *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.,* 258 U.S. 377, 382 (1922)); *In re Elko Cnty Grand Jury,* 109 F.3d 554, 555 (9th Cir. 1997).

Although another court in this District recently declined to apply the derivative jurisdiction doctrine in a case based solely on 28 U.S.C. § 2679(d), Westfall Act certification of the two federal employees here does not preclude the application of the derivative jurisdiction doctrine under the circumstances of this case.[2] In fact, Congress intentionally preserved the United States' ability to invoke the doctrine of derivative jurisdiction under the precise circumstances presented here. In drafting the Jurisdiction and Venue Clarification Act of 2011, Congress considered abrogating the derivative jurisdiction doctrine but declined to do so. In deciding to "maintain the status quo treatment of derivative jurisdiction," the House Judiciary Committee report explicitly noted that the Department of Justice sometimes invokes the doctrine in suits involving Federal officers and agencies removed to Federal court:

---

[2] *Johnson v. United States,* 2018 WL 5880138, at *2-3 (declining to employ derivative jurisdiction doctrine to dismiss lawsuit that the United States removed pursuant to 28 U.S.C. § 2679(d), but observing that the derivative jurisdiction doctrine would compel dismissal "if removal was based on 28 U.S.C. section 1442 . . . .").

7

> To illustrate, a defendant seeking to escape a state court forum brings a third-party action against a Federal employee. If the Federal employee was acting within the scope of the employee's employment, the United States can remove the case to Federal court under USC Sec. 1442 & Sec. 2679. The Federal court then applies the derivative jurisdiction doctrine and dismisses the third-party claim against the Federal employee, remanding the underlying action to state court. DOJ says that in such instances the third-party claim against a Federal employee is often brought merely to obtain a Federal forum, thereby frustrating the plaintiff's choice of forum.

H.R. Rep. No. 112-10, at 3 (2011).

Here, Plaintiffs' chosen forum was the Los Angeles County Superior Court. By filing a Third-Party complaint in state court, which on its face states a claim arising under the FTCA, IEX forced the United States to remove this action, and thereby obtained a federal forum, frustrating the Plaintiffs' choice of forum. This is exactly the circumstance contemplated by Congress in preserving derivative jurisdiction as a means by which the Department of Justice could obtain dismissal of a Third-Party claim against a federal employee, and dismissal is warranted here. *Id.* Other courts have held likewise. *See Guevara v. United States*, No. 3:20-cv-0022-D, 2020 WL 1529005, at *3 (W.D. Tex., March 31, 2020) (state court claims asserting negligence of USPS employees acting within the scope of employment removed under § 2679(d) dismissed pursuant to derivative jurisdiction doctrine); *Colonial Mut. Ins. Co.*, 2015 WL 7454698, at *2 (suit alleging injuries were caused by federal employee acting within course and scope of employment must

8

United States' Memo in Suppt. Of Motion to Dismiss        2:20-cv-8953 ODW (PVCx)

be brought under FTCA; state court lacked jurisdiction and none was acquired on removal); *Parisi v. United States*, No. 12-3109, 2013 WL 1007240, at *3 (D.N.J., Mar. 12, 2013) (personal injury case naming Postmaster as defendant removed under § 1442 and § 2679(d) and then dismissed pursuant to derivative jurisdiction).

### C. Claims for Declaratory Relief are not Cognizable Under the FTCA.

The United States moves for dismissal of the Third-Party complaint in its entirety. Should the Court decline to dismiss entirely, the Third-Party complaint should be dismissed in part. Count five of IEX's Third-Party complaint is a claim for declaratory relief. ECF No. 1-2, Ex. B, p. 10 ¶ 39, p. 11, ¶¶ 1, 2. "[T]he only relief provided for in the FTCA is money damages." *Quechan Indian Tribe, v. United States,* 535 F. Supp. 2d 1072, 116 (S.D. Cal. 2019) (quoting *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992)) (dismissing claims for injunctive and declaratory relief in an FTCA case). As such, to the extent the Third-Party complaint asserts claims for declaratory relief those claims should be dismissed because they are not encompassed by the FTCA's limited waiver of the United States' sovereign immunity. 28 U.S.C. 1346(b).

### III. <u>CONCLUSION</u>

The state court did not have jurisdiction to adjudicate the claims asserted in the Third-Party complaint which can only properly be brought under the FTCA. Thus, this Court did not acquire jurisdiction upon removal. For these reasons and those

9

United States' Memo in Suppt. Of Motion to Dismiss     2:20-cv-8953 ODW (PVCx)

detailed above, the United States respectfully requests that the Third-Party complaint of IEX be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(h)(3).

Dated: October 19, 2020

                                        Respectfully submitted,

                                        JEFFREY BOSSERT CLARK
                                        Acting Assistant Attorney General
                                        Civil Division

                                        NICOLA T. HANNA
                                        United States Attorney
                                        */s/ Debra D. Fowler*
                                        DEBRA D.FOWLER
                                        Senior Aviation Counsel
                                        Debra.Fowler@usdoj.gov
                                        ALAN D. MATTIONI
                                        Senior Aviation Counsel
                                        Alan.Mattioni@usdoj.gov
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        Post Office Box 14271
                                        Washington, DC 20044-4271
                                        Tel: (202) 616-4025
                                        Fax: (202) 616-4002

                                        Attorneys for United States

10

United States' Memo in Suppt. Of Motion to Dismiss       2:20-cv-8953 ODW (PVCx)