GARY C. ROBB (*pro hac vice*)
gcr@robbrobb.com
ANITA PORTE ROBB (*pro hac vice*)
apr@robbrobb.com
ANDREW C. ROBB (*pro hac vice*)
acr@robbrobb.com
BRITTANY SANDERS ROBB (*pro hac vice*)
bsr@robbrobb.com
ROBB & ROBB LLC
1200 Main Street, Suite 3900
Kansas City, Missouri 64105
Telephone:   (816) 474-8080
Facsimile:    (816) 474-8081

BRAD D. BRIAN (State Bar No. 79001)
brad.brian@mto.com
LUIS LI (State Bar No. 156081)
Luis.li@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BRYANT, individually and as Successor in Interest to KOBE BRYANT, Deceased; VANESSA BRYANT as Successor in Interest to GB, a minor, deceased; NB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; BB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; and CB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation; and BERGE ZOBAYAN as Personal Representative of and/or Successor | Case No. 2:20-cv-08953 ODW (PVCx)<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**<br><br>Hearing Date: Nov. 23, 2020<br>Hearing Time: 1:30 p.m.<br>Location:  Courtroom 5D<br>             United States Courthouse<br>             350 West First Street<br>             Los Angeles, CA 90012<br><br>Honorable Otis D. Wright II |

in Interest to ARA GEORGE ZOBAYAN, a California Resident,

    Defendants.
_____

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation,

    Third-Party Plaintiffs,

vs.

UNITED STATES OF AMERICA; and ROES 1 through 50,

    Third-Party Defendants.

## PLAINTIFFS' REPLY MEMORNADUM IN SUPPORT OF MOTION TO REMAND

Plaintiffs Vanessa Bryant, individually, and as Successor in Interest to Kobe Bryant, GB (a minor), and her surviving minor children (together "Plaintiffs") submit this Memorandum of Points and Authorities in support of their Motion to Remand.

### I. INTRODUCTION

*First*, Island Express Helicopters, Inc. and Island Express Holding Corp.'s (together, "IEX") opposition is based on a threshold misunderstanding of the derivative jurisdiction doctrine. IEX alleges that when a case is removed under the Westfall Act, remand to state court is prohibited. But IEX fails to understand that the Westfall Act's prohibition on remand *does not apply when the removed claim is dismissed pursuant to derivative jurisdiction*. Indeed, none of the cases IEX cites in its opposition involve a dismissal by derivative jurisdiction. As numerous courts have held, when a case is removed under the Westfall Act and the federal defendant is

subsequently dismissed pursuant to derivative jurisdiction, the proper disposition is to remand any remaining claims to state court.

*Second*, IEX's Cross-Complaint should be dismissed. IEX's opposition makes clear that its Cross-Complaint was never intended to allege plausible state-law claims, but rather to manipulate the Westfall Act and the Federal Tort Claims Act (FTCA) in order to force removal to federal court and deprive Mrs. Bryant of her chosen forum. If there is any case where Congress envisioned that the derivative jurisdiction doctrine should apply, it is here.

## II. LEGAL ARGUMENT

### A. When a Claim Is Dismissed Pursuant to the Derivative Jurisdiction Doctrine, Any Remaining Claims Must Be Remanded to State Court.

The foundational principle underlying the doctrine of derivative jurisdiction is that "if the state court lacks jurisdiction of the subject-matter or of the parties, ***the federal court acquires none upon removal***[.]" *San Luis Obispo Coastkeeper v. U.S. Dep't of the Interior*, 394 F. Supp. 3d 984, 996 (N.D. Cal. 2019) (emphasis added) (*citing Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922)); *see Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, ***the federal court acquires none upon removal***." (emphasis added)); *accord Paris Providence v. United States*, No. 19-cv-04396 AB (JEMx), 2019 WL 6736914, at *1 (C.D. Cal., Aug. 9, 2019) ("[I]f the state court lacks jurisdiction over the subject-matter of the parties, ***the federal court acquires none upon removal***." (emphasis added)). Therefore, where the derivative jurisdiction

doctrine applies, removal does *not* grant the federal court with subject-matter jurisdiction.

IEX relies heavily on *Osborn v. Haley*, 549 U.S. 225 (2007), for the proposition that *Osborn* "categorically precludes a remand to the state court" after a case is removed under the Westfall Act. *See* IEX's Opp'n 6. But *Osborn* does not mention derivative jurisdiction, let alone discuss the proper disposition after a claim removed under the Westfall Act is dismissed pursuant to the derivative jurisdiction doctrine. When the doctrine applies, courts remand cases that were removed under the Westfall Act. In *Dellinger v. Richards*, No. 1:18-cv-02119, 2019 WL 4273878 (M.D. Pa. Sept. 10, 2019), for example, the plaintiff brought state-law negligence claims against a hospital. *Id.* at *1. The hospital then brought a third-party action against a doctor, in his individual capacity, alleging contribution and indemnification. *Id.* at *2. Subsequently, the Government certified that the doctor was acting as an employee of a federal health care center and removed the case under the Westfall Act. *Id.* at *1. After removal, the federal court found that "because the state court lacked jurisdiction over the third-party complaint at the time it was filed . . . the doctrine of derivative jurisdiction mandates that this case be dismissed for lack of subject matter jurisdiction." *Id.* at *4. Once it found that derivative jurisdiction applied, the court "dismiss[ed] the third-party complaint against the Government and remand[ed] th[e] case to the state court from which it was removed." *Id.* at *5.

