UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8953 FMO (PVCx) | Date | May 3, 2021 |
|---|---|---|---|
| Title | Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:** (In Chambers) Order Re: Pending Motions

Having reviewed and considered all the briefing filed with respect to third-party defendant United States of America's ("government" or "Gov't") Motion to Dismiss (Dkt. 34, "Gov't Motion"), and Plaintiffs' Motion to Remand (Dkt. 37, "Remand Motion"), the court finds that oral argument is not necessary to resolve the motions, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

This action arises from the January 26, 2020, helicopter crash in Calabasas, California that resulted in the deaths of Kobe Bryant; his minor daughter, GB; six other passengers, and the pilot, Ara George Zobayan ("Zobayan"). (See Dkt. 1-3, Exh. C, First Amended Complaint ("FAC")). On April 15, 2020, plaintiffs Vanessa Bryant, individually and in her capacity as widow of and successor in interest to Kobe Bryant and as the mother of, and/or successor in interests to GB, a minor; NB, a minor; BB, a minor, and CB, a minor, (collectively, "plaintiffs"), filed the operative First Amended Complaint in state court against Island Express Helicopters, Inc.; Island Express Holding Corp. (collectively, "IEX") and Berge Zobayan, as Personal Representative of and/or Successor in Interest to, Ara George Zobayan, asserting numerous state-law claims relating to the crash. (See id.).

On August 14, 2020, IEX filed a Cross-Complaint for Indemnity and Declaratory Relief against Kyle Larsen ("Larsen") and Matthew Conley ("Conley"), in their individual capacities. (See Dkt. 1-2, Exh. B, Third-Party Complaint). IEX alleges that at the time of the accident Larsen and Conley "were acting in the course and scope of their employment" as air traffic controllers for a Federal Aviation Administration Terminal Radar Approach Control Facility, and provided air traffic control services to Zobayan prior to the accident. (See id. at ¶¶ 13-14). According to IEX, the accident was caused by Larsen's and Conley's negligence. (See id. at ¶ 13); (id. at ¶¶ 14-31).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8953 FMO (PVCx) | Date | May 3, 2021 |
|---|---|---|---|
| Title | Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al. | | |

On September 30, 2020, pursuant to the Westfall Act,[1] specifically, 28 U.S.C. § 2679(d)(2), the Attorney General of the United States[2] certified that Larsen and Conley were "acting within the scope of [their] employment with the Federal Aviation Administration . . . at the time of the incident[.]" (Dkt. 1-13, Exh. M, Certification of Scope of Employment of Matthew Conley at 3); (Dkt. 1-14, Exh. N, Certification of Scope of Employment of Kyle Larsen at 3). That same day, the United States removed the action to this court pursuant to 28 U.S.C. § 1442 and § 2679(d)(2), and substituted itself as the third-party defendant in place of Larsen and Conley. (See Dkt. 1, NOR at 2, 6-7). In its NOR, the United States represented that the Third-Party Complaint was initiated against Larsen and Conley "in their individual capacities[,]" (id. at 3), and given the § 2679(d)(2) certifications, IEX's exclusive remedy is an action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b); 2671-80. (Id. at 4). Now pending are the government's and plaintiffs' motions.[3]

**DISCUSSION**

I.  GOVERNMENT'S MOTION TO DISMISS.

The government seeks dismissal of the Third-Party Complaint for lack of subject matter jurisdiction, or alternatively, because IEX's claim for declaratory relief is not cognizable. (See Dkt. 34, Gov't Motion at 3).

A.  Subject Matter Jurisdiction.

A defendant may seek to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (same). In a facial attack, the moving party

---

[1] The Federal Employees Liability Reform and Tort Compensation Act of 1988 is "commonly known as the Westfall Act[.]" See Osborn v. Haley, 549 U.S. 225, 229, 127 S.Ct. 881, 887 (2007).

[2] The Attorney General has delegated authority to certify scope of employment to the United States Attorneys and to the Director of the Torts Branch of the Department of Justice, Civil Division. See 28 C.F.R. § 15.4(a); (Dkt. 1, Notice of Removal ("NOR") at 5-6). In this case, the Director, Aviation, Space and Admiralty Litigation, Torts Branch, United States Department of Justice, made the certifications. (See Dkt. 1-13, Exh. M, Certification of Scope of Employment of Matthew Conley); (Dkt. 1-14, Exh. N, Certification of Scope of Employment of Kyle Larsen). The court, however, will simply refer to the certifications as made by the Attorney General.

[3] The case was initially assigned to another district judge. Following briefing on the pending motions, the case was reassigned to the undersigned.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8953 FMO (PVCx) | Date | **May 3, 2021** |
|---|---|---|---|
| Title | **Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al.** | | |

challenges the allegations in the complaint as insufficient "on their face to invoke federal jurisdiction." Meyer, 373 F.3d at 1039. In a factual attack, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

Here, the government asserts a facial attack arguing that dismissal is mandated by the derivative jurisdiction doctrine.[4] (See Dkt. 34-1, Memorandum in Support of Motion to Dismiss ("Memo") at 4); (id. at 5-9). The derivative jurisdiction doctrine provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." Arizona v. Manypenny, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17 (1981); Cox v. U.S. Dept. of Agriculture, 800 F.3d 1031, 1032 (9th Cir. 2015) (applying derivative jurisdiction doctrine to removal pursuant to 28 U.S.C. § 1442(a)(1)). "Although Congress has abolished th[e derivative jurisdiction] doctrine with respect to the general removal statute, 28 U.S.C. § 1441(a), [the Ninth Circuit] recently reaffirmed that the doctrine still applies to the federal officer removal statute." Rodriguez v. United States, 788 F.Appx. 535, 536 (9th Cir. 2019) (citing Cox, 800 F.3d at 1032).

