GARY C. ROBB (Admitted *Pro Hac Vice*)
gcr@robbrobb.com
ANITA PORTE ROBB (Admitted *Pro Hac Vice*)
apr@robbrobb.com
ANDREW C. ROBB (Admitted *Pro Hac Vice*)
acr@robbrobb.com
BRITTANY SANDERS ROBB (Admitted *Pro Hac Vice*)
bsr@robbrobb.com
ROBB & ROBB LLC
One Kansas City Place
Suite 3900, 1200 Main Street
Kansas City, Missouri 64105
Telephone:   (816) 474-8080
Facsimile:   (816) 474-8081

BRAD D. BRIAN (State Bar No. 79001)
brad.brian@mto.com
LUIS LI (State Bar No. 156081)
luis.li@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Bryant Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA BRYANT, individually and as Successor in Interest to KOBE BRYANT, Deceased; VANESSA BRYANT as Successor in Interest to GB, a minor, deceased; NATALIA BRYANT, individually as Surviving Child of KOBE BRYANT; BB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; and CB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT, <br><br> Plaintiffs, <br><br> vs. | Consolidated Case No. 2:20-cv-08953 FMO (PVCx) <br><br> **CONSOLIDATED COMPLAINT FOR DAMAGES (WRONGFUL DEATH/SURVIVAL ACTION/NEGLIGENCE/HELICOPTER CRASH)** <br><br> **DEMAND FOR JURY TRIAL** |

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation; BERGE ZOBAYAN as Personal Representative of and/or Successor in Interest to ARA GEORGE ZOBAYAN, a California Resident; OC HELICOPTERS, LLC, a California Limited Liability Company; and DOES 1 through 50,

         Defendants.

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation,

         Third Party-Plaintiffs,

    vs.

UNITED STATES OF AMERICA, and DOES 1 through 50,

         Third-Party Defendants.

JOHN JAMES ALTOBELLI, an individual and as Successor in Interest to AA, a minor, JOHN ALTOBELLI, and KERI ALTOBELLI; ALEXIS ALTOBELLI, individually as Surviving Child of JOHN ALTOBELLI and KERI ALTOBELLI,

         Plaintiffs,

    vs.

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation;

(Case No. 2:20-cv-08954 FMO (PVC))

1   and DOES 1 through 50,

2           Defendants.

3

4   ISLAND EXPRESS HELICOPTERS,
    INC., a California Corporation;
5   ISLAND EXPRESS HOLDING
6   CORP., a California Corporation,

7           Third Party-Plaintiffs,

8

9       vs.

10  UNITED STATES OF AMERICA, and
    DOES 1 through 50,
11

12          Third-Party Defendants.

13  CHRISTOPHER CHESTER,                          (Case No. 2:20-cv-08955 FMO (PVCx))
14  individually and as Successor in Interest
    to SARAH CHESTER and PC, a minor,
15  deceased; HC, a minor, by and through
    his Guardian ad Litem,
16  CHRISTOPHER CHESTER; RC, a
17  minor by and through his Guardian ad
    Litem, CHRISTOPHER CHESTER,
18

19          Plaintiffs,

20

21      vs.

22  ISLAND EXPRESS HELICOPTERS,
    INC., a California Corporation;
23  ISLAND EXPRESS HOLDINGS
24  CORP., a California Corporation; THE
    ESTATE OF ARA GEORGE
25  ZOBAYAN; and DOES 1 through 50,
26  inclusive,

27          Defendants.

28

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

CONSOLIDATED COMPLAINT FOR DAMAGES

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation,

Third Party-Plaintiffs,

vs.

UNITED STATES OF AMERICA, and DOES 1 through 50,

Third-Party Defendants.

MATTHEW MAUSER, an individual and as Successor in Interest to CHRISTINA MAUSER; PM, a minor, by and through her Guardian MATTHEW MAUSER; TM, a minor, by and through his Guardian MATTHEW MAUSER; IM, a minor, by and through her Guardian MATTHEW MAUSER,

Plaintiffs,

vs.

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation; and DOES 1 through 50,

Defendants.

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation,

Third Party-Plaintiffs,

(Case No. 2:20-cv-08956 FMO (PVC))

CONSOLIDATED COMPLAINT FOR DAMAGES

vs.

UNITED STATES OF AMERICA, and
DOES 1 through 50,

       Third-Party Defendants.

## INTRODUCTION PERTAINING TO ALL COUNTS

## INDEX

**PAGE**

**PRELIMINARY STATEMENT** .................................................. **10**

**BRYANT PLAINTIFFS** ............................................................. **10**

**ALTOBELLI PLAINTIFFS** ...................................................... **11**

**CHESTER PLAINTIFFS** ........................................................... **11**

**MAUSER PLAINTIFFS** ............................................................ **12**

**PLAINTIFFS' DECEASED** ....................................................... **12**

**DEFENDANT ISLAND EXPRESS HELICOPTERS, INC.** ...... **13**

**DEFENDANT ISLAND EXPRESS HOLDING CORP.** ............ **14**

**DEFENDANT BERGE ZOBAYAN AS PERSONAL
REPRESENTATIVE OF AND/OR SUCCESSOR IN
INTEREST TO ARA GEORGE ZOBAYAN** ............................ **15**

**DEFENDANT OC HELICOPTERS, LLC** ............................... **15**

**DEFENDANT DOES 1 THROUGH 50** .................................... **16**

**IDENTIFICATION OF AIRCRAFT** ....................................... **16**

**JURISDICTION** ....................................................................... **17**

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

**VENUE** ........................................................................................... **17**

**DATES AND ACTS OF CONDUCT COMPLAINED OF** ......... **17**

### INDEX TO COUNTS

**PAGE**

**COUNT I**      **NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' VICARIOUS LIABILITY FOR ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ................. **20**

**COUNT II**     **NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ................................................................ **24**

**COUNT III**    **NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' CAUSING OR AUTHORIZING THE OPERATION OF AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ................. **26**

**COUNT IV**    **NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS**

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

HELICOPTERS TO SUPERVISE AND TRAIN ITS EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER) ..................................................... 29

COUNT V          NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO IMPLEMENT PROPER AND REASONABLE FLIGHT SAFETY RULES AND POLICIES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER) ................. 32

COUNT VI         COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HELICOPTERS TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER) ................. 34

COUNT VII        NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO EQUIP HELICOPTER WITH SAFETY EQUIPMENT - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER) ................. 37

COUNT VIII       NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDINGS' FAILURE TO USE

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

**ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ............................................... **40**

**COUNT IX     NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDING'S CAUSING OR AUTHORIZING THE OPERATION OF AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** .................. **42**

**COUNT X      NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDING TO SUPERVISE AND TRAIN ITS EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** .................. **45**

**COUNT XI     NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDING'S FAILURE TO IMPLEMENT PROPER AND REASONABLE FLIGHT SAFETY RULES AND POLICIES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** .................. **47**

**COUNT XII    COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDING TO PROVIDE**

-8-

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

**HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ................ **49**

**COUNT XIII   NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDINGS' FAILURE TO EQUIP HELICOPTER WITH SAFETY EQUIPMENT - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ................ **51**

**COUNT XIV   NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ESTATE OF ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ................ **54**

**COUNT XV   NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT OC HELICOPTERS' FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ................ **56**

**COUNT XVI   NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT OC HELICOPTERS' CAUSING OR AUTHORIZING THE OPERATION OF AIRCRAFT IN A NEGLIGENT, CARELESS OR**

CONSOLIDATED COMPLAINT FOR DAMAGES

**RECKLESS MANNER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)** ................... **59**

## PRELIMINARY STATEMENT

1.      This is a negligence action seeking compensatory and punitive damages stemming from a helicopter crash in Calabasas, California on January 26, 2020, which resulted in the deaths of Kobe Bryant, GB, a minor, AA, a minor, Keri Altobelli, John Altobelli, Sarah Chester, PC, a minor, and Christina Mauser.

## BRYANT PLAINTIFFS

2.      Plaintiff Vanessa Bryant brings this action individually and in her capacity as Widow of and Successor in Interest to Kobe Bryant and as Natural Mother of, Next of Kin of, and Successor in Interest to GB, a minor.  Plaintiff Vanessa Bryant resides in California.

3.      Plaintiff Natalia Bryant brings this action individually and in her capacity as the Natural Daughter of Kobe Bryant.  Plaintiff Natalia Bryant resides in California.

4.      Plaintiff BB, a minor, brings this action by her Natural Mother and Guardian Ad Litem, Vanessa Bryant.

5.      Plaintiff CB, a minor, brings this action by her Natural Mother and Guardian Ad Litem, Vanessa Bryant.

6.      Plaintiff Vanessa Bryant became Co-Trustee of the Estate of Kobe Bryant upon his death.

## ALTOBELLI PLAINTIFFS

7.      Plaintiff John James Altobelli is the surviving son of John Altobelli, stepson of Keri Altobelli, and sibling of deceased AA, a minor. Plaintiff John James Altobelli resides within the State of California.  At all times relevant herein, Plaintiff John James Altobelli is the successor in interest for deceased AA, a minor, and John

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Altobelli.  Plaintiff John James Altobelli accordingly succeeds to the deceased's interests in this action and hereby asserts survival claims and all allowable survival damages.

8.      Plaintiff Alexis Altobelli is the surviving daughter of Keri and John Altobelli, as well as the sibling of deceased AA, a minor.  Plaintiff Alexis Altobelli resides within the State of California.  At all times relevant herein, Plaintiff Alexis Altobelli is the successor in interest for deceased Keri Altobelli and succeeds to the deceased's interests in this action and hereby asserts survival claims and all allowable survival damages for deceased Keri Altobelli.

## CHESTER PLAINTIFFS

9.      Plaintiff, Christopher Chester is an individual residing in Orange County, California. On the date of their deaths, he was the husband of Sarah Chester and father of PC, a minor.  (Sarah Chester and PC, a minor, are hereinafter collectively referred to as the "deceased".) Christopher Chester is deceased's successor in interest, and accordingly succeeds to deceased's interests in this action. As such, Christopher Chester hereby asserts all survival claims and damages allowed by law.

10.     Plaintiff, HC is a minor individual residing in Orange County, California. He is the biological son of Sarah Chester, and older brother of PC, a minor.

11.     Plaintiff, RC is a minor individual residing in Orange County, California. He is the biological son of Sarah Chester, and older brother of PC, a minor.

## MAUSER PLAINTIFFS

12.     Plaintiff Matthew Mauser is the surviving spouse of Christina Mauser. Plaintiff Matthew Mauser resides within the State of California.  At all times relevant herein, Plaintiff Matthew Mauser is the successor in interest for deceased

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Christina Mauser and accordingly succeeds to the deceased's interests in this action and hereby asserts survival claims and all allowable survival damages.

13.     Plaintiff PM, a minor, is the surviving daughter of Christina Mauser. Plaintiff PM is a minor represented by and through her Guardian Matthew Mauser, who is her natural father.

14.     Plaintiff TM, a minor, is the surviving son of Christina Mauser. Plaintiff TM is a minor represented by and through his Guardian Matthew Mauser, who is his natural father.

15.     Plaintiff IM, a minor, is the surviving daughter of Christina Mauser. Plaintiff IM is a minor represented by and through her Guardian Matthew Mauser, who is her natural father.

## PLAINTIFFS' DECEASED

16.     Plaintiffs' decedent, Kobe Bryant, age 41, died from injuries he sustained in the referenced helicopter crash of January 26, 2020.

17.     Plaintiffs' deceased, Kobe Bryant, was the husband of Plaintiff Vanessa Bryant and the father of Plaintiffs Natalia Bryant, BB and CB, minors.

18.     Plaintiffs' deceased, GB, age 13, died from injuries she sustained in the referenced helicopter crash of January 26, 2020.

19.     Plaintiffs' deceased, GB, was the minor child of deceased Kobe Bryant and Plaintiff Vanessa Bryant.

20.     Plaintiffs' deceased, John Altobelli, age 56, died from injuries he sustained in the referenced helicopter crash of January 26, 2020.

21.     Plaintiffs' deceased, John Altobelli, was the father of Plaintiffs John James Altobelli and Alexis Altobelli.

22.     Plaintiffs' deceased, Keri Altobelli, age 46, died from injuries she sustained in the referenced helicopter crash of January 26, 2020.

23.     Plaintiffs' deceased, Keri Altobelli, was the mother of Plaintiff Alexis Altobelli and the stepmother of Plaintiff John James Altobelli.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

24.     Plaintiffs' deceased, AA, age 14, died from injuries she sustained in the referenced helicopter crash of January 26, 2020.

25.     Plaintiffs' deceased, AA was the minor child of John and Keri Altobelli, and the sister of Plaintiffs John James Altobelli and Alexis Altobelli.

26.     Plaintiffs' deceased, Sarah Chester, age 45 died from injuries she sustained in the referenced helicopter crash of January 26, 2020.

27.     Plaintiffs' deceased, Sarah Chester, was the wife of Plaintiff Christopher Chester and the mother of Plaintiffs HC, a minor, and RC, a minor.

28.     Plaintiffs' deceased, PC, age 13, died from injuries she sustained in the referenced helicopter crash of January 26, 2020.

29.     Plaintiffs' deceased, PC was the minor daughter of Sarah Chester and Plaintiff Christopher Chester.

30.     Plaintiffs' deceased, Christina Mauser, age 38, died from injuries she sustained in the referenced helicopter crash of January 26, 2020.

31.     Plaintiffs' deceased, Christina Mauser, was the wife of Plaintiff Matthew Mauser and the father to Plaintiffs PM, a minor, TM, a minor, and IM, a minor.

## DEFENDANT ISLAND EXPRESS HELICOPTERS, INC.

32.     Defendant Island Express Helicopters, Inc. (hereinafter referred to as "Defendant Island Express Helicopters") is a California corporation located at 1175 Queens Highway, Long Beach, California.  Defendant Island Express Helicopters may be served through its Registered Agent, Phillip G. DiFiore, 1175 Queens Highway, Long Beach, California  90802.

33.     At all times material hereto, Defendant Island Express Helicopters conducted regular business activities in Long Beach, Los Angeles County, California.

34.     At all times pertinent hereto, Defendant Island Express Helicopters was and currently is engaged in the business of providing helicopter transportation to paying customers.

35.     At all times material hereto, Defendant Island Express Helicopters operated and maintained the subject Sikorsky S-76B helicopter by and through its various employees and agents.

36.     At all times material hereto, Defendant Island Express Helicopters was acting by and through its agents, servants and/or employees, each of whom was acting within the course and scope of his, her, or its employment or agency with Defendant Island Express Helicopters, including the pilot-in-command of the helicopter, Ara George Zobayan.

## DEFENDANT ISLAND EXPRESS HOLDING CORP.

37.     Defendant Island Express Holding Corp. (hereinafter referred to as "Defendant Island Express Holding") is a California corporation located at 67 D Street, Fillmore, California.  Defendant Island Express Holding may be served through its Registered Agent, Phillip G. DiFiore at 67 D Street, Fillmore, California 93105.

38.     At all times pertinent hereto, Defendant Island Express Holding conducted regular business activities in Long Beach, Los Angeles County, California.

39.     At all times pertinent hereto, Defendant Island Express Holding was and currently is the Registered Owner of the subject Sikorsky S-76B helicopter.

40.     On information and belief, at all times pertinent hereto, Defendant Island Express Holding was and currently is engaged in the business of providing helicopter transportation to paying customers.

41.     On information and belief, at all times material hereto, Defendant Island Express Holding owned, operated and maintained the subject Sikorsky S-76B helicopter by and through its various employees and agents.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

-14-

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

42.    At all times material hereto, Defendant Island Express Holding was acting by and through its agents, servants and/or employees, each of whom was acting within the course and scope of his, her, or its employment or agency with Defendant Island Express Holding, including Defendant Island Express Helicopters.

**DEFENDANT BERGE ZOBAYAN AS PERSONAL REPRESENTATIVE OF AND/OR SUCCESSOR IN INTEREST TO ARA GEORGE ZOBAYAN**

43.    Ara George Zobayan (hereinafter referred to as "Defendant Zobayan") was the pilot-in-command of the Sikorsky S-76B helicopter, registration no. N72EX, and was at all times the pilot-in command of that aircraft prior to and during the crash flight.

44.    Defendant Zobayan was killed in the helicopter crash that is the subject of this action.  Prior to his death, Defendant Zobayan resided at 16972 Pacific Coast Highway, Unit 104 in Huntington Beach, California.

45.    At the time of the crash, Defendant Zobayan was employed by Defendant Island Express Helicopters and was acting within the course and scope of his employment with Defendant Island Express Helicopters as the pilot-in-command of the subject aircraft.

46.    Berge Zobayan is the Personal Representative of and/or Successor in Interest to Ara George Zobayan.

**DEFENDANT OC HELICOPTERS, LLC**

47.    Defendant OC Helicopters, LLC (hereinafter referred to as "Defendant OC Helicopters") is a California limited liability company located at 19711 Campus Drive, Suite 260, Santa Ana, California 92707.  Defendant OC Helicopters may be served through its Registered Agent, Richard Webb, 19711 Campus Drive, Suite 260, Santa Ana, California 92707.

48.    At all times material hereto, Defendant OC Helicopters conducted regular business activities in Santa Ana, California.

49.     At all times pertinent hereto, Defendant OC Helicopters was and currently is engaged in the business of providing helicopter transportation to paying customers.

50.     At all times material hereto, Defendant OC Helicopters provided flight operations to one of Plaintiffs' deceased, Kobe Bryant, his family, and his businesses.

51.     At all times material hereto, Defendant OC Helicopters was acting by and through its agents, servants and/or employees, each of whom was acting within the course and scope of his, her, or its employment or agency with Defendant OC Helicopters.

## DEFENDANT DOES 1 THROUGH 50

52.     The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiffs. Plaintiffs are informed and believe, and thereupon allege, that each of the Defendants designated herein as a DOE was, and is, legally responsible, in negligence or in some other actionable manner, for the events and happenings of the subject helicopter crash, and thereby legally and proximately caused the deaths of Kobe Bryant, GB, a minor, AA, a minor, Keri Altobelli, John Altobelli, Sarah Chester, PC, a minor, and Christina Mauser, as well as damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

## IDENTIFICATION OF AIRCRAFT

53.     The aircrash that is the basis of this action involves a 1991 Sikorsky S-76B helicopter, serial number 760379, registration (tail) number N72EX.

54.     At all times pertinent hereto, the subject helicopter was owned by Defendant Island Express Holding, operated by Defendant Island Express

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Helicopters, piloted by Defendant Zobayan, and flight operations were provided by Defendant OC Helicopters.

## JURISDICTION

55.     Plaintiffs and Defendants are residents of California.

56.     The subject helicopter crashed on January 26, 2020, in Calabasas, California.

## VENUE

57.     Venue in the Central District of California is proper pursuant to 28 U.S.C. § 1391 because 1) a substantial part of the events giving rise to this claim occurred in this judicial district, and 2) Defendants are residents of this judicial district.

## DATES AND ACTS OF CONDUCT COMPLAINED OF

58.     On or about January 26, 2020, Kobe Bryant, GB, a minor, AA, a minor, Keri Altobelli, John Altobelli, Sarah Chester, PC, a minor, and Christina Mauser were passengers aboard the 1991 Sikorsky S-76B helicopter, registration (tail) number N72EX which was being flown from the John Wayne-Orange County Airport in Santa Ana, California to the Camarillo Airport in Camarillo, California.

59.     The subject helicopter departed John Wayne-Orange County Airport at approximately 9:06 a.m.

60.     On the morning of January 26, 2020, heavy fog and low clouds were reported in the Los Angeles area and, on information and belief, law enforcement agencies and tour companies had grounded their helicopters.

61.     According to the National Transportation Safety Board (NTSB), the flight sequence of events after departure were as follows:

ATC communications and radar data indicate the flight departed KSNA about 0906 PST.  N72EX proceeded to the north-northwest at an altitude of about 700 to 800 feet mean sea level (msl) under visual flight rules (VFR). At 0920, as the aircraft neared the Burbank class C

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

airspace, the pilot requested to transition the area along Highway 101. The current Burbank weather observation reported instrument flight rules (IFR) conditions. In response to the pilot's request, the air traffic controller advised that cloud tops were reported at 2,400 feet msl and queried the pilot's intentions; the pilot then requested a special VFR clearance (an ATC authorization to proceed in controlled airspace at less than VFR weather minima). The air traffic controller advised that the pilot would need to hold for a short time due to IFR traffic, which the pilot acknowledged. At 0932, ATC cleared the pilot of N72EX to transition the class C surface area following the I-5 freeway, maintaining special VFR conditions at or below 2,500 feet. The pilot acknowledged with a correct readback and climbed to approximately 1,400 feet msl (600 feet agl). In response to query, the pilot replied to the Burbank ATC that he would follow Highway 118 and "loop around VNY [Van Nuys Airport]" to follow Highway 101. ATC acknowledged and coordinated.

At 0939, as N72EX was passing west of Van Nuys at 1,500 feet msl, the VNY controller asked the pilot if he was in VFR conditions. The pilot replied "VFR conditions, one thousand five hundred," and the VNY controller advised him to contact Southern California Terminal Radar Approach Control (SCT) for radar advisory services.

The pilot reported to SCT that the flight was going to Camarillo at 1,500 feet. The SCT controller advised that he would not be able to maintain radar contact at that altitude and terminated services. The SCT controller was subsequently relieved by a different controller. At 0945, the pilot of N72EX again contacted SCT and advised he was climbing above cloud layers and requested advisory services. The second

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

controller was not aware of the aircraft, as services had previously been terminated, so asked the pilot to identify the flight. The SCT controller then asked the pilot his intentions, to which he replied he was climbing to 4,000 feet. There were no further transmissions.

Radar/ADS-B data indicate the aircraft was climbing along a course aligned with Highway 101 just east of the Las Virgenes exit. Between Las Virgenes and Lost Hills Road, the aircraft reached 2,300 feet msl (approximately 1,500 feet above the highway, which lies below the surrounding terrain) and began a left turn. Eight seconds later, the aircraft began descending and the left turn continued. The descent rate increased to over 4,000 feet per minute (fpm), ground speed reached 160 knots. The last ADS-B target was received at 1,200 feet msl approximately 400 feet southwest of the accident site.

62.     On information and belief, Island Express Helicopters' Federal Aviation Administration (FAA) operating certificate limited its pilots to flying only under visual flight rules (VFR). The subject helicopter was not licensed or certified to be flown into instrument conditions.

63.     On information and belief, the pilot-in command, Ara George Zobayan was required to fly only in conditions that he could navigate visually.

64.     Ara George Zobayan attempted to maneuver the helicopter up and forward to clear the clouds, then entered a turn sending the helicopter into the steep terrain at approximately 180 mph.

65.     OC Helicopters' founder and owner Richard Webb regularly discussed weather and routes with Island Express pilots prior to flights and during flights.

66.     The morning of this subject fatal crash, OC Helicopters founder and owner, Richard Webb, suggested the route for this subject fatal flight to Island Express pilot Ara George Zobayan. Webb personally checked and monitored

weather conditions on the hour every hour and told Zobayan that based on the weather reports, the subject fatal flight was doable and was a good flight plan. Webb continued to check weather updates and communicate with Zobayan during the fatal flight, and sent Zobayan a final weather related text twenty minutes after the crash.

67.     Witnesses on the ground reported seeing the helicopter flying through a layer of clouds and fog before the helicopter crashed.

68.     Plaintiffs' deceased, Kobe Bryant, GB, minor, AA, a minor, Keri Altobelli, John Altobelli, Sarah Chester, PC, a minor, and Christina Mauser, were killed in the crash.

69.     Upon being advised of the crash, Vanessa Bryant went to the John Wayne-Orange County Airport intending to fly to the crash scene, but Richard Webb told her that she could not take off due to weather.

70.     On information and belief, prior to this crash, in May 2015, the pilot-in-command Ara George Zobayan admitted to and was cited by the Federal Aviation Administration (FAA) for violating the visual flight rules (VFR) minimums by flying into an airspace of reduced visibility from weather conditions.

## COUNT I

**(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' VICARIOUS LIABILITY FOR ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT- - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)**

71.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 70 inclusive of this Complaint.

72.     Defendant Island Express Helicopters, by and through its agents and employees, including Ara George Zobayan, had a duty to use that degree of care that

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

an ordinarily careful and prudent company would use under the same or similar circumstances.

73. Pilot Ara George Zobayan had a duty to use that degree of care that an ordinarily careful and prudent pilot would use under the same or similar circumstances.

74. Defendant Island Express Helicopters is vicariously liable for any and all actions of Ara George Zobayan, including his negligent and careless piloting and operation of the subject helicopter, by reason of its principal and agent relationship with Ara George Zobayan.

75. On information and belief, Ara George Zobayan was negligent in the following respects:

a. Defendant Zobayan failed to properly monitor and assess the weather prior to takeoff;

b. Defendant Zobayan failed to obtain proper weather data prior to the subject flight;

c. Defendant Zobayan failed to abort the flight when he knew of the cloudy conditions;

d. Defendant Zobayan improperly flew the helicopter into instrument flight rules (IFR) conditions;

e. Defendant Zobayan failed to maintain proper control of the helicopter in-flight;

f. Defendant Zobayan failed to properly avoid natural obstacles in the flight path;

g. Defendant Zobayan failed to keep a safe distance between the helicopter and natural obstacles; and

h. Defendant Zobayan failed to properly and safely operate the helicopter resulting in a crash.

76. Defendant Island Express Helicopters knew or should have known that

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

1   its employee, Ara George Zobayan, had previously been cited by the Federal

2   Aviation Administration (FAA) for violating the visual flight rules (VFR)

3   minimums by flying into an airspace of reduced visibility from weather conditions.

4         77.     Defendant Island Express Helicopters' breach of its duty and

5   negligence caused the injuries and damages complained of herein and Plaintiffs'

6   deceased were killed as a direct result of the negligent conduct of Zobayan for

7   which Defendant Island Express Helicopters is vicariously liable in all respects.

8         78.     Plaintiffs are lawfully entitled to such damages as are fair and just for

9   the death and loss thus occasioned, including but not limited to the pecuniary losses

10   suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable

11   value of the services, consortium, companionship, comfort, society, instruction,

12   guidance, counsel, training, and support of which Plaintiffs have been deprived by

13   reason of such death, further including, loss of probable support, past and future lost

14   income, household services, and other value of benefits which would have been

15   provided by the deceased.

16         79.     Plaintiffs further claim such damages as the deceased may have

17   suffered between the time of injury and the time of death and for the recovery of

18   which the deceased might have maintained an action had death not ensued

19   including, but not limited to mental anguish, physical disability, conscious pain and

20   suffering, pre-impact terror, disfigurement, and further considering the aggravating

21   circumstances attendant upon the fatal injury.  Such aggravating circumstances

22   include but are not limited to the wanton, willful callous, reckless and depraved

23   conduct of Defendant which entitles Plaintiffs to punitive damages to punish the

24   Defendant and to deter future wrongdoing in that the acts and omissions of

25   Defendant has manifested such reckless and complete indifference to and a

26   conscious disregard for the safety of others that the deceased would have been

27   entitled to punitive damages had they lived.

28         80.     Plaintiffs further claim punitive damages in that this Defendant

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Helicopters as follows:

(A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)    For prejudgment interest and post-judgment interest and costs;

(E)    For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)    For such other and further relief as the court deems just and proper.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## COUNT II

## (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

81.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 80 inclusive of this Complaint.

82.     Defendant Island Express Helicopters had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

83.     On information and belief, Defendant Island Express Helicopters was negligent in its duties as follows:

a.     Defendant Island Express Helicopters knew or should have known that they were prohibited from operating the subject helicopter under Instrument Flight Rules (IFR);

b.      Defendant Island Express Helicopters failed to have in place an adequate safety policy for cancellation of flights into known unsafe weather conditions;

c.     Defendant Island Express Helicopters promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

d.     Defendant Island Express Helicopters authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

84.     Defendant Island Express Helicopters' breach of duty and negligence caused the injuries and damages complained of herein.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

85.     Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

86.     Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

87.     Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or

ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Helicopters as follows:

(A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of deceased according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from deceased;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT III

**(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' CAUSING OR AUTHORIZING THE OPERATION OF AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)**

88.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 87 inclusive of this Complaint.

89.     Defendant Island Express Helicopters, by and through its agents and employees, including Ara George Zobayan had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

90.     The subject helicopter was at all times operated with Defendant Island Express Helicopters' express or implied knowledge and consent.

91.     On information and belief, Defendant Island Express Helicopters operated the aircraft in a negligent, careless or reckless manner, to wit, in that:

a.     Defendant Island Express Helicopters knew or should have known that they were prohibited from operating the subject helicopter under Instrument Flight Rules (IFR);

b.     Defendant Island Express Helicopters failed to have in place an adequate safety policy for cancellation of flights into unsafe weather conditions;

c.     Defendant Island Express Helicopters promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

d.     Defendant Island Express Helicopters authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

92.     By operation of California law, Defendant Island Express Helicopters is responsible for damages caused by the negligence, carelessness, or recklessness of the aircraft pilot in that on the occasion in question the subject helicopter was being operated and used with its knowledge and consent.

93.     Plaintiffs' deceased were killed as a direct and proximate result of Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

94.     Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

income, household services, and other value of benefits which would have been provided by the deceased.

95. Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury. Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

96. Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased. Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation. On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Helicopters as follows:

(A) For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

moral support, expectations of future support and counseling, other benefits and assistance of deceased Kobe Bryant according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT IV

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HELICOPTERS TO SUPERVISE AND TRAIN ITS EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

97.     Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 96 inclusive of this Complaint.

98.     At all times material to this action, the pilot of the subject helicopter served as an employee and/or agent of Defendant Island Express Helicopters.

99.     Defendant Island Express Helicopters owed Plaintiffs a duty to exercise reasonable care in the supervision and training of its employees and/or agents, including its pilots.

100.    On information and belief, Defendant Island Express Helicopters breached its aforementioned duty to Plaintiffs by failing to exercise reasonable care in the supervision and training of its employees and/or agents, including the subject pilot, specifically, but not limited to, failing to adequately and properly train and

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

supervise pilots on flights in unsafe weather conditions.

101.    Defendant Island Express Helicopters knew or should have known that its employee, Ara George Zobayan, had previously been cited by the Federal Aviation Administration (FAA) for violating the visual flight rules (VFR) minimums by flying into an airspace of reduced visibility from weather conditions and this Defendant failed to provide adequate training and/or supervision to ensure the negligent action did not re-occur.

102.    Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

103.    Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

104. Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased. Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation. On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Helicopters as follows:

(A) For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased;

(B) For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C) For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D) For prejudgment interest and post-judgment interest and costs;

(E) For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F) For such other and further relief as the court deems just and proper.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## COUNT V

## (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO IMPLEMENT PROPER AND REASONABLE FLIGHT SAFETY RULES AND POLICIES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

105.   Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 104 inclusive of this Complaint.

106.   Defendant Island Express Helicopters held itself out as an entity which could carefully and competently provide and maintain safe helicopter transport services which were utilized in the course of its operations.

107.   That Defendant Island Express Helicopters had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

108.   On information and belief Defendant Island Express Helicopters failed adequately to implement proper and reasonable flight safety rules and policies in that it directed and allowed its pilots to fly in unsafe weather conditions and in areas where the pilot would encounter instrument meteorological conditions.

109.   Defendant Island Express Helicopters' failure adequately to implement proper and reasonable procedures caused the helicopter to enter instrument conditions, therefore causing the helicopter to crash and burn, resulting in the death of Plaintiffs' deceased.

110.   That as a direct result of the aforesaid negligence and carelessness on the part of Defendant Island Express Helicopters, Plaintiffs' deceased were killed.

111.   By virtue of Kobe Bryant's untimely death, Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death,

grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

112.    Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

113.    Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

CONSOLIDATED COMPLAINT FOR DAMAGES

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Helicopters as follows:

(A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased;

(B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)    For prejudgment interest and post-judgment interest and costs;

(E)    For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)    For such other and further relief as the court deems just and proper.

## COUNT VI

### (COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HELICOPTERS TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

114.   Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 113 inclusive of this Complaint.

115.   Plaintiffs' deceased were passengers in for hire of a helicopter transportation service controlled, operated, dispatched, and supervised by Defendant Island Express Helicopters.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

116.   Defendant Island Express Helicopters held itself out as an entity which could safely and competently transport persons purchasing helicopter transportation services.

117.   At all times material hereto, Defendant Island Express Helicopters was and is an on-demand passenger transportation service carrying passengers who have purchased helicopter transportation services and doing so for hire and for profit as a common carrier.

118.   Defendant Island Express Helicopters had a duty to Plaintiffs' deceased to exercise the highest degree of care and diligence in the operation, management, and service of its helicopter transportation services to be provided to persons within the general public such as Plaintiffs' deceased and, specifically, the highest degree of care and diligence to provide a safe and airworthy aircraft.

119.   On information and belief, Defendant Island Express Helicopters failed to provide a reasonably safe aircraft for the use and transport of Plaintiffs' deceased thereby breaching its duty to exercise the highest degree of care.

120.   Plaintiffs' deceased were killed as a direct result and proximate result of Defendant Island Express Helicopters' failure to exercise the highest degree of care in providing a safe helicopter for their use and transport.

121.   Plaintiffs' deceased were killed as a direct and proximate result of Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

122.   Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

1 income, household services, and other value of benefits which would have been

2 provided by the deceased.

3    123.   Plaintiffs further claim such damages as the deceased may have

4 suffered between the time of injury and the time of death and for the recovery of

5 which the deceased might have maintained an action had death not ensued

6 including, but not limited to mental anguish, physical disability, conscious pain and

7 suffering, pre-impact terror, disfigurement, and further considering the aggravating

8 circumstances attendant upon the fatal injury.  Such aggravating circumstances

9 include but are not limited to the wanton, willful callous, reckless and depraved

10 conduct of Defendant which entitles Plaintiffs to punitive damages to punish the

11 Defendant and to deter future wrongdoing in that the acts and omissions of

12 Defendant has manifested such reckless and complete indifference to and a

13 conscious disregard for the safety of others that the deceased would have been

14 entitled to punitive damages had they lived.

15    124.   Plaintiffs further claim punitive damages in that this Defendant

16 engaged in actions and conduct with malice, oppression, or fraud with a knowing

17 disregard of the rights or safety of others, including Plaintiffs' deceased.  Such

18 damages are appropriate in light of Defendant Island Express Helicopters' officers,

19 directors, or managing agents' advance knowledge of the unfitness of Defendant

20 Zobayan, including but not limited to knowledge of his prior violation.  On

21 information and belief, Defendant Island Express Helicopters employed Defendant

22 Zobayan with conscious disregard of the rights or safety of others and authorized or

23 ratified his wrongful conduct, and itself engaged in conduct with malice, oppression,

24 or fraud.

25    WHEREFORE, Plaintiffs pray judgment against Defendant Island Express

26 Helicopters as follows:

27    (A)   For general damages suffered by Plaintiffs for loss of love, affection,

28 care, society, service, comfort, support, right to support, companionship, solace or

-36-

moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)    For prejudgment interest and post-judgment interest and costs;

(E)    For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)    For such other and further relief as the court deems just and proper.

## <u>COUNT VII</u>

### <u>(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HELICOPTERS' FAILURE TO EQUIP HELICOPTER WITH SAFETY EQUIPMENT - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)</u>

125.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 124 inclusive of this Complaint.

126.    Defendant Island Express Helicopters held itself out as an entity which could carefully and competently provide safety equipment on its helicopters which were utilized in the course of its operations.

127.    Defendant Island Express Helicopters had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

128.    Defendant Island Express Helicopters had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

129.    On information and belief, Defendant Island Express Helicopters was negligent in its duties as it failed to purchase and equip its helicopters with a Terrain

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Avoidance and Warning System (TAWS) which provides a detailed image of surrounding terrain and triggers an auditory and visual warning.

130.   That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Island Express Helicopters, Plaintiffs' deceased were killed.

131.   Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

132.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

133.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.  Such

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

-38-

damages are appropriate in light of Defendant Island Express Helicopters' officers, directors, or managing agents' advance knowledge of the unfitness of Defendant Zobayan, including but not limited to knowledge of his prior violation.  On information and belief, Defendant Island Express Helicopters employed Defendant Zobayan with conscious disregard of the rights or safety of others and authorized or ratified his wrongful conduct, and itself engaged in conduct with malice, oppression, or fraud.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Helicopters as follows:

(A)     For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## COUNT VIII

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDING'S FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

134.   Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 133 inclusive of this Complaint.

135.   Defendant Island Express Holding had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

136.   On information and belief, Defendant Island Express Holdings was negligent in its duties as follows:

a.     Defendant Island Express Holding knew or should have known that the helicopter was prohibited from being operated under Instrument Flight Rules (IFR);

b.      Defendant Island Express Holding failed to ensure that there was in place an adequate safety policy for cancellation of flights into unsafe weather conditions;

c.     Defendant Island Express Holding promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

d.     Defendant Island Express Holding authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

137.   Defendant Island Express Holding's breach of duty and negligence caused the injuries and damages complained of herein.

138.   Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

139.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

140.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Holding as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)     For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## **COUNT IX**

**(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDING'S CAUSING OR AUTHORIZING THE OPERATION OF AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)**

141.   Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 140 inclusive of this Complaint.

142.   Defendant Island Express Holding, by and through its agents and employees had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

143.   The subject helicopter was at all times operated with Defendant Island Express Holding's express or implied knowledge and consent.

144.   On information and belief, Defendant Island Express Holding allowed the aircraft to be operated in a negligent, careless or reckless manner, to wit, in that:

a.     Defendant Island Express Holding knew or should have known that the helicopter was prohibited from being operated under Instrument Flight Rules (IFR);

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

b.      Defendant Island Express Holding failed to ensure that there was in place an adequate safety policy for cancellation of flights into unsafe weather conditions;

c.      Defendant Island Express Holding promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

d.      Defendant Island Express Holding authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

145.   By operation of California law, Defendant Island Express Holding is responsible for damages caused by the negligence, carelessness, or recklessness of the aircraft pilot in that on the occasion in question the subject helicopter was being operated and used with its knowledge and consent.

146.   Plaintiffs' deceased were killed as a direct and proximate result of Defendant Island Express Helicopters causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

147.   Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

148.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury. Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

149.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Holding as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)   For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)   For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)   For prejudgment interest and post-judgment interest and costs;

(E)   For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)   For such other and further relief as the court deems just and proper.

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## COUNT X

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDING TO SUPERVISE AND TRAIN ITS EMPLOYEES AND/OR AGENTS INCLUDING ITS PILOTS - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

150.   Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 149 inclusive of this Complaint.

151.   Defendant Island Express Holding owed Plaintiffs a duty to exercise reasonable care in the supervision and training of its pilots and its employees and/or agents.

152.   On information and belief, Defendant Island Express Holding breached its aforementioned duty to Plaintiffs by failing to exercise reasonable care in the supervision and training of its pilots and employees and/or agents, including the subject pilot, specifically, but not limited to, failing to ensure that pilots were properly trained and supervised on flights in unsafe weather conditions.

153.   Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

154.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

155.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Holding as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)   For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)   For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)   For prejudgment interest and post-judgment interest and costs;

(E)   For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)   For such other and further relief as the court deems just and proper.

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## COUNT XI

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDING'S FAILURE TO IMPLEMENT PROPER AND REASONABLE FLIGHT SAFETY RULES AND POLICIES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

156.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 155 inclusive of this Complaint.

157.    Defendant Island Express Holding held itself out as an entity which could carefully and competently provide and maintain safe helicopter transport services which were utilized in the course of its operations.

158.    Defendant Island Express Holding had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

159.    On information and belief, Defendant Island Express Holding failed adequately to ensure that proper and reasonable flight safety rules and policies were implemented in that it directed and allowed its pilots to fly in unsafe weather conditions and in areas where the pilot would encounter instrument meteorological conditions.

160.    Defendant Island Express Holding's failure adequately to implement proper and reasonable procedures caused the helicopter to enter instrument conditions, therefore causing the helicopter to crash and burn, resulting in the death of Plaintiffs' deceased.

161.    That as a direct result of the aforesaid negligence and carelessness on the part of Defendant Island Express Holding, Plaintiffs' deceased were killed.

162.    Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

163.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

164.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Holding as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)   For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

(C)     For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

## COUNT XII

**(COMMON CARRIER LIABILITY [WRONGFUL DEATH AND SURVIVAL ACTION] - - FAILURE OF DEFENDANT ISLAND EXPRESS HOLDING TO PROVIDE HIGHEST DEGREE OF CARE IN SUPPLYING SAFE AND AIRWORTHY HELICOPTER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)**

165.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 164 inclusive of this Complaint.

166.    Plaintiffs' deceased were passengers on a for hire of a helicopter transportation service controlled, operated, dispatched, and supervised by Defendant Island Express Holdings.

167.    Defendant Island Express Holdings held itself out as an entity which could safely and competently transport persons purchasing helicopter transportation services.

168.    At all times material hereto, Defendant Island Express Holdings was and is an on-demand passenger transportation service carrying passengers who have purchased helicopter transportation services and doing so for hire and for profit as a common carrier.

169.    Defendant Island Express Holdings had a duty to Plaintiffs' deceased to exercise the highest degree of care and diligence in the operation, management, and service of its helicopter transportation services to be provided to persons within the

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

-49-

general public such as Plaintiffs' deceased and, specifically, the highest degree of care and diligence to provide a safe and airworthy aircraft.

170.   On information and belief, Defendant Island Express Holdings failed to provide a reasonably safe aircraft for the use and transport of Plaintiffs' deceased thereby breaching its duty to exercise the highest degree of care.

171.   Plaintiffs' deceased were killed as a direct result and proximate result of Defendant Island Express Holdings' failure to exercise the highest degree of care in providing a safe helicopter for their use and transport.

172.   Plaintiffs' deceased were killed as a direct and proximate result of Defendant Island Express Holdings causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

173.   Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

174.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

175.    Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Holdings as follows:

(A)    For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)    For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)    For prejudgment interest and post-judgment interest and costs;

(E)    For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)    For such other and further relief as the court deems just and proper.

## COUNT XIII

**(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ISLAND EXPRESS HOLDINGS' FAILURE TO EQUIP HELICOPTER WITH SAFETY EQUIPMENT - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)**

176.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 175 inclusive of this Complaint.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

177.   Defendant Island Express Holdings held itself out as an entity which could carefully and competently provide safety equipment on its helicopters which were utilized in the course of its operations.

178.   That Defendant Island Express Holdings had a duty to use that degree of care that ordinarily careful and prudent operators of a helicopter transport business would use under the same or similar circumstances.

179.   Defendant Island Express Holdings had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

180.   On information and belief, Defendant Island Express Holdings was negligent in its duties as it failed to purchase and equip its helicopter with a traffic avoidance and warning system (TAWS).

181.   That as a direct and proximate result of the aforesaid negligence and carelessness on the part of Defendant Island Express Holdings Plaintiffs' deceased were killed.

182.   Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

183.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, and further considering the aggravating

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

circumstances attendant upon the fatal injury. Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

184.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant Island Express Holdings as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)   For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)   For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)   For prejudgment interest and post-judgment interest and costs;

(E)   For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)   For such other and further relief as the court deems just and proper.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## COUNT XIV

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT ESTATE OF ARA GEORGE ZOBAYAN'S FAILURE TO USE ORDINARY CARE IN PILOTING THE SUBJECT AIRCRAFT - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

185.   Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 184 inclusive of this Complaint.

186.   On January 26, 2020, Ara George Zobayan was a licensed pilot employed by Defendant Island Express Helicopters.

187.   Ara George Zobayan held himself out as a person who could carefully and competently pilot or otherwise provide safe helicopter transportation services.

188.   Ara George Zobayan had a duty to use that degree of care that an ordinarily careful and prudent helicopter pilot would use under the same or similar circumstances.

189.   On information and belief, Ara George Zobayan breached that duty and was negligent by:

a.      Defendant Zobayan failed to properly monitor and assess the weather prior to takeoff;

b.      Defendant Zobayan failed to obtain proper weather data prior to the subject flight;

c.      Defendant Zobayan failed to abort the flight when he knew of the cloudy conditions;

d.      Defendant Zobayan improperly flew the helicopter into instrument flight rules (IFR)  conditions;

e.      Defendant Zobayan failed to maintain proper control of the helicopter in-flight;

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

1         f.      Defendant Zobayan failed to properly avoid natural obstacles in

2 the flight path;

3         g.      Defendant Zobayan failed to keep a safe distance between the

4 helicopter and natural obstacles; and

5         h.      Defendant Zobayan failed to properly and safely operate the

6 helicopter resulting in a crash.

7     190.   As a direct and proximate result of the aforesaid negligence and

8 carelessness on the part of Defendant Zobayan, Plaintiffs' deceased were killed.

9     191.   Plaintiffs are lawfully entitled to such damages as are fair and just for

10 the death and loss thus occasioned, including but not limited to the pecuniary losses

11 suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable

12 value of the services, consortium, companionship, comfort, society, instruction,

13 guidance, counsel, training, and support of which Plaintiffs have been deprived by

14 reason of such death, further including, loss of probable support, past and future lost

15 income, household services, and other value of benefits which would have been

16 provided by the deceased.

17     192.   Plaintiffs further claim such damages as the deceased may have

18 suffered between the time of injury and the time of death and for the recovery of

19 which the deceased might have maintained an action had death not ensued

20 including, but not limited to mental anguish, physical disability, conscious pain and

21 suffering, pre-impact terror, disfigurement, and further considering the aggravating

22 circumstances attendant upon the fatal injury.  Such aggravating circumstances

23 include but are not limited to the wanton, willful callous, reckless and depraved

24 conduct of Defendant which entitles Plaintiffs to punitive damages to punish the

25 Defendant and to deter future wrongdoing in that the acts and omissions of

26 Defendant has manifested such reckless and complete indifference to and a

27 conscious disregard for the safety of others that the deceased would have been

28 entitled to punitive damages had they lived.

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

193.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant Berge Zobayan as Personal Representative of and/or Successor in Interest to Ara George Zobayan, as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

(B)   For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)   For economic damages suffered by Plaintiffs related to burial and funeral expenses according to proof;

(D)   For prejudgment interest and post-judgment interest and costs;

(E)   For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)   For such other and further relief as the court deems just and proper.

## <u>COUNT XV</u>

### <u>(NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT OC HELICOPTERS' FAILURE TO USE ORDINARY CARE IN PROVIDING PROPER AND SAFE AIRCRAFT SERVICES - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)</u>

194.   Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 193 inclusive of this Complaint.

-56-

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

195. Defendant OC Helicopters had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

196. On information and belief, Defendant OC Helicopters was negligent in its duties as follows:

a. Defendant OC Helicopters failed to properly assess and monitor the weather prior to and during the flight;

b. Defendant OC Helicopters failed to obtain proper weather data prior to and during the flight;

c. Defendant OC Helicopters improperly selected and recommended an unsafe route and flight plan, given the weather conditions;

d. Defendant OC Helicopters improperly failed to tell the Island Express pilot Ara George Zobayan to abort or cancel the flight or turn around when its agent and employee Richard Webb was in communications with Defendant Zobayan and monitoring the weather during the flight.

e. Defendant OC Helicopters failed to have in place an adequate safety policy for cancellation of flights into known unsafe weather conditions;

f. Defendant OC Helicopters promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

g. Defendant OC Helicopters authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

197. Defendant OC Helicopters' breach of duty and negligence caused the injuries and damages complained of herein.

198. Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable

value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

199.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, damage to clothing and personal property, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

200.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant OC Helicopters as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased according to proof;

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

(B)    For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)    For economic damages suffered by Plaintiffs related to damage to clothing and personal property and burial and funeral expenses according to proof;

(D)    For prejudgment interest and post-judgment interest and costs;

(E)    For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)    For such other and further relief as the court deems just and proper.

## COUNT XVI

### (NEGLIGENCE [WRONGFUL DEATH AND SURVIVAL ACTION] - - DEFENDANT OC HELICOPTERS' CAUSING OR AUTHORIZING THE OPERATION OF AIRCRAFT IN A NEGLIGENT, CARELESS OR RECKLESS MANNER - - (KOBE BRYANT, GB, A MINOR, AA, A MINOR, KERI ALTOBELLI, JOHN ALTOBELLI, SARAH CHESTER, PC, A MINOR, AND CHRISTINA MAUSER)

201.    Plaintiffs hereby incorporate by reference, as though fully set out herein, paragraphs 1 through 200 inclusive of this Complaint.

202.    Defendant OC Helicopters, by and through its agents and employees, had a duty to use that degree of care that an ordinarily careful and prudent company would use under the same or similar circumstances.

203.    The subject helicopter was at all times operated with Defendant OC Helicopters' express or implied knowledge and consent.

204.    On information and belief, Defendant OC Helicopters operated the aircraft in a negligent, careless or reckless manner, to wit, in that:

a.    Defendant OC Helicopters failed to properly assess and monitor the weather prior to and during the flight;

b.    Defendant OC Helicopters failed to obtain proper weather data prior to and during the flight;

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

c.     Defendant OC Helicopters improperly selected and recommended an unsafe route and flight plan, given the weather conditions;

d.     Defendant OC Helicopters improperly failed to tell the Island Express pilot Ara George Zobayan to abort or cancel the flight or turn around when its agent and employee Richard Webb was in communications with Defendant Zobayan and monitoring the weather during the flight.

e.     Defendant OC Helicopters failed to have in place an adequate safety policy for cancellation of flights into known unsafe weather conditions;

f.     Defendant OC Helicopters promoted and engaged in unnecessary and needlessly risky means of transport under the circumstances then and there presenting; and

g.     Defendant OC Helicopters authorized, directed and/or permitted a flight with full knowledge that the subject helicopter was flying into unsafe weather conditions.

205.   By operation of California law, Defendant OC Helicopters is responsible for damages caused by the negligence, carelessness, or recklessness in that on the occasion in question the subject helicopter was being operated and used with its knowledge and consent.

206.   Plaintiffs' deceased were killed as a direct and proximate result of Defendant OC Helicopters causing or authorizing the operation of the helicopter in a negligent, careless or reckless manner as further set out above.

207.   Plaintiffs are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, grief, sorrow, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, society, instruction, guidance, counsel, training, and support of which Plaintiffs have been deprived by reason of such death, further including, loss of probable support, past and future lost

income, household services, and other value of benefits which would have been provided by the deceased.

208.   Plaintiffs further claim such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to mental anguish, physical disability, conscious pain and suffering, pre-impact terror, disfigurement, damage to clothing and personal property, and further considering the aggravating circumstances attendant upon the fatal injury.  Such aggravating circumstances include but are not limited to the wanton, willful callous, reckless and depraved conduct of Defendant which entitles Plaintiffs to punitive damages to punish the Defendant and to deter future wrongdoing in that the acts and omissions of Defendant has manifested such reckless and complete indifference to and a conscious disregard for the safety of others that the deceased would have been entitled to punitive damages had they lived.

209.   Plaintiffs further claim punitive damages in that this Defendant engaged in actions and conduct with malice, oppression, or fraud with a knowing disregard of the rights or safety of others, including Plaintiffs' deceased.

WHEREFORE, Plaintiffs pray judgment against Defendant OC Helicopters as follows:

(A)   For general damages suffered by Plaintiffs for loss of love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, expectations of future support and counseling, other benefits and assistance of Plaintiffs' deceased;

(B)   For economic damages suffered by Plaintiffs related to the loss of earnings and loss of financial support from Plaintiffs' deceased;

(C)   For economic damages suffered by Plaintiffs related to damage to clothing and personal property and burial and funeral expenses according to proof;

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

(D)     For prejudgment interest and post-judgment interest and costs;

(E)     For punitive damages in such sums as will serve to punish and deter Defendant from future wrongdoing; and

(F)     For such other and further relief as the court deems just and proper.

DATED:  June 9, 2021                    ROBB & ROBB LLC


                                        By:  */s/ Gary C. Robb*
                                                GARY C. ROBB (Admitted *Pro Hac Vice*)
                                                ANITA PORTE ROBB (Admitted *Pro Hac Vice*)
                                                ANDREW C. ROBB (Admitted *Pro Hac Vice*)
                                                BRITTANY SANDERS ROBB (Admitted *Pro Hac Vice*)


                                        MUNGER, TOLLES & OLSON LLP
                                                BRAD D. BRIAN (State Bar No. 79001)
                                                LUIS LI (State Bar No. 156081)

                                        ***Attorneys for Bryant Plaintiffs***

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

DATED:  June 9, 2021                    PANISH SHEA & BOYLE LLP


                                        By:  */s/ Kevin R. Boyle*
                                            BRIAN J. PANISH (State Bar No.
                                            116060)
                                            KEVIN R. BOYLE (State Bar No.
                                            192718)
                                            SPENCER R. LUCAS (State Bar No.
                                            232498)
                                            MATTHEW STUMPF (State Bar No.
                                            301867)

                                        ***Attorneys for Mauser and Altobelli Plaintiffs***


DATED:  June 9, 2021                    AITKEN COHN


                                        By:  */s/ Wylie A. Aitken*
                                            WYLIE A. AITKEN (State Bar No.
                                            37770)
                                            DARREN O. AITKEN (State Bar No.
                                            145251)
                                            MICHAEL E. PENN (State Bar No.
                                            233817)

                                        ***Attorneys for Chester Plaintiffs***

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a jury trial on all matters triable to a jury.

DATED:  June 9, 2021            ROBB & ROBB LLC

By:  */s/ Gary C. Robb*
       GARY C. ROBB (Admitted *Pro Hac Vice*)
       ANITA PORTE ROBB (Admitted *Pro Hac Vice*)
       ANDREW C. ROBB (Admitted *Pro Hac Vice*)
       BRITTANY SANDERS ROBB (Admitted *Pro Hac Vice*)


MUNGER, TOLLES & OLSON LLP
       BRAD D. BRIAN (State Bar No. 79001)
       LUIS LI (State Bar No. 156081)

***Attorneys for Bryant Plaintiffs***


DATED:  June 9, 2021            PANISH SHEA & BOYLE LLP

By:  */s/ Kevin R. Boyle*
       BRIAN J. PANISH (State Bar No. 116060)
       KEVIN R. BOYLE (State Bar No. 192718)
       SPENCER R. LUCAS (State Bar No. 232498)
       MATTHEW STUMPF (State Bar No. 301867)

***Attorneys for Mauser and Altobelli Plaintiffs***

-1-

1   DATED:  June 9, 2021          AITKEN COHN

2

3

4                                By:  */s/ Wylie A. Aitken*
                                      WYLIE A. AITKEN (State Bar No.
5                                     37770)
                                      DARREN O. AITKEN (State Bar No.
6                                     145251)
                                      MICHAEL E. PENN (State Bar No.
7                                     233817)

8
                                 **Attorneys for Chester Plaintiffs**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robb & Robb LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## **PROOF OF SERVICE**

STATE OF MISSOURI, COUNTY OF JACKSON

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Jackson, State of Missouri.  My business address is One Kansas City Place, 1200 Main Street, Suite 3900, Kansas City, Missouri 64105.

On June 9, 2021, I served true copies of the following documents(s) described as:

CONSOLIDATED COMPLAINT FOR DAMAGES

on the interested parties in this action as follows:

### **SEE ATTACHED SERVICE LIST**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION Pursuant to CRC 2:251:**  I caused a copy of the document(s) to be sent from e-amil address janello@robbrobb.com to the persons at the e-mail addresses listed on the attached Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty or perjury under the laws of the State of Missouri that the foregoing is true and correct.

Executed on June 9, 2021 at Kansas City, Missouri.

*/s/ Jacie M. Anello*
Jacie M. Anello

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

## SERVICE LIST

Ross Cunningham, Esq.
Don Swaim, Esq.
D. Todd Parrish, Esq.
**CUNNINGHAM SWAIM, LLP**
4015 Main Street, Suite 200
Dallas, Texas 75226
rcunningham@cunninghamswaim.com
dswaim@cunninghamswaim.com
tparrish@cunninghamswaim.com

Michael J. Terhar, Esq.
Jonathan Hembree, Esq.
**CUNNINGHAM SWAIM, LLP**
2 N. Lake Avenue, Suite 550
Pasadena, California 91101
mterhar@cunninghamswaim.com
jhembree@cunninghamswaim.com

Todd Worthe, Esq.
**WORTH HANSON & WORTHE**
1851 E. First Street, 9th Floor
Santa Ana, California 92705
tworthe@whwlawcorp.com

Attorneys for Defendants and Third-
Party Plaintiffs
ISLAND EXPRESS HELICOPTERS,
INC. and ISLAND EXPRESS
HOLDING CORP.

Timothy J. Ryan, Esq.
Rebekka R. Martorano, Esq.
**THE RYAN LAW GROUP**
400 Capitol Mall, Suite 2540
Sacramento, California 95814
tryan@ryanlg.com
rmartorano@ryanlg.com

Attorneys for Defendant
OC HELICOPTERS, LLC

Arthur I. Willner, Esq.
Olga G Peña, Esq,
**LEADER BERKON COLAO &
     SILVERSTEIN LLP**
550 S. Hope Street, Suite 1850
Los Angeles, CA 90071
awillner@leaderberkon.com
opena@leaderberkon.com

Raymond L. Mariani, Esq.
**LEADER BERKON COLAO &
     SILVERSTEIN LLP**
630 Third Avenue, Floor 17
New York, New York 10017
rmariani@leaderberkon.com

Attorneys for Defendant
BERGE ZOBAYAN AS SUCCESSOR
IN INTEREST for ARA GEORGE
ZOBAYAN

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Debra D. Fowler, Esq.
Alan D. Mattioni, Esq.
Torts Branch, Civil Division
**U.S. DEPARTMENT OF JUSTICE**
Post Office Box 14271
Washington, DC 20044-4271
Debra.Fowler@usdoj.gov
Alan.Mattioni@usdoj.gov

Attorneys for Third-Party Defendants
UNITED STATES OF AMERICA

ROBB & ROBB LLC
1200 Main Street, Ste. 3900
Kansas City, MO 64105
816-474-8080

-3-
PROOF OF SERVICE