**ENGLAND PONTICELLO & ST.CLAIR**
Barry W. Ponticello (SBN 159339)
bponticello@eps-law.com
Brittany L. Sauter (SBN 321208)
bsauter@eps-law.com
701 "B" Street, Suite 1790
San Diego, CA  92101-8104
Tel: (619) 255-6450
Fax: (619) 255-8981

Attorneys for INTERVENOR,
SPORTS ACADEMY, LLC SPORTS ACADEMY /
THE HARTFORD ACCIDENT AND INDEMNITY COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BRYANT, individually and Successor in Interest to KOBE BRYANT, Deceased; VANESSA BRYANT as Successor in Interest to GB, a minor, deceased; NATALIA BRYANT, individually as Surviving Child of KOBE BRYANT; BB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; and CB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT,<br><br>                 Plaintiffs,<br><br>vs.<br><br>ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation; BERGE ZOBAYAN as Personal Representative of and/or Successor in Interest to ARA GEORGE ZOBAYAN, a California Resident; OC HELICOPTERS, LLC, a | **Consolidated Case No. 2:20-cv-08953-FMO (PVC)**<br><br>District Judge: Fernando M. Olguin<br>Magistrate Judge: Pedro V. Castillo<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION**<br><br>Complaint Filed: 04/20/2020<br>Removal Date: 09/30/2020<br>Trial date: TBD<br><br><br>**Date:  August 12, 2021**<br>**Time: 10:00 a.m.**<br>**Dept.: 6D**<br>**Judge: Hon. Fernando M. Olguin** |

1

1  California Limited Liability Company;
   and DOES 1 through 50,

2
                    Defendants.
3

4  ISLAND EXPRESS HELICOPTERS,
   INC., a California Corporation; ISLAND
   EXPRESS HOLDING CORP., a
5  California Corporation,

6           Third-Party Plaintiffs,

7  vs.

8  UNITED STATES OF AMERICA, and
   DOES 1 through 50,
9

10          Third-Party Defendants.

11

12  JOHN JAMES ALTOBELLI, an                (Case No. 2:20-cv-08954-FMO (PVC))
    individual and as Successor in Interest to
13  AA, a minor; JOHN ALTOBELLI and
    KERI ALTOBELLI; ALEXIS
14  ALTOBELLI, individually as Surviving
    Child of JOHN ALTOBELLI and KERI
15  ALTOBELLI,

16                 Plaintiffs,

17  vs.

18  ISLAND EXPRESS HELICOPTERS,
    INC., a California Corporation; ISLAND
19  EXPRESS HOLDING CORP., a
    California Corporation; and DOES 1
20  through 50,

21
                    Defendants.
22

23  ISLAND EXPRESS HELICOPTERS,
    INC., a California Corporation; ISLAND
24  EXPRESS HOLDING CORP., a
    California Corporation,
25

26          Third-Party Plaintiffs,

27  vs.

28
                                    2
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC
SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN
ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION

1
2
3

UNITED STATES OF AMERICA, and DOES 1 through 50,

       Third-Party Defendants.

4
5
6
7
8
9
10
11
12
13
14

CHRISTOPHER CHESTER, individually and as Successor in Interest to SARAH CHESTER and PC, a minor, deceased; HC, a minor, by and through his Guardian Ad Litem, CHRISTOPHER CHESTER,

       Plaintiffs,

vs.

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation; THE ESTATE OF ARA GEORGE ZOBAYAN; and DOES 1 through 50,

       Defendants.

(Case No. 2:20-cv-08955-FMO (PVC))

15
16
17
18
19
20
21
22

ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation,

       Third-Party Plaintiffs,

vs.

UNITED STATES OF AMERICA, and DOES 1 through 50,

       Third-Party Defendants.

23
24
25
26
27

MATTHEW MAUSER, an individual and as Successor in Interest to CHRISTINA MAUSER; PM, a minor; by and through her Guardian, MATTHEW MAUSER; TM, a minor, by and through his Guardian MATTHEW MAUSER; IM, a minor, by and through her Guardian MATTHEW MAUSER,

(Case No. 2:20-cv-08956-FMO (PVC))

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC
SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN
ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION

1

            Plaintiffs,

2

   vs.

3

ISLAND EXPRESS HELICOPTERS,
INC., a California Corporation; ISLAND

4

EXPRESS HOLDING CORP., a
California Corporation; and DOES 1

5

through 50,

6

            Defendants.

7

8

ISLAND EXPRESS HELICOPTERS,
INC., a California Corporation; ISLAND

9

EXPRESS HOLDING CORP., a
California Corporation,

10

        Third-Party Plaintiffs,

11

   vs.

12

UNITED STATES OF AMERICA, and
DOES 1 through 50,

13

14

        Third-Party Defendants.

15

16

SPORTS ACADEMY, LLC SPORTS
ACADEMY / THE HARTFORD

17

ACCIDENT AND INEMNITY
COMPANY,

18

19

        Intervenor.

20

21

22

23

24

25

26

27

28

4

1

## TABLE OF CONTENTS

2    I.   FACTUAL BACKGROUND………………………………………..6

3    II.   ARGUMENT…………………………………………………...8

4       A. ALL REQUIREMENTS FOR INTERVENTION
           BY RIGHT ARE SATISFIED………………………….....8

5          1. INTERVENOR's Motion is Timely……………………...9
          2. INTERVENOR's Protectible Interest in This
6             Action Arises Under California Labor
7             Code §§ 3850, *et seq*…………………………………………10
          3. INTERVENOR's Interests Would Be
8             Adversely Impaired if Intervention is
9             Not Permitted………………………………………………..11
          4. The Existing Parties Do Not
10             Adequately Represent INTERVENOR's
11             Interests in this Action………………………………….12
       B. IN THE ALTERNATIVE, ALL
12          REQUIREMENTS FOR PERMISSIVE
13          INTERVENTION BY RIGHT ARE
           ALSO SATISFIED………………………………………........13
14          1. INTERVENOR's Motion is Timely……………………13
          2. INTERVENOR's Subrogation Claim
15             Shares a Common Question of Fact and
16             Law with the Action Brought by
17             PLAINTIFFS………………………………………………14
          3. INTERVENOR's Intervention Will Not
18             Enlarge the Issues in this Litigation and
19             Will Not Unduly Delay or Prejudice the
20             Adjudication of this Action……………………………..14

21    III.   CONCLUSION………………………………………………16

22

23

24

25

26

27

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC
SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN
ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff-in-Intervention SPORTS ACADEMY, LLC SPORTS ACADEMY / THE HARTFORD ACCIDENT AND INDEMNITY COMPANY (hereinafter referred collectively as "INTERVENOR"), hereby submits the following Memorandum of Points and Authorities in support of INTERVENOR's Motion for Leave to File Its Complaint-In-Intervention, pursuant to the provisions of Rule 24 of the Federal Rules of Civil Procedure and California Labor Code §§ 3850 *et seq.*, including California Labor Code § 3852.

## I. FACTUAL BACKGROUND

On January 26, 2020, DECEDENT Christina Mauser (hereinafter referred to as "DECEDENT") was fatally injured and killed during the course and scope of her employment as a basketball coach for SPORTS ACADEMY, LLC, SPORTS ACADEMY FOUNDATION, MAMBA SPORTS ACADEMY DBA MAMBA (hereinafter referred to as "SPORTS ACADEMY"), when the helicopter she was traveling in to attend a basketball tournament crashed within Calabasas, California.

At the time of DECEDENT's injury and subsequent death, SPORTS ACADEMY was insured for workers' compensation liability by THE HARTFORD ACCIDENT AND INDEMNITY COMPANY (hereinafter referred to as "THE HARTFORD"). Consequently, THE HARTFORD was legally obligated under California law to provide workers' compensation benefits, including death benefits and funeral costs, on behalf of DECEDENT and to PLAINTIFFS MATTHEW MAUSER, PM, TM, and IM (hereinafter referred to a "PLAINTIFFS MAUSER") pursuant to California Labor Code § 3850, *et seq*.

On April 20, 2020, PLAINTIFFS MAUSER filed their Complaint for Damages with the Superior Court of California, County of Los Angeles under Case No. 20STCV14973. On September 30, 2020, this state civil matter was removed to the

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION

United States District Court, Central District of California by Third-Party Defendant, United States of America.  On October 23, 2020, PLAINTIFFS MAUSER filed their Motion to Remand Case to Los Angeles Superior Court.

On January 5, 2021, INTERVENOR circulated its stipulation to allow its Complaint-In-Intervention with proposed Complaint-In-Intervention based on its statutory right to intervene pursuant to California Labor Code §§ 3850, *et seq.* to the counsel of PLAINTIFFS MAUSER and Defendants ISLAND EXPRESS HELICOPTERS INC., ISLAND EXPRESS HOLDING CORP., and OC HELICOPTERS, LLC, and Third-Party Defendant, THE UNITED STATES OF AMERICA.[1]

On May 3, 2021, all Plaintiffs' (*Bryant, et al.; Altobelli, et al.; Chester, et al.; and Mauser, et al*.) Motions to Remand were denied by this Court.  On May 18, 2021, all party Plaintiffs (hereinafter referred to collectively as "PLAINTIFFS") stipulated to consolidate their cases under *Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al.*, with Consolidated Case No. 20-cv-08953-FMO.

On June 3, 2021, INTERVENOR circulated letter correspondence to all parties associated with this matter via email and U.S. mail concerning its intention to intervene in this Federal matter based upon the Court's denial of all Plaintiffs' Motions to Remand to state court, and circulation of its revised stipulation to allow its Complaint-In-Intervention with proposed Complaint-In-Intervention would follow upon receipt of PLAINTIFFS' Consolidated Complaint.[2]

Accordingly, INTERVENOR now seeks for leave to file its Complaint-In-Intervention.

///

---

[1] A true and correct copy of the email correspondence from attorney Jean Paul Jamarne to counsel for PLAINTIFFS MAUSER and all Defendants, dated January 5, 2021, with email attachments: Stipulation to Allow Complaint-in-Intervention and Complaint-in-Intervention, are attached to the Ponticello Declaration as Exhibit 1.

[2] A true and correct copy of the letter and email correspondences from attorney Brittany L. Sauter to all parties' counsels, dated June 3, 2021, is attached to the Ponticello Declaration as Exhibit 3.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION

## II. ARGUMENT

**A.   ALL REQUIREMENTS FOR INTERVENTION BY RIGHT ARE SATISFIED.**

Rule 24 of the Federal Rules of Civil Procedure sets forth the rules for intervention by right of a third party. Section 24(a)(2) provides that, "On timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that intertest."

More specifically, in the context of intervention by right, a party seeking intervention must meet four (4) requirements: (1) the applicant must timely move to intervene; (2) the Applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that intertest; and (4) the applicant's interest must not be adequately represented by existing parties. (Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).)

Here, all statutory requirements are satisfied. As SPORTS ACADEMY's workers' compensation benefit provider that became obligated to pay and has paid workers' compensation benefits on behalf of DECEDENT and to PLAINTIFFS MAUSER, INTERVOR has a statutory interest relating to the transaction that is the subject of this action.  As the workers' compensation benefit provider of SPORTS ACADEMY, INTERVENOR is so situated that the disposal of this action will as a practical matter impair or impede INTERVENOR's ability to protect that interest. Lastly, INTERVENOR's interests are not adequately represented by the existing parties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.     INTERVENOR's Motion is Timely.

"[T]imeliness is a prerequisite to any claim for Intervention under Rule 24. (United States v. British American Tobacco Australia Services, Ltd., 437 F.3d 1235, 1238 (D.C. Cir. 2006).)   Timeliness in bringing a Motion to Intervene should be construed broadly in favor of the party seeking intervention, especially in cases where Intervention by right is sought.  (United States v. State of Oregon, 745 F.2d 550, 552 (9th Cir. 1984).)

Under the California Labor Code, an employer has the unconditional right to intervene in an employee's action against a negligent third person "at any time before trial on the facts."  (Cal. Lab. Code § 3853; see Mar v. Sakti Int'l Corp., 9 Cal.App.4th 1780, 1789–90 (1992).)

In this case, INTERVENOR circulated its original Complaint-in-Intervention to the counsels of PLAINTIFFS MAUSER, Defendant Island Express Helicopters, Inc., Defendant Island Express Holding Corp., and Third-Party Defendant, United States of America on January 5, 2021.[3]   On June 3, 2021, INTERVENOR provided notice to ***all parties*** to this action of its intent to intervene upon receipt of the Consolidated Complaint.[4]   At this time, Defendants have not filed Answers to the Consolidated Complaint, Plaintiffs has not yet voluntarily dismissed this case. Although Plaintiff has filed a Notice of Settlement with the Court, this Notice does not dismiss the action without further action by the parties.  Trial on the merits of this case has not yet occurred and the case is currently still pending.

Therefore, INTERVENOR's Motion for Leave to File Complaint-in-Intervention is timely.

///

---

[3] See Exhibit 1.
[4] See Exhibit 3.

9

## 2.    INTERVENOR's Protectible Interest in This Action Arises Under California Labor Code §§ 3850, *et seq.*

A party is considered to have a sufficient interest for intervention purposes if it will suffer a practical impairment of its interest as a result of the pending litigation. (California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006).)  The case must be such that its resolution will have an actual effect on the intervenor. (Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003).)

Under California Labor Code § 3852, "Any employer who pays or becomes obligated to pay compensation . . . may likewise make a claim or bring an action against the third person. . . . [T]he employer may recover in the same suit, in addition to the total amount of compensation, damages for which he or she was liable including all salary, wage, pension, or other emolument paid to the employee or to his or her dependents."  And under §§ 3850–3865 of the Labor Code, "'Employer' includes insurer as defined in this division." (Cal. Lab. Code § 3850.)

An employer who paid benefits to an employee injured on the job has the right to intervene in the employee's lawsuit against the person causing the injury for the purpose of recouping its damages (i.e., the benefits paid).  (San Diego Unified Port Dist. v. Sup. Ct. (Marriott Corp.), 197 Cal.App.3d 843, 846 (1988); Carden v. Otto, 37 Cal.App.3d 887, 891 (1974).)

Therefore, INTERVENOR is an employer in this action pursuant to California Labor Code § 3850.  Further, California Labor Code §§ 3850, *et seq*. confers an unconditional right upon INTERVENOR to intervene in this action as an insurer who paid DECEDENT's workers' compensation benefits as a direct result of the actions of third parties.

Furthermore, while INTERVENOR recognizes that California procedural case law is not binding on this Court, it is notable that the California standards for a Motion

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION

to Intervene follows Rule 24 of the Federal Rules of Civil Procedure and provides that:

> Upon timely application, any person, <u>who has an interest in the matter in litigation, or in the success of either parties</u>, or an interest against both, may intervene in the action or proceeding…if the person seeking intervention claims as interest relating to the property or transaction which is the subject of the action and that person is so situated that <u>the disposition of the action may as a practical matter impair or impede the person's ability to protect that interest</u>, unless that person's interest is adequately represented by existing parties, <u>the court shall</u>, upon timely application, <u>permit that person to intervene</u>.

(Cal. Civ. Proc. Code § 387(a), emphasis added.)

As previously discussed, INTERVENOR has a subrogation interest in this action, which it seeks to protect through Intervention.  Accordingly, this Court must allow INTERVENOR to file its Complaint-In-Intervention.

**3.     INTERVENOR's Interests Would Be Adversely Impaired if Intervention is Not Permitted.**

It must also be shown that disposition of the pending action would, "as a practical matter impair or impede the movant's ability to protect its interest." (<u>SEC v. Navin</u>, 166 F.R.D. 435, 440 (N.D. Cal. 1995).)  While it has been found that proposed intervenors' interests might not be impaired if they have other means to protect themselves even if the lawsuit would affect those interests, here, INTERVENOR has no other means to protect their right to reimbursement other than through intervention.  Therefore, intervention is appropriate.  (See <u>Lockyer</u>, 450 F.3d at 442.)

It follows from our prior discussions of INTERVENOR's significant protectible interests that disposition of this action may impair or impede those interests. It is undisputed that disposition of this case without permitting INTERVENOR to intervene

would significantly impact INTERVENOR's ability to litigate and recover the workers' compensation benefits it paid due to the negligence of Defendants.

As such, INTERVENOR's interests will be adversely impacted if prohibited from intervening to protect its right to recover workers' compensation benefits paid under California Labor Code §§ 3850, *et seq*.

### 4.     The Existing Parties Do Not Adequately Represent INTERVENOR's Interests in this Action.

Numerous factors are considered in determining the adequacy of representation, including: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the president party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that the other parties would neglect. (Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003).)  However, "[t]he most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties."  (Id.)

In this case, there are no present parties who will make, or will be willing to make any of INTERVENOR's arguments, the majority of which will entail that as a result of Defendants' negligence, INTERVENOR is entitled to reimbursement for the workers compensation benefits it paid on behalf of DECEDENT and PLAINTIFFS MAUSER. In fact, each and every party to this action will argue that INTERVENOR is not entitled to reimbursement, or that its reimbursement will be significant reduced based on the principles of comparative fault, specifically employer negligence.  Under California Code of Civil Procedure § 1431.2, in any action for personal injury, based upon principles of comparative fault, the liability of each defendant for non-economic damages is several only; thus, each defendant is liable only for the amount of non-economic damages allocated to that defendant in direct proportion to the defendant's

12

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC
SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN
ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION

percentage of fault, in a separate judgment shall be rendered against that defendant for that amount. Furthermore, Cal. Civ. Proc. Code § 1431.2 has the effect of turning defendants against one another in the hopes of decreasing one defendant's percentage of fault by increasing another defendant's percentage of fault.  Here, ***all parties*** will be seeking to show DECEDENT's employer was negligent in some form or fashion to either reduce their percentage of fault and/or reduce INTERVENOR's overall recovery.

Consequently, all parties in this action have interest directly contrary to INTERVENOR, and therefore cannot be relied upon to represent or protect INTERVENOR's interests.

## B.   IN THE ALTERNATIVE, ALL REQUIREMENTS FOR PERMISSIVE INTERVENTION BY RIGHT ARE ALSO SATISFIED.

Rule 24(b) of the Federal Rules of Civil Procedure sets forth the rules for permissive intervention. It provides that, "[o]n timely motion, the court may permit anyone to intervene who...has a claim or defense that shares with the main action a common question of law or fact," and "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  (Id.)

While it is INTERVENOR's contention that as explained above, the elements of intervention by right have all been satisfied, in the alternative, the statutory requirements of permissive intervention are also satisfied.

### 1.   INTERVENOR's Motion is Timely.

For the same reasons discussed in detail above, this Motion was brought in a timely manner.

13

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF INTERVENOR SPORTS ACADEMY, LLC SPORTS ACADEMY / THE HARTFORD ACCIDENT & INDEMNITY COMPANY'S MOTION FOR AN ORDER GRANTING LEAVE TO FILE A COMPLAINT-IN-INTERVENTION

**2.     INTERVENOR's Subrogation Claim Shares a Common Question of Fact and Law with the Action Brought by PLAINTIFFS.**

The requirement that a party seeking to intervene share one common question of law or fact with the main action, is one to be liberally construed. (Fed. R. Civ. P. 24(b); see <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108-1109 (2002) (overruled on other grounds) ("Unlike Rule 24(a), a 'significant protectible interest' is not required by Rule 24(b) for intervention; all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'  Rule 24(b) 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." (Citations omitted).)

PLAINTIFFS allege that their injuries were directly and proximately caused by the negligence of Defendants and Third-Party Defendants.  Since: (1) DECEDENT was within the scope and course of her employment with SPORTS ACADEMY at the time of the January 26, 2020 helicopter crash; and (2) THE HARTFORD became obligated to pay benefits on behalf of DECEDENT and to PLAINTIFFS MAUSER under California Labor Code §§ 3850, *et seq*., as a result of this fatal helicopter crash, the basis for INTERVENOR's claims against all Defendants and Third-Party Defendants arises out of the same set of facts, namely DECEDENT's fatal January 26, 2020 injury during the course and scope of her employment with SPORTS ACADEMY.  Therefore, this element is easily met.

**3.     INTERVENOR's Intervention Will Not Enlarge the Issues in this Litigation and Will Not Unduly Delay or Prejudice the Adjudication of this Action.**

Granting intervention will not unduly delay or prejudice the adjudication of this action and will not change or enlarge the issues in this lawsuit, as INTERVENOR will raise the very same or similar negligence arguments that PLAINTIFFS will or would

14

have raised against all Defendants.  Accordingly, the issues are not expanded for any party to this action. For this reason, the parties will not be prejudiced if INTERVENOR's Motion to intervene is granted.

Furthermore, California courts have stated in dicta that where a defendant is aware of the employer's reimbursement claim at the time of settlement, and fails to obtain an employer's consent to settlement, the third-party tortfeasor enters into settlement "at its own peril" and the settlement is not binding on the employer. (Ventura County Employees' Retirement Association v. Pope, 87 Cal.App.3d 938, 957 (1978); see also McKinnon v. Otis Elevator Co., 149 Cal.App.4th 1125, 1136-1137 (2007).)   The workers' compensation statutory scheme seeks to ensure that "both the employee and the employer recover their due, and, second, that, as far as possible, the third party need only defend one lawsuit." (McKinnon v. Otis Elevator Company, 149 Cal.App.4th at 1130.)

Here, PLAINTIFFS and all Defendants were on notice of INTERVENOR's intent to pursue its subrogation rights prior to and at the time of settlement.  Neither PLAINTIFFS nor Defendants ISLAND EXPRESS HELICOPTERS INC., ISLAND EXPRESS HOLDING CORP., OC HELICOPTERS, LLC, and BERGE ZOBAYAN as Successor in Interest to ARA GEORGE ZOBAYAN (hereinafter referred to as "settling DEFENDANTS") obtained INTERVENOR's written consent to the Notice of Settlement.  Settling DEFENDANTS entered into settlement with PLAINTIFFS "at [their] own peril," and their settlement with PLAINTIFFS is not binding on INTERVENOR. INTERVENOR has a right to proceed against settling DEFENDANTS, as well as against the remaining Defendants in this action, and should be allowed to file its Complaint-In-Intervention in the instant matter because the case has not yet been dismissed and is still pending.  PLAINTIFFS and settling DEFENDANTS' settlement around INTERVENOR while on notice of INTERVENOR's intent to pursue its subrogation rights appears to be in bad faith and

15

in an effort to thwart INTERVENOR's unconditional right to seek reimbursement for workers' compensation benefit payments made on behalf of DECEDENT and to PLAITFFS MAUSER.

Given that INTERVENOR has an unconditional right to intervene in the instant lawsuit, the fact that any Notice of Settlement may have been submitted is not a dismissal of the action and the case is still pending, and thus INTERVENOR may intervene.   INTERVENOR is merely seeking to recover its due, avoid a double recovery by PLAINTIFFS MAUSER, and cause all Defendants, as third parties, to only defend one lawsuit.   Further, all parties have long been on notice such that there is no prejudice.

## III.  CONCLUSION

Based on the foregoing, INTERVENOR must be allowed to file its Complaint-In-Intervention because: (1) it has an unconditional right to pursue subrogation in the instant third-party lawsuit; (2) all parties were on notice that INTERVENOR intended to pursue its subrogation rights in this lawsuit prior to Notice of Settlement; and (3) the settling parties entered into settlement negotiations without notifying or including INTERVENOR.  Accordingly, INTERVENOR respectfully requests this Court grant its Motion for Leave to File Its Complaint-In-Intervention.


DATED: July 8, 2021               Respectfully submitted,

                                  ENGLAND PONTICELLO & ST. CLAIR


                           BY:    /S/ Barry W. Ponticello
                                  BARRY W. PONTICELLO
                                  BRITTANY L. SAUTER
                                  Attorneys for Intervenor,
                                  SPORTS ACADEMY, LLC SPORTS
                                  ACADEMY / THE HARTFORD

16