BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division
DEBRA D. FOWLER VA #30574
Senior Aviation Counsel
Debra.Fowler@usdoj.gov
KARLEEN F. MURPHY CA #197245
Trial Attorney
Karleen.F.Murphy@usdoj.gov
Torts Branch, Civil Division
U.S. Department of Justice
Post Office Box 14271
Washington, DC 20044-4271
Phone: (202) 616-4025
Fax: (202) 616-4002

Attorneys for United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA BRYANT, Individually, and as Successor in Interest to KOBE BRYANT, Deceased; VANESSA BRYANT, as Successor in Interest to GB, a minor, deceased; NATALIA BRYANT, individually as Surviving Child of KOBE BRYANT; BB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT; and CB, a minor, by her Natural Mother and Guardian Ad Litem, VANESSA BRYANT;<br><br>Plaintiffs,<br><br>vs. | Consolidated Case No. 2:20-cv-08953 FMO (PVCx)<br><br>**UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO INTERVENE**<br><br>**Date:** August 12, 2021<br>**Time:** 10:00 a.m.<br>**Dept:** 6D<br>**Judge:** Hon. Fernando M. Olguin |

| | |
|---|---|
| ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; ISLAND EXPRESS HOLDING CORP., a California Corporation; and BERGE ZOBAYAN, as Personal representative of and/or Successor in Interest to ARA GEORGE ZOBAYAN, a California resident; OC HELICOPTERS, LLC a California Limited Liability Company; and DOES 1 through 50, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |
| ISLAND EXPRESS HELICOPTERS, INC., a California Corporation; and ISLAND EXPRESS HOLDING CORP., a California Corporation, | ) ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, and ROES 1 through 50, | ) ) ) |
| Third-Party Defendants. | ) |

The United States of America submits its opposition to SPORTS ACADEMY, LLC SPORTS ACADEMY/THE HARTFORD ACCIDENT AND INDEMNITY COMPANY's (INTERVENOR) Motion to Intervene. ECF 78. Presently, there are no direct or third-party allegations against the United States in this matter and thus, no basis to file a Complaint-in-Intervention with respect to the

United States. Further, even if the Court were to consider the United States a party to this matter, neither Hartford nor its insured, Sports Academy, presented an administrative claim to the Federal Aviation Administration (FAA) concerning this matter, which is a jurisdictional prerequisite to seeking relief from the United States in intervention. Rule 24 of the Federal Rules of Civil Procedure does not create jurisdiction where it does not exist. Because Intervenor failed to present an administrative claim, the Court lacks subject matter jurisdiction and the motion must be denied as to the United States.

I. **Background**

This action for wrongful death arises out of the January 26, 2020 crash of a Sikorsky S-76 helicopter near Calabasas, California. The pilot and his eight passengers died in the crash. As a result of the crash, Plaintiffs filed a wrongful death suit in Los Angeles Superior Court naming the owners/operators of the helicopter, Island Express Helicopters Inc. and Island Express Holding Corp. (IEX), as defendants.

On August 19, 2020, IEX filed a Cross-Complaint for indemnity and declaratory relief naming FAA Air Traffic Controllers as cross defendants. *Mauser* ECF 1-2, Ex. B, Case No. 2:20-cv-08956-FMO-PVC.

United States of America's Opposition to Motion To Intervene — Consolidated Cases 2:20-cv-8953 FMO (PVCx)

On September 30, 2020, the United States timely removed the action pursuant to 28 U.S.C. §§ 1442, 1446 and 2679(d)(2) and substituted itself for the controllers as Third-Party Defendant. *Mauser* ECF 1.

On October 19, 2020, the United States filed a Motion to Dismiss the Third Party Complaint for lack of subject matter jurisdiction. *Mauser* ECF 25. The Court dismissed the Third-Party Plaintiffs' declaratory relief claim and denied the remainder of the motion on May 3, 2021. *Mauser* ECF 47. On May 14, 2021, the United States filed its Answer to the Third Party Complaint. *Mauser* ECF 49.

On May 24, 2021, the Court consolidated the *Bryant*, *Mauser*, *Altobelli*, and *Chester* cases, and ordered the following:

> 4. Plaintiffs shall file a Consolidated Complaint no later than **June 8, 2021**. Plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Consolidated Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("it is well established in our circuit than an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted) (emphasis in original).
>
> 5. Defendants shall file their answers, third party complaints, or Rule 12 motions pursuant to the Federal Rules of Civil Procedure.

*Bryant* ECF 65 (hereinafter all ECF references pertain to the consolidated case).

On June 8, 2021, Plaintiffs filed their Consolidated Complaint which superseded the original complaint.  ECF 67.  Defendants' Answers to the Consolidated Complaint were due on June 29, 2021.  Fed. R. Civ. P. 15(a)(3).  Defendants, however, did not file Answers or any Third-Party Complaints despite the Court's order that the amended pleading would supersede the original pleading with the latter being treated as non-existent.  On June 22, 2021, the Plaintiffs filed a Notice of Settlement which expressly excluded the United States as part of the settlement between the parties.  ECF 72.

On June 28, 2021, the Court entered an order vacating all deadlines applicable to the settling parties.  ECF 74.  The Order states that the United States is to comply with responsive pleading deadlines set forth in its May 24th Order.  *Id.*  Because Defendants did not file Answers or Third-Party Complaints, there are presently no claims or allegations against the United States which require a responsive pleading.

On July 9, 2021, Intervenor filed a Motion for Leave to File a Complaint-in-Intervention to recover for workers' compensation death benefits paid by Hartford for the death of Christina Mauser, a basketball coach employed by the Sports Academy at the time of the crash.  ECF 78.  Intervenor asserts that it has an unconditional right to pursue subrogation in the Third Party lawsuit while at the

same time acknowledging that no Answers were filed in response to the Consolidated Complaint.  ECF 78 at 9:17 and 16:14-15.

As a threshold matter, the Court should deny the motion as to the United States because there is no operative Complaint by any Plaintiffs or a Third Party Complaint by any Third Party Plaintiff on file against the United States upon which to base a Complaint-in-Intervention.

Even if the Court deemed the United States an active Third Party Defendant based on IEX's Third Party Complaint, originally filed in state court, subject matter jurisdiction is lacking because neither Hartford nor its insured, Sports Academy, have presented an administrative claim to the FAA for this accident.[1]  In sum, because Intervenor did not exhaust the administrative claim prerequisites mandated by federal statute, the Court is without jurisdiction to adjudicate its proposed complaint-in-intervention as it pertains to the United States.  28 U.S.C. § 2765.

**II.     Argument**

The United States is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *United*

---

[1] Notably, the *Mauser* Plaintiffs also have not presented an administrative claim, sued the United States, or made any attempt to join the United States in their suit against the Defendants.

*States v. Mitchell*, 463 U.S. 206, 212 (1983).  The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, is a limited waiver of the United States' sovereign immunity for torts and requires "that before [a party] can file an action against the United States in district court, [it] must seek an administrative resolution of [its] claim."  *Holloway v. U.S.*, 2:12-CV-02120-MCE-CKD, 2014 WL 1747467, at *2 (E.D. Cal. Apr. 29, 2014), *aff'd*, 636 F. App'x 965 (9th Cir. 2016) (denying an insurer's motion to intervene where it had not submitted an administrative claim) (citing *Jerves v. U.S.*, 966 F.2d 517, 518 (9th Cir. 1992); 28 U.S.C. §§ 1346(b).

The applicable section of the FTCA specifically provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a).  The purpose of the requirement is "to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts."  *Holloway*, 2014 WL 1747467, at *4 (quoting *Jerves*, 966 F.2d at 520).  While an exception is provided for claims

asserted "by third party complaint, cross-claim, or counterclaim," no exception is provided for claims in intervention. 28 U.S.C. § 2675(a).

The Ninth Circuit "[has] repeatedly held that the [administrative] exhaustion requirement is jurisdictional in nature and must be interpreted strictly." *Holloway*, 2014 WL 1747467, at *2 (quoting *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006)). The FTCA bars claimants from suing in federal court until they have exhausted their administrative remedies. 28 U.S.C. § 2675(a); *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (affirming dismissal of FTCA suit where the plaintiff failed to exhaust administrative remedies prior to filing suit but did so before substantial progress was made in the litigation).

Intervenor's proposed Complaint-in-Intervention asserts jurisdiction is proper pursuant to 28 U.S.C. § 1441(b) (removal) and 28 U.S.C. § 1332(a) (diversity). ECF 78-6 at 5:7-10. The FTCA, however, is the only basis for the Court's jurisdiction over the United States. Intervenor fails to demonstrate or allege that it presented an administrative claim as required prior to bringing a claim against the United States. ECF 78-6. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (district court's dismissal of FTCA claims where the plaintiff's complaint failed to show exhaustion of administrative remedies was appropriate but leave to amend should have been allowed); *see also Gartner v. Sec. & Exch. Comm'n*, 913 F. Supp. 1372, 1381 (C.D. Cal. 1995) (exhaustion of

8

United States of America's Opposition to Motion　　Consolidated Cases 2:20-cv-8953 FMO (PVCx)
To Intervene

administrative remedies should be alleged in the complaint or the court may dismiss for lack of jurisdiction) (citing *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982) and *Gillespie*, 629 F.2d at 640). Indeed, there is no reference to an administrative claim anywhere in Intervenor's motion or Proposed Complaint-in-Intervention. ECF 78, 78-6.

While Rule 24 provides the circumstances under which intervention is proper procedurally, leave to intervene still must be denied if the federal court lacks subject matter jurisdiction over the intervenor's claims. In *Holloway*, the district court rejected the argument of an insurer that it should be allowed to intervene in an FTCA action simply because the California Worker's Compensation Act provided an unconditional right and the requirements of Rule 24 were met. *Holloway*, 2014 WL 1747467, at *2-4. The court concluded that the doctrine of sovereign immunity required it to deny the motion to intervene where the insurer failed to obtain the United States' consent to be sued by availing itself of administrative remedies. *Id.* at *2.

Here, regardless of whether it can meet the Rule 24 requirements, Intervenor has presented no administrative claim and has no independent cause of action. This Court lacks jurisdiction over Intervenor's claim to the extent it seeks relief against the United States and Rule 24 cannot create jurisdiction where it does not

exist.  Fed. R. Civ. P. 82.  ("These rules do not extend or limit the jurisdiction of the district courts . . . .").

### III. Conclusion

Following the filing of the Consolidated Complaint, there remained no operative pleading against the United States.  Therefore, there is no underlying action to support a claim for intervention as it might pertain to the United States.  Even if the Court deemed an operative complaint on file against the United States, Intervenor has not presented an administrative claim as mandated by the FTCA prior to bringing suit against the United States.  As a result, the Court has no subject matter jurisdiction over Intervenor's alleged claim against the United States.  The United States has not waived its sovereign immunity as to the proposed claim in intervention.  For these reasons, the motion to intervene should be denied as to the United States.

Dated:  July 22, 2021

                                      Respectfully submitted,

                                      BRIAN BOYNTON
                                      Acting Assistant Attorney General
                                      Civil Division

                                       */s/ Debra D. Fowler*
                                      DEBRA D. FOWLER
                                      Senior Aviation Counsel
                                      Debra.Fowler@usdoj.gov

KARLEEN F. MURPHY
Trial Attorney
Karleen.F.Murphy@usdoj.gov
Torts Branch, Civil Division
U.S. Department of Justice
Post Office Box 14271
Washington, DC 20044-4271
Tel: (202) 616-4025
Fax: (202) 616-4002

Attorneys for United States

# CERTIFICATE OF SERVICE

I, Karleen F. Murphy, hereby certify that a copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on July 22, 2021. I further certify that said document was served upon each of the following via transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail:

Brad D. Brian, Esquire
Luis Li, Esquire
MUNGER TOLLES & OLSEN LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
(213) 683-9100
brad.brian@mto.com
luis.li@mto.com

Gary C. Robb, Esquire
Anita Porte Robb, Esquire
ROBB & ROBB LLC
One Kansas City Place, Suite 3900
1200 Main Street
Kansas City, MO 64105
gcr@robbrobb.com
apr@robbrobb.com
*Attorneys for Plaintiffs, Vanessa Bryant, et al.*

and

Ross Cunningham, Esquire
Don Swaim, Esquire
D. Todd Parrish, Esquire
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas, Texas  75226

(214) 646-1495
rcunningham@cunninghamswaim.com
dswaim@cunninghamswaim.com
tparrish@cunninghamswaim.com

Michael J. Terhar, Esquire
CUNNINGHAM SWAIM, LLP
2 North Lake Avenue, Suite 550
Pasadena, California 91101
(626) 765-3000
mterhar@cunninghamswaim.com

Todd Worthe, Esquire
WORTH HANSON & WORTHE
1851 E. First Street, 9th Floor
Santa Ana, CA 92705
(714) 285-9600
tworthe@whwlawcorp.com
*Attorneys for Defendants Island Express Helicopters, Inc.
and Island Express Holding Corp.*

and

Arthur I. Willner, Esquire
LEADER BERKON COLAO & SILVERSTEIN LLP
660 South Figueroa Street, Suite 1150
Los Angeles, CA 90017
(213) 234-1750
awillner@leaderberkon.com

Raymond L. Mariani, Esquire
LEADER BERKON COLAO & SILVERSTEIN LLP
630 Third Avenue, Floor 17
New York, NY 10017
(212) 486-2400
rmariani@leaderberkon.com
*Attorneys for Defendant Berge Zobayan
as Successor in Interest for Ara George Zobayan*

United States of America's Opposition to Motion To Intervene     Consolidated Cases 2:20-cv-8953 FMO (PVCx)

TIMOTHY J. RYAN. Esquire
tryan@ryanlg.com
REBEKKA R. MARTORANO, Esquire
rmartorano@ryanlg.com
THE RYAN LAW GROUP
400 Capitol Mall, Suite 2540
Sacramento, California 95814
Telephone: (916) 924-1912
Facsimile: (916) 923-3872
*Attorneys for Defendant OC Helicopters, LLC*

BARRY W. PONTICELLO
bponticello@eps-law.com
BRITTANY L. SAUTER
bsauter@eps-law.com
ENGLAND PONTICELLO & ST. CLAIR
701 "B" Street, Suite 1790
San Diego, CA 92101-8104
Telephone: (619) 255-6450
Facsimile: (619) 255-8981
*Attorneys for INTERVENOR, Sports Academy, LLC Sports Academy/
The Hartford Accident And Indemnity Company*

                          /s/ Karleen F. Murphy
                     Attorney for United States of America