Name _____
Address _____
City, State, Zip _____
Phone _____
Fax _____
E-Mail _____

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☐ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

_____, PLAINTIFF(S),

v.

_____, DEFENDANT(S).

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____.   Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

_____
Date

_____
Signature
☐ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8953 FMO (PVCx) | Date | December 16, 2021 |
|---|---|---|---|
| Title | Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present    None Present

**Proceedings:** (In Chambers) Order Re: Motion for Reconsideration [120]

Having reviewed and considered Proposed Intervenors Sports Academy, LLC Sports Academy and The Hartford Accident and Indemnity Company's ("Proposed Intervenors" or "Sports Academy and Hartford") Motion for Reconsideration [ ] (Dkt. 120, "Motion"), the court concludes as follows.

On November 10, 2021, the court denied Proposed Intervenors' Motion for An Order Granting Leave to File a Complaint-In-Intervention (Dkt. 78, "Motion to Intervene"). (See Dkt. 118, Court's Order of November 10, 2021, at 3). The court concluded that Proposed Intervenors failed to carry their burden for intervention under Rule 24(a) of the Federal Rules of Civil Procedure[1] and Arakaki v. Cayetano, 324 F.3d 1078 (9th Cir. 2003). (See id. 2-3).

In the instant Motion, Proposed Intervenors ask the court to reconsider its order denying their Motion to Intervene pursuant to Rule 54(b). (See Dkt. 120-1, Memorandum of Points & Authorities [ ] ("Memo.") at 7). As an initial matter, the court notes that Rule 54(b) is an improper vehicle for seeking reconsideration here. "Rule 54(b) allows a district court in appropriate circumstances to enter judgment on one or more claims while others remain unadjudicated." Pakootas v. Teck Cominco Metals, Ltd., 905 F.3d 565, 574 (9th Cir. 2018) (footnote omitted). Here, the court has not entered a Rule 54(b) or any type of partial judgment. Although the Bryant plaintiffs' claims were dismissed pursuant to their settlement with defendants, the court has not entered any judgment dismissing those claims. Indeed, the court has not resolved any claims on the merits in this case.

In any event, "[i]n this district, motions for reconsideration are governed by Local Rule 7-18," Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., 568 F.Supp.2d 1152, 1162 (C.D. Cal. 2008), which provides that such a motion

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure unless otherwise indicated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8953 FMO (PVCx) | Date | December 16, 2021 |
|---|---|---|---|
| Title | Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al. | | |

    may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

Local Rule 7-18. A motion for reconsideration pursuant to Local Rule 7-18 must not "repeat any oral or written argument made in support of or in opposition to the original motion." Id. Further, a "motion for reconsideration should not be granted[ ] absent highly unusual circumstances[.]" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." Daghlian v. DeVry Univ., Inc., 582 F.Supp.2d 1231, 1251 (C.D. Cal. 2007).

    Proposed Intervenors contend that the court committed an error of law in denying their Motion to Intervene, (see Dkt. 120-1, Memo. at 7, 12-14), although they do not claim that it was the type of legal error contemplated by Local Rule 7-18. (See, generally, id.). Instead, they contend that "error was made in the original denial of [their Motion to Intervene] because the Court based its determination that the Intervention Motion was untimely on federal procedural law, instead of substantive state law." (See id. at 12). Specifically, Proposed Intervenors argue that the court erred by assessing the timeliness of their Motion to Intervene under Rule 24 rather than California Labor Code § 3853.[2] (See id. at 12-14). In other words, Proposed Intervenors do not challenge the court's analysis regarding whether their Motion to Intervene was timely pursuant to Rule 24. (See, generally, id.).

    The court is unpersuaded by Proposed Intervenors' conclusory assertions that California Labor Code § 3853 is substantive law and should govern for purposes of determining whether their Motion to Intervene was timely. As Proposed Intervenors acknowledge, (see Dkt. 120-1, Memo. at 13), "[u]nder the doctrine of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938), federal courts sitting in diversity must apply the Federal Rules of Civil Procedure." Knievel v. ESPN, 393 F.3d 1068, 1073 (9th Cir. 2005); see also Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 410, 130 S.Ct. 1431, 1444 (2010) ("Shady Grove") ("[I]t is not the substantive or procedural nature or purpose of the affected state law that matters, but the substantive or procedural nature of the Federal Rule."). Proposed Intervenors cite no authority supporting the proposition that California Labor Code § 3853 supplants Rule 24 in deciding the subject motion to intervene. (See, generally, Dkt. 120-1, Memo.).

---

    [2] California Labor Code § 3853 provides, in relevant part, that "[i]f the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8953 FMO (PVCx) | Date | December 16, 2021 |
|---|---|---|---|
| Title | Vanessa Bryant, et al. v. Island Express Helicopters, Inc., et al. | | |

      Moreover, even assuming California Labor Code § 3853 constitutes substantive law, the subject provision nonetheless cannot be enforced because, even in diversity cases such as the one before the court, the Federal Rules apply when the particular rule answers or controls the question in dispute.  See Shady Grove, 559 U.S. at 398, 130 S.Ct. at 1437 (explaining that a Federal Rule that "answers the question in dispute" governs the case over a conflicting state law unless the Federal Rule "exceeds statutory authorization or Congress's rulemaking power"); Burlington N. R. Co. v. Woods, 480 U.S. 1, 4, 107 S.Ct. 967, 969 (1987) (explaining that when a Federal Rule "implicitly . . . 'control[s] the issue' before the court," the Federal Rule "must then be applied if it represents a valid exercise of Congress' rulemaking authority") (citation omitted).  This is true even if the federal rule frustrates a state substantive law or a state procedural rule enacted with a substantive purpose, i.e., to alter "the outcome of that process."[3]  Shady Grove, 559 U.S. at 409, 130 S.Ct. at 1443; see also id. at 410, 130 S.Ct. at 1444 (holding that a Federal Rule regulating procedure applies "regardless of its incidental effect upon state-created rights").

      Based on the foregoing, IT IS ORDERED THAT Sports Academy and Hartford's Motion for Reconsideration [ ] (**Document No. 120**) is **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | gga |

---

    [3]  Because the court finds this is a sufficient basis to deny Proposed Intervenors' Motion, it is unnecessary to reach their additional argument for reconsideration.  (See Dkt. 120-1, Memo. at 15-18.