Numerous other courts have remanded cases removed under the Westfall Act after dismissing the United States pursuant to the derivative jurisdiction doctrine. *See, e.g.*, *Hall v. Souder*, 1:18-cv-210 (TLS), 2019 WL 1015111 (N.D. Ind. Mar. 4, 2019) (remanding remaining claims to state court where case was removed under the

-4-
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Westfall Act, and then the federal defendant was dismissed pursuant to the derivative jurisdiction doctrine); *Brown v. Hospital "A"*, No. 2:17-cv-125, 2017 WL 5989717 (N.D. Ind. Dec. 4, 2017) (same); *A.Q.C. ex rel. Castillo v. Bronx-Lebanon Hosp. Ctr.*, No. 11-cv-2656 (NRB), 2012 WL 170902 (S.D.N.Y. Jan. 20, 2012) (same); *Johnson v. Louisville Intern. Airport*, No. 3:11-cv-216, 2011 WL 2710364 (W.D. Ky. 2011) (same). Each of these above-cited decisions proves that IEX's reliance on *Osborn* is wrong. In each decision (1) the case was removed under the Westfall Act; (2) the removed claim was dismissed under derivative jurisdiction; (3) the remaining claims were remanded to state court; and (4) the court's decision came *after* the Supreme Court's ruling in *Osborn*. Here, where IEX's Cross-Complaint faces dismissal under the derivative jurisdiction doctrine, *Osborn* simply does not apply.

IEX's other citations are similarly inapposite, as they fail mention derivative jurisdiction, let alone consider how derivative jurisdiction affects removals under the Westfall Act. In *Dayton v. Alaska*, 584 F. App'x 699, 700 (9th Cir. 2014), and *Golden v. State Military Dept. Nat'l Guard,* No. 2:16-cv-00507, 2016 8730892, at *2-3 (E.D. Cal. May 27, 2016), there was no dispute that the federal court properly acquired jurisdiction upon removal, even if the claims that invoked the federal question were later dismissed. Similarly, in *Hipps v. Virginia Mason Med. Ctr.*, No. C14-1198RSL, 2014 WL 7340822, at *3 (W.D. Wash. Dec. 22, 2014), the federal claim was dismissed for failure to exhaust administrative remedies under the FTCA, not because the state-court "lack[ed] jurisdiction over the subject-matter of the parties" prior to removal. *See San Luis Obispo Coastkeeper*, 394 F. Supp. 3d at 996.

Remand is particularly warranted here because IEX's state-law tort claims against the air traffic controllers in their individual capacities were a transparent

-5-
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

procedural ploy to force the United States to remove the case to federal court and deprive Mrs. Bryant of her chosen state-court forum. As IEX's Cross-Complaint makes clear, there is no doubt that IEX was aware that the air traffic controllers were federal employees acting within the scope of their employment. The lack of any precedent supporting the plausibility of state-law claims against air-traffic controllers in their individual capacities demonstrates that IEX's Cross-Complaint was brought solely for the purpose of obtaining federal jurisdiction by "forc[ing] the United States to remove this action." *See* USA's Mem. ISO Mot. to Dismiss 8, ECF No. 34-1.

### B. IEX's Cross-Complaint Should Be Dismissed.

IEX's opposition makes it abundantly clear that the sole purpose of its Cross-Complaint was not to assert plausible state-law claims, but to manipulate the Westfall Act and the FTCA to force removal to federal court and deprive Mrs. Bryant of her chosen forum. "The derivative jurisdiction doctrine is alive and well" in this Circuit. *See Rubie's LLC v. First Am. Title Co.*, No. 1:18-cv-01052 (DAD)(SKO), 2018 WL 6419674, at *3 (E.D. Cal. Dec. 6, 2018) ("[T]he doctrine of derivative jurisdiction remains the law of this Circuit for removals under § 1442."). If derivative jurisdiction is to apply anywhere, it must apply here. For the reasons stated in the United States' Motion to Dismiss and Plaintiffs' Joinder, Plaintiffs respectfully request that this Court grant the Government's Motion to Dismiss IEX's Cross-Complaint.

### III. CONCLUSION

The case law unambiguously indicates that after a claim removed under the Westfall Act is dismissed pursuant to derivative jurisdiction, any remaining claims must be remanded to state court. As the Government's Motion indicates, transparent attempts to forum-shop like IEX's Cross-Complaint are exactly why Congress kept

derivative jurisdiction alive. Accordingly, the Government's Motion to Dismiss IEX's Cross-Complaint should be granted, and Plaintiffs' remaining claims should be remanded to the Superior Court of the State of California, Los Angeles County.

**WHEREFORE**, for the above-stated reasons, Plaintiffs respectfully request that this Court enter its Order as follows:

(A) **GRANTIN**G Plaintiffs' Motion to Remand this case to Superior Court of the State of California, Los Angeles County; and

(B) For such other and further relief as the Court deems just and proper.

DATED:  November 9, 2020                    Respectfully submitted,

       **ROBB & ROBB LLC**

By:    /s/ Gary C. Robb_____
      GARY C. ROBB*
      ANITA PORTE ROBB*
      ANDREW C. ROBB*
      BRITTANY SANDERS ROBB*
      One Kansas City Place
      1200 Main Street, Suite 3900
      Kansas City, Missouri  64105
      Telephone:  (816) 474-8080

*Petition for Admission Granted

BRAD D. BRIAN
LUIS LI
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Fl.
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100

Attorneys for Plaintiffs Vanessa Bryant, individually and as Successor in Interest to Kobe Bryant, Deceased; VANESSA BRYANT as Successor in Interest to GB, a minor, deceased; NB,

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; BB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant; and CB, a minor, by her Natural Mother and Guardian Ad Litem, Vanessa Bryant