The government contends that the derivative jurisdiction doctrine requires dismissal of the Third-Party Complaint because the state court lacked jurisdiction. (See Dkt. 34-1, Memo at 5-9). The court is unpersuaded. As one court put it, the government's position would be correct "if removal was based on 28 U.S.C. [§] 1442[,]" Johnson v. United States, 2018 WL 5880138, *2 (C.D. Cal. 2018), but it is incorrect to the extent removal is based on 28 U.S.C. § 2679(d). Id. at *2-*3. Significantly, "the FTCA contemplates the initiation in state court of a tort action against federal employees[,]" and its removal to federal court. See id. at *2; 28 U.S.C. § 1346(b)(1) ("Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"); 28 U.S.C. § 2679(d)(2)[5] ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court[.]"). Once the Attorney General certifies that an employee-defendant was acting within the scope of his or her employment at the time of the incident, the action "shall be removed" and "shall be deemed to be an action . . . brought against the United States . . . and the United States shall be

---

[4] Plaintiffs filed a Joinder in Support of the United States of America's Motion to Dismiss Cross-Complaint. (See Dkt. 36).

[5] Section 2679 is found in chapter 171 of Title 28. See 28 U.S.C. § 2679; see also Johnson, 2018 WL 5880138, at *2 (recognizing same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8953 FMO (PVCx) | Date | **May 3, 2021** |
|---|---|---|---|
| Title | **Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al.** | | |

substituted as the party defendant."[6]  28 U.S.C. § 2679(d)(2).  It is also at that point that the "litigation is . . . governed by the [FTCA]."  Osborn, 549 U.S. at 230, 127 S.Ct. at 888 ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.  The litigation is thereafter governed by the Federal Tort Claims Act (FTCA) . . . .  If the action commenced in state court, the case is to be removed to a federal district court[.]") (citing 28 U.S.C. § 2679(d)(2)).  Thus, while the government may be correct that state courts lack jurisdiction over FTCA actions, (see Dkt. 34-1, Memo at 5-6), it does not follow that the state court lacked jurisdiction over the instant action prior to certification and removal.  As the Supreme Court has noted, an action is "governed by the [FTCA]" after certification and removal.  See Osborn, 549 U.S. at 230, 127 S.Ct. at 888.  In short, the court finds that the derivative jurisdiction doctrine does not apply under the circumstances of this case.[7]  See Johnson, 2018 WL 5880138, at *3 (finding that the derivative jurisdiction doctrine did not apply given removal under § 2679).

      B.      <u>Failure to State a Claim</u>.

The government seeks dismissal of the declaratory relief claim because such claims are not cognizable under the FTCA.  (See Dkt. 34-1, Memo at 9); (Dkt. 1-2, Exh. B, Third-Party Complaint at ¶ 39).  IEX did not address or acknowledge this argument in its opposition.  (See, generally, Dkt. 38, Defendants/Third Party Plaintiffs['] Opposition to [] Motion to Dismiss and Joinder).  Accordingly, the court will grant the government's motion as to the declaratory relief claim.  See Silva v. U.S. Bancorp, 2011 WL 7096576, *3 (C.D. Cal. 2011) ("[T]he Court finds that Plaintiff concede[d] his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition."); Garrett v. City of Los Angeles, 2014 WL 11397949, *11 (C.D. Cal. 2014) ("deem[ing] plaintiff's . . . claim abandoned" because "Plaintiff's Opposition [did] not address defendants' arguments relating to [the] claim").

II.    PLAINTIFFS' MOTION TO REMAND.

Because the Remand Motion is predicated on the dismissal of the Third-Party-Complaint, (See Dkt. 37, Remand Motion at 3); (Dkt. 37-1, Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Remand at 3) ("Plaintiffs' state-law claims must be remanded should the Court grant the United States' Motion to Dismiss IEX's Cross-Complaint[.]"), the motion is denied.

---

[6] The "certification of the Attorney General shall conclusively establish scope of . . . employment for purposes of removal."  28 U.S.C. § 2679(d)(2).

[7] Although the government acknowledged the Johnson case, it sought to distinguish it by noting that it was "based solely on . . . § 2679(d)[.]"  (See Dkt. 34-1, Memo at 7).  However, like the government here, the government in Johnson removed the action based on both §§ 2679(d) and 1442.  See Johnson v. United States, CV 17-8125 DMG, Dkt. 1, Notice of Removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8953 FMO (PVCx) | Date | May 3, 2021 |
|---|---|---|---|
| Title | Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al. | | |

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Third-party defendant United States of America's Motion to Dismiss **(Document No. 34)** is **granted in part** and **denied in part**. The fifth cause of action for declaratory relief set forth in IEX's Third-Party Complaint is hereby dismissed. The Motion is denied in all other respects.

2. Plaintiffs' Motion to Remand **(Document No. 37)** is **denied**.

3. Except for the claim for declaratory relief, the United States shall file its Answer to the Third-Party Complaint no later than **May 14, 2021**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |